# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JOSEPH T. CARMACK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 03 12488 PBS** |
| | ) | |
| **NATIONAL RAILROAD PASSENGER** | ) | |
| **CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER AND JURY CLAIM OF DEFENDANT
## NATIONAL RAILROAD PASSENGER CORPORATION IN RESPONSE
## TO PLAINTIFF JOSEPH CARMACK'S COMPLAINT

Defendant, National Railroad Passenger Corporation ("Amtrak"), as and for itself alone, by and through its attorneys, hereby answers Plaintiff Joseph T. Carmack's ("Plaintiff") Complaint as follows:

## I.  NATURE AND HISTORY OF ACTION

1.    Amtrak states that this Paragraph is an introductory paragraph to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, these are denied.

2.    Admitted.

3.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

4.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

## II.  PARTIES, JURISDICTION AND VENUE

5.    Amtrak admits that Plaintiff is a natural person but lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

6.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

7.    Amtrak admits that it is a corporation established under the laws of the United States, has its headquarters at 60 Massachusetts Ave., NE, Washington, D.C., and maintains offices at Two South Station in Boston, Massachusetts, and 30th Street Station, in Philadelphia, Pennsylvania.  Amtrak denies the remaining allegations in this Paragraph.

8.    This Paragraph states a legal conclusion to which no answer is required.

9.    Amtrak admits that some of the alleged events and omissions in Plaintiff's Complaint took place in this jurisdiction, but states that the remaining allegations in this Paragraph present legal conclusions to which no answer is required.

10.   This Paragraph states a legal conclusion to which no answer is required.

11.   Denied.

## III.  BACKGROUND OF COMPLAINT

12.   Admitted.

13.   Amtrak admits that Plaintiff engaged in some union activities, including the filing of some union grievances, but Amtrak lacks knowledge or information sufficient to affirm or deny whether Plaintiff engaged in regular attendance of union meetings, engaged in the preparation of union grievances, or participated in oral or written union discussions.

14.   Admitted.

15.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

16.     Amtrak admits that Plaintiff has reported some alleged mechanical FRA defects of rolling

stock and alleged violations of FRA regulations and that some of these reports were provided

in accordance with Amtrak's Rules and Regulations, but denies the remaining allegations in

this Paragraph.

17.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

18.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

19.     Amtrak admits that Plaintiff endeavored to file a grievance by letter to Mr. O'Malley of

Amtrak on or about March 27, 2000.   Amtrak denies the remaining allegations in this

Paragraph.

20.     This Paragraph contains conclusions of law to which no answer is required.

21.     Amtrak admits that written correspondence took place between Plaintiff and Mr. O'Malley

beginning on or about March 27, 2000 and continuing until at least September 4, 2000

concerning Plaintiff's grievance about Amtrak's policies.   Amtrak lacks knowledge or

information sufficient to affirm or deny the remaining allegations in this Paragraph.

22.     Amtrak admits that Mr. O'Malley and possibly other members of management discussed

matters related to Plaintiff's grievance about Amtrak's policies with Mr. O'Bryan

subsequent to March 27, 2000 but denies the remaining allegations in this Paragraph.

23.     Amtrak admits that Mr. O'Bryan had discussions with Mr. O'Malley and other management

employees of Amtrak concerning Plaintiff's grievance about Amtrak's policies, but denies the remaining allegations in this Paragraph.

24.    Amtrak admits that Mr. DeModena, in his capacity as Division Road Foreman for Amtrak's Commuter Rail Operations met with Plaintiff on or about May  2000 on a train at North Station to which Plaintiff was assigned as a locomotive engineer to discuss Amtrak's attendance policy.  Amtrak denies the remaining allegations in this Paragraph.

25.    Denied.

26.    Amtrak admits that, on or about October 9, 2000, Plaintiff's reports and conduct led to the delay of two commuter rail trains Plaintiff was operating, and that Mr. DeModena and others were made aware of these incidents.   Amtrak denies the remaining allegations in this Paragraph.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Amtrak admits that Mr. DeModena informed Plaintiff that he would recommend that Plaintiff be disciplined for misconduct, but Amtrak denies the remaining allegations in this Paragraph.

34.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

35.    Admitted.

36.    Denied.

37.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

38.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

39.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

40.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

41.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

42.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

43.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

44.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

45.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

46.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

47. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

48. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

49. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

50. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

51. Amtrak admits that from time to time it has permitted certain matters that employees have posted in various locations where other Amtrak employees worked to remain, but has not permitted many others to remain that it deemed to be inappropriate or offensive.  Amtrak denies the remaining allegations in this Paragraph.

52. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

53. Amtrak admits that the Rail Satire appeared to consist of a parody of a portion of Shakespeare's Hamlet, but denies the remaining allegations in this Paragraph.

