UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION<br><br>Defendant. | Civil Action No. 03 12488 PBS |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

### Introduction

Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") hereby opposes Plaintiff Joseph T. Carmack's ("Plaintiff") Motion to Amend Complaint and respectfully requests that it be denied. As grounds in support hereof Amtrak states that Plaintiff's Amended Complaint fails to comply with the Federal Rules of Civil Procedure requirement that a pleading consist of a short and simple statement. Defendant requests that this Honorable Court grant Plaintiff leave to further amend his complaint in conformity with the Federal Rules of Civil Procedure.

### Applicable Legal Standard

The Federal Rules of Civil Procedure require that a complaint "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of a claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief the pleader seeks." Fed.R.Civ.P. 8(a). Further, "[e]ach averment of a

pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). Although a pro se complaint is held to "'less stringent standards than formal pleadings drafted by lawyers,'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 255 U.S. 41, 45-46 (1957)), a defendant should not be left to redraft a complaint in order to adequately respond to plaintiff's allegations. See Ford v. Callis, 1987 U.S. Dist. LEXIS 5702, at *3-5 (D. Mass. 1987) (finding a rambling, verbose complaint, numbering forty-four pages and 130 paragraphs neither simple, concise, nor direct); see also Divot Golf Corp. v. Citizens Bank, 2002 U.S. Dist. LEXIS 23447, at *4 n.1 (D. Mass. 2002) ("Because the initial complaint was difficult to understand, the Court ordered plaintiff to rewrite it for clarity. See Fed.R.Civ.P. 8(e)(1).").

### Argument

Plaintiff's complaint, numbering forty pages, 245 paragraphs, and forty-six counts, is not clear, direct, or concise. First, although Plaintiff segregates his allegations in separate counts, the counts are congregated together unnecessarily and in a confusing manner. See, e.g., First Amended Complaint and Demand for Jury Trial, pages 18, 19, 27, and 32 [hereinafter Amended Complaint]. Where there are numerous counts compiled together, the supporting factual paragraphs do not connect all the counts to the facts. Additionally, several counts are repeated on numerous occasions throughout the complaint and alleged in conjunction with other unrelated counts. For instance, libel, slander, and defamation of character are alleged as counts I, VI, VIII, X, XII, XIX, XXV, XXVIII, and XXXI. Plaintiff also realleges each previous factual paragraph within subsequent counts and incorporates those facts as support for those counts. Thus, the Complaint is unclear as to which facts apply to which allegations. Amtrak merely requests that each count be averred separately followed by factual allegations that Plaintiff contends are grounds for such counts.

Inasmuch as Plaintiff's Amended Complaint does not conform to Fed.R.Civ. 8, and is extraordinarily long as confusing, as mentioned above, Amtrak does not feel it should bear the undue burden of time and expense associated with trying to answer the Amended Complaint in this form and requests that Plaintiff's motion be denied until the Complaint has been amended in a more appropriate form. Once that has been done, Amtrak will evaluate the new Motion to Amend the Complaint and the latest proposed Amended Complaint for compliance with the Federal Rules of Civil Procedure and reserves its right to object to any perceived improprieties at that time. Amtrak is not herewith waiving its right to object to any Motion to Amend the Complaint and Amended Complaint.

WHEREFORE, Defendant National Railroad Passenger Corporation respectfully requests that this Honorable Court deny Plaintiff's Motion to Amend Complaint and require Plaintiff to further amend his complaint in conformity with Fed.R.Civ. 8. Additionally, Defendant requests this Court to grant any other relief it may find equitable under the circumstances.

**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER CORPORATION,**
By Its Attorneys,

DATED:    May 13, 2004

_/s/ Stephen E. Hughes_
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

## Certificate of Service

    I, Stephen E. Hughes, hereby certify that I have on May 13, 2004 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

                                                         _/s/ Stephen E. Hughes_
                                                         Stephen E. Hughes