# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH T. CARMACK | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 03 12488 PBS |
| NATIONAL RAILROAD PASSENGER CORPORATION | ) | |
| Defendant. | ) | |

## ANSWER AND JURY CLAIM OF DEFENDANT
## NATIONAL RAILROAD PASSENGER CORPORATION IN RESPONSE
## TO PLAINTIFF JOSEPH CARMACK'S FIRST AMENDED COMPLAINT

Defendant, National Railroad Passenger Corporation ("Amtrak"), as and for itself alone, by and through its attorneys, hereby answers Plaintiff Joseph T. Carmack's ("Plaintiff") First Amended Complaint as follows:

### I.  NATURE AND HISTORY OF ACTION

1.    Amtrak states that this Paragraph is an introductory paragraph to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, these are denied.

2.    Admitted.

3.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

4.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

## II.  PARTIES, JURISDICTION AND VENUE

5.      Amtrak admits that Plaintiff is a natural person but lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

6.      Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

7.      Amtrak admits that it is a corporation established under the laws of the United States, has its headquarters at 60 Massachusetts Ave., NE, Washington, D.C., and maintains offices at Two South Station in Boston, Massachusetts, and 30th Street Station, in Philadelphia, Pennsylvania.  Amtrak denies the remaining allegations in this Paragraph.

8.      This Paragraph states a legal conclusion to which no answer is required.

9.      Amtrak admits that some of the alleged events and omissions in Plaintiff's Complaint took place in this jurisdiction, but states that the remaining allegations in this Paragraph present legal conclusions to which no answer is required.

10.     This Paragraph states a legal conclusion to which no answer is required.

11.     Denied.

## III.  BACKGROUND OF COMPLAINT

12.     Admitted.

13.     Amtrak admits that Plaintiff engaged in some union activities, including the filing of some union grievances, but Amtrak lacks knowledge or information sufficient to affirm or deny whether Plaintiff engaged in regular attendance of union meetings, engaged in the preparation of union grievances, or participated in oral or written union discussions.

14.     Admitted.

15.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

16.     Amtrak admits that Plaintiff has reported some alleged mechanical FRA defects of rolling stock and alleged violations of FRA regulations and that some of these reports were provided in accordance with Amtrak's Rules and Regulations, but denies the remaining allegations in this Paragraph.

17.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

18.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

19.     Amtrak admits that Plaintiff endeavored to file a grievance by letter to Mr. O'Malley of Amtrak on or about March 27, 2000.  Amtrak denies the remaining allegations in this Paragraph.

20.     This Paragraph contains conclusions of law to which no answer is required.

21.     Amtrak admits that written correspondence took place between Plaintiff and Mr. O'Malley beginning on or about March 27, 2000 and continuing until at least September 4, 2000 concerning Plaintiff's grievance about Amtrak's policies.  Amtrak lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

22.     Amtrak admits that Mr. O'Malley and possibly other members of management discussed matters related to Plaintiff's grievance about Amtrak's policies with Mr. O'Bryan subsequent to March 27, 2000 but denies the remaining allegations in this Paragraph.

23.     Amtrak admits that Mr. O'Bryan had discussions with Mr. O'Malley and other management

employees of Amtrak concerning Plaintiff's grievance about Amtrak's policies, but denies the remaining allegations in this Paragraph.

24.     Amtrak admits that Mr. DeModena, in his capacity as Division Road Foreman for Amtrak's Commuter Rail Operations met with Plaintiff on or about May  2000 on a train at North Station to which Plaintiff was assigned as a locomotive engineer to discuss Amtrak's attendance policy.  Amtrak denies the remaining allegations in this Paragraph.

25.     Denied.

26.     Amtrak admits that, on or about October 9, 2000, Plaintiff's reports and conduct led to the delay of two commuter rail trains Plaintiff was operating, and that Mr. DeModena and others were made aware of these incidents.   Amtrak denies the remaining allegations in this Paragraph.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Amtrak admits that Mr. DeModena informed Plaintiff that he would recommend that Plaintiff be disciplined for misconduct, but Amtrak denies the remaining allegations in this Paragraph.

34.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

35.    Admitted.

36.    Denied.

37.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

38.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

39.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

40.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

41.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

42.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

43.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

44.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

45.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

46.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
       Paragraph.

