UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 NOV -2  P 1: 27

US DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Joseph T. Carmack                              ) | Civil Action No. 03-12488-PBS |
|       Plaintiff, Pro Se ) | |
| v.                                                      ) | OFFER OF SETTLEMENT |
| The National Railroad Passenger        ) | |
| Corporation                                        ) | |
|       Defendant        ) | |
| _____) | |

Offer of Settlement

To: Defendant National Railroad Passenger Corporation (NRPC or Amtrak),

Plaintiff, Pro Se, Joseph T. Carmack offers settlement of claims against Defendant contingent on the following conditions:

1. Defendant will allow Plaintiff to be restored to service as Locomotive Engineer in Commuter Service on Massachusetts Bay Transportation Authority (MBTA) with full back pay and full seniority rights in accordance with collective bargaining agreements between NRPC and the Brotherhood of Locomotive Engineers (BLE), collective bargaining agreements between Massachusetts Bay Commuter Rail (MBCR) and BLE and the 2001 Amtrak/BLE seniority roster.

2. Defendant will allow Plaintiff to be restored to service as Locomotive Engineer in Commuter Service on MBTA on or before January 3, 2005 allowing for 30 days notice to Plaintiff of date of restoration.

3. Defendant will pay full back pay to Plaintiff to be calculated in accordance with hours and days of Plaintiff's assignment with Defendant on May 3, 2001; and hourly rate will be based on governing rate for the calendar day in accordance with BLE collective bargaining agreement governing commuter service on MBTA on the day being tabulated.

4. Defendant will pay Plaintiff to re-qualify and re-certify on all commuter service routes on MBTA and pay will be based on the passenger engineer rate established by collective bargaining agreement between MBCR and BLE.

5. Plaintiff will be permitted the same period of time to re-qualify and re-certify as required of Plaintiff by Defendant when Plaintiff initially qualified and certified on all MBTA routes during the period from December 1996 through May 1998 (18 months).

This time period to re-certify and re-qualify may be changed by mutual agreement between Plaintiff and Defendant.

6. Plaintiff will return to work with fully accumulated engineer's vacation allowance in accordance with 25 years continuous service (from October 8, 1979).

7. Defendant will rescind all claims of workplace violence known or unknown against Plaintiff.

8. Defendant will rescind all claims of insubordination known or unknown against Plaintiff.

9. Defendant agents DeModena, DePhillips and Green will apologize in writing to Plaintiff for charges of workplace violence against Plaintiff or said agents will be terminated in all capacities of employment with Defendant or MBCR.

10. Dr. Tim Pinsky will be terminated in all capacities from service with Defendant.

11. Defendant's medical disqualification of Plaintiff from service will be rescinded.

This Settlement offer is made pursuant to section (C) of Local Rule 16.1 Local Federal Rules of Civil Procedure of United States District Court of the District of Massachusetts and Rule 408 of the Federal Rules of Evidence; and this settlement offer is not to be taken as a release of any claim of liability or wrongdoing against Defendant National Railroad Passenger Corporation.

This offer shall remain open for ten days after scheduling conference scheduled for November 9, 2004.

Date: October 26, 2004

Joseph T. Carmack
Pro Se
398 Columbus Ave. PMB 130
Boston, MA  02116-6008
PH: 617/536-0772

### Certificate of Service

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by first class mail, postage prepaid, to: Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA  02109.           Date: October 27, 2004
Joseph T. Carmack, Plaintiff, Pro Se.