## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JOSEPH T. CARMACK** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 03 12488 PBS** |
| **NATIONAL RAILROAD PASSENGER CORPORATION** | ) | |
| **Defendant.** | ) | |

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S STATEMENT OF INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 26(a)(1) and LOCAL RULE 26.2

Defendant, National Railroad Passenger Corporation ("Amtrak"), makes the following initial disclosures to Plaintiff, Joseph T. Carmack ("Plaintiff"), pursuant to Fed.R.Civ.P. 26(a)(1) and LR 26.2(A):

**(A)  Persons Likely To Have Discoverable Information in Support of Amtrak's Defenses:**

(1)  **Current Amtrak Employees**

The following employees work for Amtrak. Their names and work locations are provided solely subject to the understanding that Plaintiff and any counsel he may retain will make all contact with these persons through counsel for Amtrak.

1. Lou DePhillips, New England Director of Labor Relations, 2 South Station, Boston, MA.
2. Robert Smith, Amtrak Police Inspector for New England, 50 University Avenue, Westwood, MA.
3. Suzanne Allan, Human Resources Director, New England, 253 Summer Street, Boston, MA.

4.    Timothy Pinsky, M.D., Amtrak Eastern Division, 30th Street Station, Philadelphia, PA.

5.    Patrick Dougherty, Amtrak Labor Relations Representative, 30th Street Station, Philadelphia, PA.

(2)    **Employees of Massachusetts Bay Commuter Rail**

The following persons were employed by Amtrak at relevant times in this matter and are currently employed by the Massachusetts Bay Commuter Rail ("MBCR"), headquartered at 89 South Street, Boston, MA 02110. Mr. O'Malley, Mr. DeModena, and Mr. Rae are represented by Amtrak as former employees and should only be contacted through Amtrak's legal counsel.

1.    Michael O'Malley, Director of Transportation, 89 Canal Street, Boston, MA.

2.    Gerard DeModena, General Road Foreman, 2 South Station, Boston, MA.

3.    William Rae, Senior Trainmaster, 2 South Station, Boston, MA.

All of the persons identified in subparagraphs (1) and (2) of Paragraph (A), were either supervisors of Plaintiff, members of the Threat Assessment Response Team at Amtrak (known as "T.A.R.T."), which evaluated the workplace violence complaint of Mr. DeModena, including the "Letters from Hell" written and disseminated by Plaintiff, and/or members of Amtrak's Labor Relations Department. These individuals will testify about events leading to Plaintiff's suspension (with pay) in May 2001 for threatening conduct, his failure to undergo a psychiatric examination, charges brought against him for insubordination, and the union grievance hearings held in 2002, including the hearing held before the Public Law Board, which led to the termination of his employment.

(3)    **Other Witnesses**

1.    Deborah Gaines was an independent contractor retained by Amtrak to preside over union grievance hearings. She is employed by the New York City Mayor's Office of Labor Relations at 40 Rector Street, New York City, New York. Ms. Gaines will testify to the nature of her work for Amtrak and the neutral and objective nature of the union grievance hearing relative to Plaintiff over which she presided in April and May 2002.

2.    Dr. Vasile is an independent psychiatrist who was retained by Amtrak to conduct

a psychiatric examination of Plaintiff to help determine if Plaintiff could safely return to his duties as a locomotive engineer. His office is located at 25 Bay State Road, Suite 1, Boston, MA. He will testify as to his understanding of what he was expected to do relative to the psychiatric examination of Plaintiff, his communications with Amtrak about Plaintiff, and his recollection of his interactions with Amtrak, Plaintiff, and Michael O'Bryan, Plaintiff's union representative.

