UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | PLAINTIFF'S MOTION TO QUASH |
| | ) | SUBPOENA TO |
| The National Railroad Passenger Corporation | ) THE GROUP INSURANCE COMMISSION | |
| | ) | FOR THE PRODUCTION OF |
| | ) | DOCUMENTS |
| Defendant | ) | |

## Introduction

Plaintiff, Pro Se, Joseph T. Carmack ("Plaintiff") hereby opposes Defendant National Railroad Passenger Corporation's ("Amtrak or "Defendant") subpoena to KEEPER OF RECORDS at the GROUP INSURANCE COMMISSION at 19 Staniford Street, 4th Floor in Boston, Suffolk County, Massachusetts dated 12/14/04 (Exhibit A) and Plaintiff respectfully requests that said subpoena be quashed. As grounds for his request Plaintiff states that Defendant has not made a good faith effort to reach agreement on scope and limitation of discovery as anticipated by LR 26.2(C) or Federal Rules of Civil Procedure Rule 26 (b) and Rule 29. Plaintiff requests that this Honorable Court grant Defendant leave to discover information needed through more reasonable means in conformity with Federal Rules of Civil Procedure.

## Discussion

In support of his request, Plaintiff enumerates the following reasons:

1. Defendant has not jointly planned discovery with Plaintiff in good faith. Beginning on July 7, 2004, Plaintiff made attempts to contact Defendant's attorney to

1

arrange a scheduling conference in order to discuss elements of the above captioned case, negotiate reasonable discovery limitations, discuss settlement opportunities and prepare a reasonable discovery plan. Failing to achieve that goal, on October 8, 2004, Plaintiff wrote to Defendant's attorney (copy of letter attached as Exhibit B) and requested that a conference be scheduled by October 18, 2004. Nonetheless, Defendant's attorney did not contact Plaintiff until October 19, 2004 and the ensuing "conference" consisted solely of a few minutes discussion by telephone while Plaintiff was at the office of the client of Plaintiff's employer with little opportunity for substantive planning or discussion. Plaintiff only had one other hurried short telephone conversation with Defendant's attorney on the evening before the date the Joint Schedule Statement was due.

2. Defendants subpoena is unreasonable. The GROUP INSURANCE COMMISSION (GIC) is not the Plaintiff's employer nor is the GIC in control of the documents requested. Plaintiff declared the identity of his employer (John Leonard Temporary Employment) in his Pro Pauperis papers, in phone conversation with Defendant's attorney on July 7, 2004 and at the scheduling conference ordered by this Honorable Court on November 9, 2004. The GIC only maintains a schedule of hours worked on a "sign-in" sheet and copies of time documents submitted to Plaintiff's employer by Plaintiff and GIC (copy and Facsimile verification attached, Exhibits C and D). Plaintiff retains copies of all time documents submitted and Defendant could have requested copies at any time after filing their answer.

3. The information is irrelevant to the case. Plaintiff was disqualified by Defendant in May of 2001 and terminated by Defendant in May of 2002 (disqualification notices and termination notice attached, Exhibit D, E and F). Plaintiff did not begin providing services to the GIC until October 2003. Any assessment of a disability, direct threat or insubordination that Defendant may glean from GIC records is irrelevant to whether or not Plaintiff exhibited any such characteristics before May of 2001 or was a threat to safety at the time Defendant medically disqualified Plaintiff (May 4, 2001).

4. Defendant's subpoena is oppressive and improper. Defendant's subpoena disrupts the business relationship between Plaintiff's employer and GIC, Plaintiff's employer's client company, and as it disrupts that relationship it undermines Plaintiff's viability as a representative of his employer. The subpoena only serves to call the GIC's attention to the case and the Defendant's defamation of Plaintiff as a person accused of workplace violence and allegedly suffering from a mental disorder. Naturally, such awareness of a tumultuous work history will give rise to concern and GIC may terminate its contract with Plaintiff's employer. Defendant's subpoena undermines Plaintiff's attempts to reconstruct a viable work record as it undermines Plaintiff's attempt to toil and provide for himself in whatever manner may still be available to him. Defendant's subpoena further interferes with Plaintiff's rights and opportunities.

5. Plaintiff's subpoena is unnecessary. Much, if not all, of the information that Defendant seeks is available to Plaintiff or otherwise in Plaintiff's own control in one form or another. Defendant has had ample opportunity to request information and records from Plaintiff directly and Plaintiff can obtain records more discreetly from his employer or Plaintiff's own records than can the Defendant acquire such information through a subpoena. By issuing a subpoena directly to Plaintiff's Employer's client without properly consulting with the Plaintiff, Defendant precludes Plaintiff's participation in a joint discovery plan and undermines the spirit of Federal Rules of Civil Procedure 26 (f). By so circumventing the Plaintiff, Defendant has created the appearance that the Plaintiff is uncooperative and Defendant has attempted to prejudice this Honorable Court against the Plaintiff.

WHEREFORE, Plaintiff, Joseph T. Carmack respectfully requests that this Honorable Court quash Defendant's Subpoena for Documents to the KEEPER OF RECORDS for GROUP INSURANCE COMMISSION dated 12/14/04 and require

Defendant to proceed in accordance with Federal Rules of Civil Procedure Rule 26 and in a manner that is:

(A) consistent with rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B) not interposed for any improper purpose, such as to **harass** or to cause unnecessary delay or needless increase in the cost of litigation; and

(C) not **unreasonable or unduly burdensome or expensive**, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Additionally, Plaintiff requests this Court to grant any other relief it may find equitable under the circumstances.

**Plaintiff,**

**Joseph T. Carmack.**

DATED: December 23, 2004    */s/ Joseph T. Carmack/*
Joseph T. Carmack, Plaintiff, Pro Se.
398 Columbus Ave. PMB 130
Boston, MA 02116-6008
(617) 536-0772

### Certificate of Service

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by first class mail, postage prepaid, to: Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA 02109. */s/ Joseph T. Carmack/* Date: December 23, 2004
Joseph T. Carmack, Plaintiff, Pro Se.