54. Admitted.

55. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

56. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

57. Denied.

58.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

59.    Denied.

60.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

65.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

66.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

67.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

68.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegation that Plaintiff began grievance proceedings on or about December 15, 2000, but denies the remaining allegations in this Paragraph.

69.    Denied.

70.    Denied with respect to the first sentence. The second sentence of this Paragraph states a legal conclusion to which no answer is required. To the extent this sentence is deemed to

contain factual allegations, these are denied.

71.     Amtrak admits that on or about March 5, 2001 Plaintiff met with Mr. DeModena, but denies the remaining allegations in this Paragraph.

72.     Denied.

73.     Denied.

74.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in the first sentence of this Paragraph.  Amtrak admits that the letter purportedly written by Mr. O'Bryan dated March 11, 2001 complained about and criticized Plaintiff.

75.     Amtrak admits that the letter purportedly written by Mr. O'Bryan to Plaintiff, and which was dated March 11, 2001, referenced the Rail Satire.  Amtrak lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

76.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

77.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

78.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

79.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

80.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

81.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

82.     Denied.

83.     Denied.

### COUNT I:  LIBEL AND DEFAMATION OF CHARACTER; RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

84.     Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

85.     Denied.

86.     Denied.

87.     Denied.

### COUNT II:  SLANDER AND DEFAMATION OF CHARACTER; RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

88.     Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

89.     Denied.

90.     Denied.

### COUNT III:  SLANDER AND DEFAMATION OF CHARACTER; RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

91.     Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

92.     Denied.

93.     Denied.

COUNT IV:  LIBEL AND DEFAMATION OF CHARACTER; RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

94.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

95.    Denied.

96.    Denied.

COUNT V:  LIBEL AND DEFAMATION OF CHARACTER; RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

97.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

98.    Denied.

99.    Denied.

100.    Denied.

COUNT VI:  UTILIZING STANDARDS OF CRITERIA, OR METHODS OF ADMINISTRATION THAT HAVE THE EFFECT OF DISCRIMINATION ON THE BASIS OF DISABILITY:  42 U.S.C. s. 12112 (3)(A)

101.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Admitted except that Ms. Allan's last name is misspelled.

106.    Denied.

10

107.    Amtrak admits that members of the TART committee admitted at some of Amtrak's formal investigation proceedings that the writings that were the basis for the Workplace Violence Complaint against Plaintiff raised concerns about Plaintiff's ability to perform his job safely. Amtrak denies the remaining allegations in this Paragraph.

108.    Amtrak admits that members of the TART stated in formal investigation proceedings that the writings that were part of the basis of the Workplace Violence Complaint needed to be assessed by Amtrak's medical department and medical professionals. Amtrak denies the remaining allegations in this Paragraph.

109.    Denied.

110.    Denied.

111.    Admitted.

112.    Admitted.

113.    Admitted.

114.    Admitted.

115.    Denied.

COUNT VII:  UTILIZING STANDARDS OF CRITERIA, OR METHODS OF ADMINISTRATION THAT PERPETUATE THE DISCRIMINATION OF OTHERS THAT ARE SUBJECT TO COMMON ADMINISTRATIVE CONTROL:  42 U.S.C. s. 12112 (3)(B)

116.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

117.    Denied.

118.    Denied.

119.    Denied.

120.     Denied.

COUNT VIII:  LIMITING, SEGREGATING, OR CLASSIFYING AN EMPLOYEE IN A WAY
THAT ADVERSELY AFFECTS THE OPPORTUNITIES OR STATUS OF SUCH APPLICANT
OR EMPLOYEE BECAUSE OF THE DISABILITY OF SUCH APPLICANT OR EMPLOYEE:
42 U.S.C. s. 12112 (b)(1)

121.     Amtrak hereby realleges and incorporates all its answers contained in the foregoing

         paragraphs of its Answer as if fully set forth herein.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

130.     Admitted except that the medical disqualification was pending a fitness for duty exam.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

COUNT IX:  LIBEL AND DEFAMATION OF CHARACTER; RETALIATION FOR
INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29
U.S.C. 701 (c)(5); INVASION OF PRIVACY: M.G.L.c.214 s.1B UNFAIR INFORMATION
PRACTICES: M.G.L. 66A; DISCLOSURE OF PRIVILIGED COMMUNICATION: M.G.L. c.233
s. 20B

142.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

        paragraphs of its Answer as if fully set forth herein.

143.    Denied.

144.    Denied.

COUNT X:  LIBEL AND DEFAMATION OF CHARACTER;
RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND
COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

145.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

        paragraphs of its Answer as if fully set forth herein.

146.    Denied.

147.    Denied.

COUNT XI:  LIBEL AND DEFAMATION OF CHARACTER;
RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND
COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

148.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

        paragraphs of its Answer as if fully set forth herein.