47.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

48.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

49.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

50.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

51.     Amtrak admits that from time to time it has permitted certain matters that employees have posted in various locations where other Amtrak employees worked to remain, but has not permitted many others to remain that it deemed to be inappropriate or offensive.  Amtrak denies the remaining allegations in this Paragraph.

52.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

53.     Amtrak admits that the Rail Satire appeared to consist of a parody of a portion of Shakespeare's Hamlet, but denies the remaining allegations in this Paragraph.

54.     Admitted.

55.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

56.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

57.     Denied.

58.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

59.     Denied.

60.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

65.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

66.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

67.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

68.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegation that Plaintiff began grievance proceedings on or about December 15, 2000, but denies the remaining allegations in this Paragraph.

69.     Denied.

70.     Denied with respect to the first sentence.  The second sentence of this Paragraph states a legal conclusion to which no answer is required.  To the extent this sentence is deemed to

contain factual allegations, these are denied.

71.     Amtrak admits that on or about March 5, 2001 Plaintiff met with Mr. DeModena, but denies the remaining allegations in this Paragraph.

72.     Denied.

73.     Denied.

74.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in the first sentence of this Paragraph.  Amtrak admits that the letter purportedly written by Mr. O'Bryan dated March 11, 2001 complained about and criticized Plaintiff.

75.     Amtrak admits that the letter purportedly written by Mr. O'Bryan to Plaintiff, and which was dated March 11, 2001, referenced the Rail Satire.  Amtrak lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

76.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

77.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph

78.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

79.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

80.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

81.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

82.    Denied.

83.    Denied.

COUNT I:  LIBEL AND DEFAMATION OF CHARACTER

84.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

85.    Denied.

86.    Denied.

87.    Denied.

COUNT II:  RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

88.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

89.    Denied.

COUNT III:  INVASION OF PRIVACY

90.    [There is no Paragraph No. 90 in Plaintiff's Amended Complaint]

91.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

92.    Denied.

93.    Denied.

COUNT IV:  PERSONAL INJURY:  FEDERAL EMPLOYERS LIABILITY ACT, 45 U.S.C. s. 51 et seq.

94.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

95.    Amtrak admits that it engaged in commerce while operating a railroad within Massachusetts that is connected to other railway services operated by Amtrak in other portions of the United States.  Amtrak denies the remaining allegations in this Paragraph.

96.    Amtrak admits that it engaged in commerce while operating a railroad within Massachusetts that is connected to other railway services operated by Amtrak in other portions of the United States at all times relevant to this complaint.  Amtrak denies the remaining allegations in this Paragraph.

97.    Amtrak admits that Plaintiff was employed by Amtrak on April 11, 2001, but denies the remaining allegations in this Paragraph.

98.    Denied.

99.    Denied.

### COUNT V:  UNFAIR LABOR PRACTICES, 45 U.S.C. s. 151 et. seq.

100.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

101.    Denied.

### COUNT VI:  SLANDER AND DEFAMATION OF CHARACTER; COUNT VII: RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

102.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

103.    Denied.

104.    Denied.

COUNT VIII:  SLANDER AND DEFAMATION OF CHARACTER; COUNT IX:
RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY
INVOLVEMENT: 29 U.S.C. 701(c)(5)

105.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

106.    Denied.

107.    Denied.

COUNT X:  LIBEL AND DEFAMATIONOF CHARACTER; COUNT XI: RETALIATION FOR
INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29
U.S.C. 701(c)(5)

108.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

109.    Denied.

110.    Denied.

COUNT XII:  LIBEL AND DEFAMATION OF CHARACTER; COUNT XIII:
RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND
COMMUNITY INVOLVEMENT:  29 U.S.C. 701 (c)(5); COUNT XIV:
DISCRIMINATION ON THE BASIS OF RELIGION: 42 U.S.C. s. 2000e

111.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

112.    Denied.

113.    Denied.

114.    Denied.

COUNT XV: UTILIZING STANDARDS OF CRITERIA, OR METHODS OF
ADMINISTRATION THAT HAVE THE EFFECT OF DISCRIMINATION ON THE BASIS OF
DISABILITY: 42 U.S.C. s. 12112 (3)(A); COUNT XVI: UTILIZING STANDARDS OF
CRITERIA OR METHODS OF ADMINISTRATION THAT HAVE THE EFFECT OF
DISCRIMINATION ON THE BASIS OF RELIGION: 42 U.S.C. s. 2000e

115.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

        paragraphs of its Answer as if fully set forth herein.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Admitted except that Ms. Allan's last name is misspelled.