**(B)     Description of Documents that May Support Amtrak's Defenses:**

1.     Plaintiff's Personnel File.
2.     Plaintiff's Department Files.
3.     Plaintiff's Labor Files.
4.     Plaintiff's Discipline Files from Amtrak.
5.     Plaintiff's relevant Payroll records.
6.     Agreement between Amtrak and the Brotherhood of Locomotive Engineers.
7.     Amtrak's Standards of Excellence.
8.     Amtrak's Rules of Conduct.
9.     Amtrak's Workplace Violence Policy.
10.    Amtrak EEO Handbook.
11.    Amtrak letter to employees from Business Diversity Department dated December 28, 1999.
12.    Amtrak harassment policy distributed to employees on December 28, 1999.
13.    Amtrak letter to employees from Business Diversity Department dated February 11, 2000 concerning Dispute Resolution Office.
14.    Amtrak Dispute Resolution Office brochure.
15.    Amtrak Equal Opportunity/Affirmative Action Policy, dated April 1, 2001.
16.    Amtrak President's Equal Employment Opportunity Statements dated February 1, 1999; April 1, 2000; and April 24, 2001.
17.    Letter from Michael O'Bryan to Plaintiff dated March 11, 2001.
18.    Letters from Hell and other documents found by Gerard DeModena in his office on or about April 11, 2001.
19.    Mr. DeModena's T.A.R.T. report dated April 11, 2001.
20.    E-mail dated May 3, 2001 from Marianne Letterio to Mr. O'Malley and Mr. DeModena.
21.    Letter from Mr. O'Malley to Plaintiff, dated May 4, 2001.
22.    Letter from Mr. O'Bryan to Mr. O'Malley, dated May 8, 2001.
23.    Letter from Mr. O'Malley to Mr. O'Bryan, dated May 15, 2001.
24.    Letter from Mr. O'Malley to Plaintiff, dated May 17, 2001.
25.    Letter from Mr. O'Bryan to Mr. O'Malley, dated May 28, 2001.
26.    Letter from Dr. Vasile to Marianne Letterio, dated June 5, 2001.
27.    E-mail from Marianne Letterio to Mr. O'Malley, dated June 5, 2001.
28.    Letter from Mr. O'Malley to Plaintiff, dated June 8, 2001.
29.    Letter from Plaintiff to Mr. O'Malley, dated June 14, 2001.
30.    Letter from Mr. O'Malley to Mr. O'Bryan, dated June 21, 2001.
31.    Letter from Dr. Vasile to Dr. Pinsky, dated July 16, 2001.

32.    Letter from Mr. O'Malley to Plaintiff, dated July 24, 2001.
33.    Letter from Dr. Vasile to Dr. Pinsky, dated August 28, 2001.
34.    E-mail from Marilyn McCouch to Mr. O'Malley, dated September 5, 2001.
35.    Letter from Mr. O'Malley to Plaintiff, dated September 10, 2001.
36.    Plaintiff's Charge of Discrimination filed with MCAD, dated February 5, 2002.
37.    Amtrak's Position Statement filed with MCAD.
38.    Plaintiff's Rebuttal filed with MCAD.
39.    MCAD Notice of Dismissal, dated May 13, 2002.
40.    MCAD Denial of Plaintiff's Appeal, dated November 25, 2002.

Amtrak reserves the right to identify further documents that may support its defense due to information learned during discovery or in response to Plaintiff's evidence presented at trial.

**(C)     Computation Of Damages**

At this time, the only documents in Amtrak's possession that may bear on computation of damages have been referenced in Paragraph B.

**(D)     Insurance Agreement**

Defendant states that it is self-insured and has no insurance agreement which may be liable to satisfy part or all of any judgment that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment.

Defendant shall supplement this statement should additional information become available.

                              **DEFENDANT,**
                              **NATIONAL    RAILROAD    PASSENGER**
                              **CORPORATION**
                              By Its Attorneys,


DATED:  December 9, 2004          s/Stephen E. Hughes
                                  John A. Kiernan, BBO #271020
                                  Stephen E. Hughes, BBO #629644
                                  Bonner Kiernan Trebach & Crociata
                                  One Liberty Square - 6th Floor
                                  Boston, MA 02109
                                  (617) 426-3900

## CERTIFICATE OF SERVICE

I, Stephen E. Hughes, hereby certify that I have, on December 9, 2004, served a copy of the foregoing document to Plaintiff by sending it to him by first class mail, postage prepaid.

s/Stephen E.Hughes
Stephen E. Hughes