149.    Denied.

150.  Denied.

151.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

152.  Denied.

153.  Denied.

COUNT XII:  LIBEL AND DEFAMATION OF CHARACTER;
RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND
COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

154.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

155.  Amtrak admits that on or about May 13, 2002, Deborah Gaines issued a decision letter, but

denies the remaining allegations in this Paragraph.

156.  Denied.

COUNT XIII:  EXAMINATIONS AND INQUIRIES DESIGNED TO SCREEN OUT
INDIVIDUALS WITH A DISABILITY, 42 U.S.C. s. 12112 (b)(7); MEDICAL EXAMINATIONS
AND INQUIRIES DESIGNED TO SCREEN OUT AND DISCRIMINATE AGAINST
INDIVIDUALS WITH A DISABILITY, 42 U.S.C.s. 12112(d)(1), 42 U.S.C. s. 12112 (d)(4)
DISRESPECT FOR INDIVIDUAL DIGNITY AND PERSONAL RESPONSIBILITY: 29 U.S.C. s.
701(c)(1); DISRESPECT FOR PRIVACY, RIGHTS AND EQUAL ACCESS: 29 U.S.C. 701 (c)(2);
UNFAIR INFORMATION PRACTICES M.G.L. c. 66a; DISCLOSURE OF PRIVILEGED
MEDICAL COMMUNICATIONS: M.G.L. c. 233 s. 20B,
INVASION OF PRIVACY: M.G.L. c. 214 s.1B.

157.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

158.  Amtrak admits that in the time frame from May to September 2001, it directed, in

accordance with its rules and policies, Plaintiff to take a fitness for duty examination with a

psychiatrist, Dr. Russell Vasile, to determine if Plaintiff was qualified to return to work.

Amtrak denies the remaining allegations in this Paragraph.

159.   Admitted.

160.   Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

161.   Denied.

162.   Admitted with respect to the basis used by Dr. Pinsky to disqualify Plaintiff, but denied with respect to Amtrak.

163.   Admitted with respect to the substantiation of the medical credentials qualifying Dr. Pinsky to disqualify Plaintiff, but denied with respect to Amtrak.

164.   Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

165.   Amtrak admits that it and Dr. Pinsky did not respond to the requests made of Dr. Pinsky referenced in Paragraph 163, but denies the remaining allegations with respect to Paragraph 163.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph relative to the allegations in Paragraph 164.

166.   Denied.

COUNT XIV:  DENIAL OF REQUESTS FOR REASONABLE ACCOMMODATION:
42 U.S.C. s. 12112 (5)(A)

167.   Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

168.   Admitted.

169.   Admitted.

170. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

171. Denied.

172. Denied.

173. Denied.

174. Admitted.

175. Amtrak admits that, on or about July 24, 2001, Mr. O'Malley wrote to Plaintiff refusing to change Amtrak's rules and policies for return to work medical examinations and noted that Plaintiff had refused to cooperate with Dr. Vasile on or about June 27, 2001. Amtrak denies the remaining allegations in this Paragraph.

176. Denied.

COUNT XV: RETALIATION: COERCION, INTERFERENCE AND INTIMIDATION: SABOTAGE OF MITIGATING MEASURES: 42 U.S.C. s. 12112 (5)(B), 42 U.S.C. s. 12203(a), 42 U.S.C. s. 12203 (b)

177. Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

178. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

179. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

180. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

181. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

16

Paragraph.

182.    Amtrak admits that Plaintiff spoke with Dr. Vasile on or about June 27, 2001 voicing his opposition to undergoing any psychiatric examination, but the remaining allegations in this Paragraph are denied.

183.    Amtrak states that it cannot answer this Paragraph because it does not understand what is being alleged.

184.    Denied.

185.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

186.    Denied.

187.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

188.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

189.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

190.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

191.    Denied.

192.    Amtrak admits that on at least one occasion on or between June and September 2001, Dr. Pinksy requested that Dr. Vasile explain in writing what had transpired in his communications with Plaintiff, but Amtrak denies the remaining allegations in this

Paragraph.

193. This Paragraph contains legal allegations to which no answer is required. To the extent this Paragraphs is deemed to contain factual allegations, these are denied.

194. Denied.

195. Denied.

196. Admitted.

197. Amtrak admits that Mr. O'Malley sent Plaintiff a letter notifying him that charges of insubordination had been brought against him, but denies the remaining allegations in this Paragraph.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Admitted.

203. Denied.

COUNT XVI:  LIBEL AND DEFAMATION OF CHARACTER; RETALIATION FOR
INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29
U.S.C. 701 (c)(5); DISCRIMINATION GENERALLY: 42 U.S.C. s. 12112

204. Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

205. Denied.

206. Denied.

All allegations not previously addressed are hereby denied.