120.    Denied.

121.    Amtrak admits that members of the TART committee admitted at some of Amtrak's formal

        investigation proceedings that the writings that were the basis for the Workplace Violence

        Complaint against Plaintiff raised concerns about Plaintiff's ability to perform his job safely.

        Amtrak denies the remaining allegations in this Paragraph.

122.    Amtrak admits that members of the TART stated in formal investigation proceedings that the

        writings that were part of the basis of the Workplace Violence Complaint needed to be

        assessed by Amtrak's medical department and medical professionals.  Amtrak denies the

        remaining allegations in this Paragraph.

123.    Denied.

124.    Denied.

125.    Admitted.

126.    Admitted.

127.    Admitted.

128.    Admitted.

129.    Denied.

COUNT XVII:  UTILIZING STANDARDS OF CRITERIA, OR METHODS OF
ADMINISTRATION THAT PERPETUATE THE DISCRIMINATION OF OTHERS THAT ARE
SUBJECT TO COMMON ADMINISTRATIVE CONTROL:  42 U.S.C. s. 12112 (3)(B)

130.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

COUNT XVIII:  LIMITING, SEGREGATING, OR CLASSIFYING AN
EMPLOYEE IN A WAY THAT ADVERSELY AFFECTS THE OPPORTUNITIES OR
STATUS OF SUCH APPLICANT OR EMPLOYEE BECAUSE OF THE DISABILITY
OF SUCH APPLICANT OR EMPLOYEE:  42 U.S.C. s. 12112 (b)(1)

135.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Admitted except that the medical disqualification was pending a fitness for duty exam.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

COUNT XIX:  LIBEL AND DEFAMATION OF CHARACTER; COUNT XX:  RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5); COUNT XXI:  INVASION OF PRIVACY: M.G.L.c.214 s.1B; COUNT XXII: UNFAIR INFORMATION PRACTICES: M.G.L. 66A; COUNT XXIII:  DISCLOSURE OF PRIVILIGED COMMUNICATION: M.G.L. c.233 s. 20B; COUNT XXIV:  PERSONAL INJURY: 45 U.S.C. s.51 et seq.

156.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

        paragraphs of its Answer as if fully set forth herein.

157.    Denied.

158.    Denied.

COUNT XXV: LIBEL AND DEFAMATION OF CHARACTER; COUNT XXVI:
RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND
COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5);
COUNT XXVII: UNFAIR LABOR PRACTICE, 45 U.S.C. s. 151 et seq.

159.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

        paragraphs of its Answer as if fully set forth herein.

160.    Denied.

161.    Denied.

COUNT XXVIII: LIBEL AND DEFAMATION OF CHARACTER;
COUNT XXIX: RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND
COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5);
COUNT XXX: UNFAIR LABOR PRACTICE, 45 U.S.C. s.151 et seq.

162.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

        paragraphs of its Answer as if fully set forth herein.

163.    Denied.

164.    Denied.

165.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

        Paragraph.

166.    Denied.

167.    Denied.

COUNT XXXI: LIBEL AND DEFAMATION OF CHARACTER;
COUNT XXXII: RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND
COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5)

168.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

        paragraphs of its Answer as if fully set forth herein.

189.    [Amtrak notes that the numbering of the Complaint has jumped inexplicably from 168 to

189, skipping 20 numbers] Amtrak admits that on or about May 13, 2002, Deborah Gaines

issued a decision letter, but denies the remaining allegations in this Paragraph.