Amtrak denies that Plaintiff is entitled to any relief and asks the court to deny any and all such requests made by, or on behalf of, Plaintiff.

## DEFENSES

### FIRST DEFENSE

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation or other time limitations.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred in whole or part by his failure to comply with the procedural or administrative conditions precedent to filing a civil action alleging disability discrimination under M.G.L. c. 151B and 42 U.S.C. 12112.

### FOURTH DEFENSE

Amtrak's policies conform to the requirements of all applicable laws, including, but not limited to, M.G.L. c. 151B, 42 U.S.C. §12112, 42 U.S.C. §12203, 29 U.S.C. §701, M.G.L. c. 214 §1B, M.G.L. c. 66A, and M.G.L. c. 233 §20B.  Moreover, Amtrak's policies are administered in a manner that is consistent with Amtrak's legal obligations.

### FIFTH DEFENSE

Amtrak states that its actions with regard to the allegations contained in Plaintiff's Complaint were reasonable and were taken in good faith for legitimate non-discriminatory business purposes.

## SIXTH DEFENSE

Amtrak states that Plaintiff has not been affected adversely or otherwise damaged by any conduct of Amtrak, or of any person or entity for whose conduct Amtrak is legally responsible or liable.

## SEVENTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by his own actions.

## EIGHTH DEFENSE

If Plaintiff sustained damages or injuries, such damages or injuries were caused by the acts of third persons which Amtrak had no reason to anticipate and of which Amtrak had no knowledge, or over whom Amtrak had no control, and for whose conduct Amtrak is not responsible.

## NINTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of Amtrak.

## TENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any, as claimed.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH DEFENSE

Amtrak's writings and oral statements made with respect to Plaintiff relative to the allegations of libel, slander, and defamation of character in this matter were made in good faith and

without malice.

## FOURTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements did not hold Plaintiff up to scorn and ridicule with respect to a considerable and respectable class in the community.

## FIFTEENTH DEFENSE

Amtrak's alleged defamatory oral statements did not charge Plaintiff with a crime or state that he suffers from certain diseases or prejudice him in his profession.

## SIXTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements were the natural and immediate consequences of Plaintiff's provocative misconduct.

## SEVENTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements did not cause damage to Plaintiff's reputation.

## EIGHTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements were true.

## NINETEENTH DEFENSE

Amtrak is protected from liability for its alleged defamatory writings and statements at the hearing concerning charges of insubordination against Plaintiff were part of a judicial proceeding and are privileged.

## TWENTIETH DEFENSE

The alleged defamatory writings of Deborah Gaines, the hearing officer, in her decision letter concerning the charge of insubordination, were part of a judicial proceeding and are privileged.

## TWENTY-FIRST DEFENSE

The alleged defamatory written statements of Amtrak and/or Delvine Okereke in Amtrak's Position Statement to the Massachusetts Commission Against Discrimination are privileged as documents required to be filed in a judicial proceeding.

## TWENTY-SECOND DEFENSE

Amtrak's oral and written statements pertinent to his allegations in this Complaint were reasonable, were made for legitimate business purposes, and did not violate Plaintiff's privacy rights under M.G.L. c. 214B, or any other statute, regulation, or portion of the Common Law.

## TWENTY-THIRD DEFENSE

Plaintiff's medical condition, disability or perceived disability were not factors in Amtrak's decisions to charge him with insubordination and terminate his employment.

## TWENTY-FOURTH DEFENSE

Plaintiff's alleged individual, systemic or community advocacy were not factors in Amtrak's decisions to charge him with insubordination and terminate his employment.

Amtrak hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case, and hereby reserves its right to assert any such defenses.

**Amtrak respectfully claims a trial by jury of all claims raised in Plaintiff's Complaint, and each defense thereto asserted by Amtrak.**

WHEREFORE, Defendant Amtrak prays that:

a.      Plaintiff take nothing by this action;

b.      The Complaint be dismissed with prejudice in its entirety;

c.      Amtrak be awarded its costs of suit and attorney's fees incurred herein; and

d.      Amtrak be awarded such other and further relief as this Court deems just and proper.

**Respectfully submitted,**
**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER**
**CORPORATION,**
By Its Attorneys,


DATED:      April 14, 2004          s/Stephen E. Hughes
                                    John A. Kiernan (BBO No. 271020)
                                    Stephen E. Hughes (BBO No. 629644)
                                    BONNER KIERNAN TREBACH & CROCIATA
                                    One Liberty Square - 6th Floor
                                    Boston, MA 02109
                                    (617) 426-3900

## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on April 14, 2004 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

_____
Stephen E. Hughes