190.    Denied.

COUNT XXXIII:  EXAMINATIONS AND INQUIRIES DESIGNED TO SCREEN OUT
INDIVIDUALS WITH A DISABILITY, 42 U.S.C. s. 12112 (b)(7);
COUNT XXXIV: MEDICAL EXAMINATIONS AND INQUIRIES DESIGNED TO
SCREEN OUT AND DISCRIMINATE AGAINST INDIVIDUALS WITH A
DISABILITY, 42 U.S.C.s. 12112(d)(1), 42 U.S.C. s. 12112 (d)(4);
COUNT XXXV:  DISRESPECT FOR INDIVIDUAL DIGNITY AND PERSONAL
RESPONSIBILITY: 29 U.S.C. s. 701(c)(1);
COUNT XXXVI: DISRESPECT FOR PRIVACY, RIGHTS AND EQUAL ACCESS: 29 U.S.C.
701 (c)(2);
COUNT XXXVII: UNFAIR INFORMATION PRACTICES M.G.L. c. 66a;
COUNT XXIII: DISCLOSURE OF PRIVILEGED MEDICAL COMMUNICATIONS: M.G.L. c.
233 s. 20B,
COUNT XXXVIII: INVASION OF PRIVACY: M.G.L. c. 214 s.1B.

191.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

192.    Amtrak admits that in the time frame from May to September 2001, it directed, in

accordance with its rules and policies, Plaintiff to take a fitness for duty examination with a

psychiatrist, Dr. Russell Vasile, to determine if Plaintiff was qualified to return to work.

Amtrak denies the remaining allegations in this Paragraph.

193.    Admitted.

194.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

195.    Denied.

196.    Admitted with respect to the basis used by Dr. Pinsky to disqualify Plaintiff, but denied with

respect to Amtrak.

197.  Admitted with respect to the substantiation of the medical credentials qualifying Dr. Pinsky to disqualify Plaintiff, but denied with respect to Amtrak.

198.  Amtrak states that it cannot answer the allegations in this Paragraph because Paragraph 198 references "Plaintiff's Requests to Pinsky in Paragraphs 163, 162, and 1694," yet these Paragraphs contain no references to requests from Plaintiff to Pinsky.

199.  Amtrak states that it cannot answer the allegations in this Paragraph because Paragraph 199 references "requests made of Defendant and Pinsky in allegations 163 to 164," yet these Paragraphs contain no references to requests made of Defendant and Pinsky.

200.  Denied.

### COUNT XXXIX:  HARASSMENT AND DENIAL OF REQUESTS FOR REASONABLE ACCOMMODATION:  42 U.S.C. s. 12112 (5)(A); XL: NEGLIGENCE: 45 U.S.C. s.51 et seq.

201.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

202.  Admitted.

203.  Admitted.

204.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

205.  Denied.

206.  Denied.

207.  Denied.

208.  Admitted.

209.  Amtrak admits that, on or about July 24, 2001, Mr. O'Malley wrote to Plaintiff refusing to

change Amtrak's rules and policies for return to work medical examinations and noted that Plaintiff had refused to cooperate with Dr. Vasile on or about June 27, 2001.  Amtrak denies the remaining allegations in this Paragraph.

210.  Denied.

COUNT XLI: RETALIATION: COERCION, INTERFERENCE AND INTIMIDATION:
SABOTAGE OF MITIGATING MEASURES: 42 U.S.C. s. 12112 (5)(B),
COUNT XLII: 42 U.S.C. s. 12203(a), COUNT XLIII: 42 U.S.C. s. 12203 (b)

211.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

212.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

213.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

214.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

215.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

216.  Amtrak admits that Plaintiff spoke with Dr. Vasile on or about June 27, 2001 voicing his opposition to undergoing any psychiatric examination, but the remaining allegations in this Paragraph are denied.

217.  Amtrak states that it cannot answer this Paragraph because it does not understand what is being alleged.

218.  Denied.

219.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

220.    Denied.

221.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

222.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

223.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

224.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

225.    Denied.

226.    Amtrak admits that on at least one occasion on or between June and September 2001, Dr. Pinksy requested that Dr. Vasile explain in writing what had transpired in his communications with Plaintiff, but Amtrak denies the remaining allegations in this Paragraph.

227.    This Paragraph contains legal allegations to which no answer is required.  To the extent this Paragraphs is deemed to contain factual allegations, these are denied.

228.    Denied.

229.    Denied.

230.    Admitted.

231.    Amtrak admits that Mr. O'Malley sent Plaintiff a letter notifying him that charges of

insubordination had been brought against him, but denies the remaining allegations in this Paragraph.

232.  Denied.

233.  Denied.

234.  Denied.

235.  Denied.

236.  Admitted.

237.  Denied.

COUNT XLIV:  LIBEL AND DEFAMATION OF CHARACTER; RETALIATION FOR INDIVIDUAL AND SYSTEMIC ADVOCACY AND COMMUNITY INVOLVEMENT: 29 U.S.C. 701 (c)(5); COUNT XLV: DISCRIMINATION GENERALLY: 42 U.S.C. s. 12112

238.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

239.  Denied.

240.  Denied.

COUNT XLVI: HARASSMENT, WRONGFUL DISCHARGE AND COERCION IN VIOLATION OF PUBLIC POLICY:  FREE SPEECH AND RELIGION DISCRIMINATION ON THE BASIS OF RELIGION: 42 U.S.C. 2000e

241.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

242.  Denied.

243.  Denied.

244.  Denied.

245.    Denied.

All allegations not previously addressed are hereby denied.

Amtrak denies that Plaintiff is entitled to any relief and asks the court to deny any and all such requests made by, or on behalf of, Plaintiff.

## **DEFENSES**

### FIRST DEFENSE

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation or other time limitations.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred in whole or part by his failure to comply with the procedural or administrative conditions precedent to filing a civil action alleging disability discrimination under M.G.L. c. 151B and 42 U.S.C. 12112.

### FOURTH DEFENSE

Amtrak's policies conform to the requirements of all applicable laws, including, but not limited to, M.G.L. c. 151B, 42 U.S.C. §12112, 42 U.S.C. §12203, 29 U.S.C. §701, M.G.L. c. 214 §1B, M.G.L. c. 66A, M.G.L. c. 233 §20B, 45 U.S.C. s.51 et seq., 45 U.S.C. s.151 et seq., and 42 U.S.C. s. 2000e.  Moreover, Amtrak's policies are administered in a manner that is consistent with Amtrak's legal obligations.

### FIFTH DEFENSE

Amtrak states that its actions with regard to the allegations contained in Plaintiff's Complaint

were reasonable and were taken in good faith for legitimate non-discriminatory business purposes.

## SIXTH DEFENSE

Amtrak states that Plaintiff has not been affected adversely or otherwise damaged by any conduct of Amtrak, or of any person or entity for whose conduct Amtrak is legally responsible or liable.

## SEVENTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by his own actions.

## EIGHTH DEFENSE

If Plaintiff sustained damages or injuries, such damages or injuries were caused by the acts of third persons which Amtrak had no reason to anticipate and of which Amtrak had no knowledge, or over whom Amtrak had no control, and for whose conduct Amtrak is not responsible.

## NINTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of Amtrak.

## TENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any, as claimed.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH DEFENSE

Amtrak's writings and oral statements made with respect to Plaintiff relative to the allegations of libel, slander, and defamation of character in this matter were made in good faith and without malice.

## FOURTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements did not hold Plaintiff up to scorn and ridicule with respect to a considerable and respectable class in the community.

## FIFTEENTH DEFENSE

Amtrak's alleged defamatory oral statements did not charge Plaintiff with a crime or state that he suffers from certain diseases or prejudice him in his profession.

## SIXTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements were the natural and immediate consequences of Plaintiff's provocative misconduct.

## SEVENTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements did not cause damage to Plaintiff's reputation.

## EIGHTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements were true.

## NINETEENTH DEFENSE

Amtrak is protected from liability for its alleged defamatory writings and statements at the hearing concerning charges of insubordination against Plaintiff because they were part of a judicial proceeding and are privileged.

## TWENTIETH DEFENSE

The alleged defamatory writings of Deborah Gaines, the hearing officer, in her decision letter concerning the charge of insubordination, were part of a judicial proceeding and are privileged.

### TWENTY-FIRST DEFENSE

The alleged defamatory written statements of Amtrak and/or Delvine Okereke in Amtrak's Position Statement to the Massachusetts Commission Against Discrimination are privileged as documents required to be filed in a judicial proceeding.

### TWENTY-SECOND DEFENSE

Amtrak's oral and written statements pertinent to his allegations in this Complaint were reasonable, were made for legitimate business purposes, and did not violate Plaintiff's privacy rights under M.G.L. c. 214B, or any other statute, regulation, or portion of the Common Law.

### TWENTY-THIRD DEFENSE

Plaintiff's medical condition, disability or perceived disability were not factors in Amtrak's decisions to charge him with insubordination and terminate his employment.

### TWENTY-FOURTH DEFENSE

Plaintiff's alleged individual, systemic or community advocacy were not factors in Amtrak's decisions to charge him with insubordination and terminate his employment.

### TWENTY-FIFTH DEFENSE

Amtrak denies it was negligent in any way.

### TWENTY-SIXTH DEFENSE

Amtrak states that if it was negligent, as alleged in Plaintiff's Complaint, which negligence it denies, then such negligence was not the cause of Plaintiff's alleged injuries or damages.

## TWENTY-SEVENTH DEFENSE

Plaintiff was guilty of contributory negligence and the damages, if any, recovered by him from Amtrak should be reduced in proportion to Plaintiff's negligence in accordance with 45 U.S.C. Sec. 53.

## TWENTY-EIGHTH DEFENSE

Plaintiff committed a violation of a job regulation which contributed to the injury or damage complained of.

## TWENTY-NINTH DEFENSE

Plaintiff received no physical injury or threat of physical injury from Amtrak's actions and therefore can effect no recovery under 45 U.S.C. Sec. 51 et seq.

## THIRTIETH DEFENSE

Plaintiff cannot prevail in this action because Amtrak's alleged acts or omissions were not the proximate cause of Plaintiff's alleged injuries.

## THIRTY-FIRST DEFENSE

Plaintiff cannot prevail in this action because he was not injured in the scope and course of his employment.

## THIRTY-SECOND DEFENSE

Plaintiff's injuries, if any, were merely an aggravation of a preexisting condition and the damages, if any, recovered by him from Amtrak should be reduced by the amount of damages which would have resulted due to the preexisting condition if there had been no aggravation.

## THIRTY-THIRD DEFENSE

Amtrak has not retaliated against Plaintiff for labor activities.

### THIRTY-FOURTH DEFENSE

Amtrak has not limited Plaintiff's freedom of association or his participation in a labor organization and therefore Plaintiff cannot prevail under a claim of violation of the Railway Labor Act 45 U.S.C. Sec. 151 et seq.

### THIRTY-FIFTH DEFENSE

Plaintiff has not alleged any violation of the agreement between his former union, the Brotherhood of Locomotive Engineers ("BLE") and Amtrak and therefore cannot prevail under a claim of violation of the Railway Labor Act 45 U.S.C. Sec. 151 et seq.

### THIRTY-SIXTH DEFENSE

Amtrak took no action with respect to Plaintiff's religion at any time and Amtrak denies it acted with any discriminatory or unlawful intent at any time with respect to discrimination against Plaintiff on the basis of religion.

### THIRTY-SEVENTH DEFENSE

Plaintiff's bona fide religious beliefs, if any, have not conflicted with one or more of Amtrak's employment requirements.

### THIRTY-EIGHTH DEFENSE

Plaintiff never informed Amtrak of his bona fide religious beliefs and of the conflict with one or more of Amtrak's employment requirements.

### THIRTY-NINTH DEFENSE

Plaintiff was not discharged or otherwise discriminated against for failing to comply with an Amtrak employment requirement that conflicted with his bona fide religious beliefs.

### FORTIETH DEFENSE

Plaintiff has failed to present a prima facie case of discrimination on the basis of religion.

### FORTY-FIRST DEFENSE

Accommodation of Plaintiff's alleged religious beliefs would constitute an undue burden upon Amtrak.

Amtrak hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case, and hereby reserves its right to assert any such defenses.

**Amtrak respectfully claims a trial by jury of all claims raised in Plaintiff's Complaint, and each defense thereto asserted by Amtrak.**

WHEREFORE, Defendant Amtrak prays that:

a.    Plaintiff take nothing by this action;

b.    The Complaint be dismissed with prejudice in its entirety;

c.    Amtrak be awarded its costs of suit and attorney's fees incurred herein; and

d.    Amtrak be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,
**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER**
**CORPORATION,**
By Its Attorneys,


DATED:        June 18, 2004              s/Stephen E. Hughes
                                         John A. Kiernan (BBO No. 271020)
                                         Stephen E. Hughes (BBO No. 629644)
                                         BONNER KIERNAN TREBACH & CROCIATA
                                         One Liberty Square - 6th Floor
                                         Boston, MA 02109
                                         (617) 426-3900


## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on June 18, 2004 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

                                         s/Stephen E. Hughes
                                         Stephen E. Hughes

28