UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH T. CARMACK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION )<br>)<br>Defendant. )<br>) | Civil Action No. 03 12488 PBS |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION TO QUASH THE SUBPOENA TO THE GROUP
INSURANCE COMMISSION FOR THE PRODUCTION OF DOCUMENTS**

## Introduction

Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") hereby opposes Plaintiff Joseph T. Carmack's ("Plaintiff") motion to quash the subpoena served on the Group Insurance Commission for the production of documents and respectfully requests that Plaintiff's motion to quash be denied in its entirety.

As grounds in support hereof, Amtrak states that the subpoena to the Group Insurance Commission (henceforth "GIC") for the production of documents is a legitimate and necessary discovery tool for use in the defense of this action. Plaintiff's numerous claims for damages include but are not limited to: prejudice to his trade, business and means of livelihood (2nd Amended Complaint ¶127); gainful employment is unavailable to him generally (¶¶128; 243, 263, 284, 295, 305, 334, 339); loss of access to usual terms, conditions, and privileges of employment (¶¶128, 243, 263, 284, 339); loss of income, and inability to undertake future

employment as a result of his termination from Amtrak (¶128); loss of means of livelihood (¶¶356, 367, 381); damage to his professional reputation and reputation generally (¶¶128, 243, 263, 284, 295, 305, 334, 339); severe emotional distress with physical repercussions (¶¶128, 242, 263, 284, 295, 305, 334, 339, 397); lost health benefits as an employee and upon retirement (¶¶128, 243); and deprivation of means of protection of health and well-being (¶¶263, 284, 295, 305, 334, 339, 397). Since approximately October 2003, plaintiff has been working at GIC through a temporary placement agency. To assist in properly evaluating the plaintiff's damages claims, Amtrak served a subpoena for records on GIC. As further grounds in support hereof, Amtrak states the following.

### Applicable Legal Standard

Amtrak's subpoena to GIC is proper under Fed.R.Civ.P. 45. Fed.R.Civ.P. 45(a)(1C) allows a subpoena to "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified;…"

Fed.R.Civ.P. 45(c) (3A) governs a motion to quash a subpoena.

Fed.R.Civ.P. 45(c) (3A) sets forth:

> "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
> - (i)  fails to allow reasonable time for compliance;
> - (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
> - (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
> - (iv) subjects a person to undue burden."

2

Fed.R.Civ.P. 26(b) governs discovery scope and limits. In subsection (1) it states that information may be sought that appears reasonably calculated to lead to the discovery of admissible evidence.

### Argument

Neither sub-parts (i), (ii) or (iv) of the above provisions of Fed.R.Civ.P. 45(c) (3A) apply to the subject subpoena to GIC. Although Amtrak admits that Plaintiff's employment records may reveal private information that arguably could fall within sub-part (iii) of the Rule, Plaintiff has placed such information at issue in this case in his Second Amended Complaint. Amtrak is merely seeking information that is reasonably calculated to lead to the discovery of admissible evidence relative to numerous claims for damages, as delineated above. If Plaintiff were to withdraw these damages claims, there would be no need for Amtrak to seek these records. Unless and until any such action is taken by Plaintiff, records from GIC, the entity where Plaintiff has worked for the past fifteen months, may shed light on his ability to work productively, whether he has had opportunities of increase his earnings and responsibilities, whether he has fully mitigated his damages, whether there has been damage to his professional reputation and reputation generally, whether there have been any objective or physical indications of emotional distress, and whether he has access to medical insurance and medical treatment.

In furtherance of the defense of this action, Amtrak has also just issued a subpoena to the Keeper of Records for Plaintiff's temporary employment agency, John Leonard, Temporary and Permanent Employment Specialists, 75 Federal Street, Boston, MA 02110, seeking additional information about his claims for damages.

The other arguments plaintiff makes in his motion to quash the subpoena have no

validity. Initially, a subpoena to a Keeper of Records is not an item that one would jointly discuss or plan with the opponent in litigation. A discovery conference is not necessary prior to the issuance of a subpoena of this nature. With that said, the undersigned has had numerous conversations with Plaintiff and has cooperated in the discovery process. Support staff in the office of Amtrak's counsel spoke with Plaintiff in early December, 2004 about plans to subpoena his employment records. Plaintiff requested that service of the subject subpoena wait until he served a second amended complaint. Amtrak's counsel did in fact wait to serve the subject subpoena until after Plaintiff's Second Amended Complaint was received. Additionally, in an effort to schedule discovery in a timely and convenient fashion, Amtrak's counsel had a telephone conversation on or about December 22, 2004 with Mr. Carmack regarding the scheduling of his deposition. In an effort not to interfere with Mr. Carmack's job, Amtrak's counsel agreed to schedule his deposition for Jan. 17, 2005, Dr. Martin Luther King, Jr. Day, a holiday during which the law office is closed.

Moreover, Mr. Carmack's alleged apprehensions that the subject subpoena may jeopardize his current employment position have no basis. If GIC queries him about the pending litigation with Amtrak, Mr. Carmack is free to respond as he sees fit and may merely indicate that he is involved in litigation with Amtrak. For all GIC knows, the action may merely concern a slip and fall. If GIC explored and inquired further about the litigation with Amtrak and thereafter terminated Mr. Carmack's services because of the litigation with Amtrak, Mr. Carmack would be free to take action against GIC under M.G.L. c. 151(b) and possibly other statutes for retaliating against him for pursuing his protected rights.

In addition, Plaintiff's suggestion that Amtrak accept whatever documents he can provide to it, rather than obtaining them directly from GIC, is unacceptable. Amtrak should not be

required to depend upon Plaintiff's good faith that he has provided all documents in GIC's possession. Any pertinent information in GIC's possession must come directly from it to ensure that all documents have been produced. Moreover, there is no guarantee that GIC would give all of its records to Plaintiff if not compelled to do so via a subpoena. Amtrak has also served a request for production of documents upon Plaintiff and his response to that document is the appropriate mechanism for Amtrak to receive the pertinent documents in Plaintiff's possession, custody or control, not via the subpoena to GIC. Finally, Plaintiff's privacy is no better protected by his requesting the documents from GIC than from Amtrak doing so.

WHEREFORE, Defendant National Railroad Passenger Corporation respectfully requests that this Honorable Court deny Plaintiff's Motion to Quash the Subpoena to The Group Insurance Commission for the Production of Documents and requests this Court to grant any other relief it may find equitable under the circumstances.

**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER**
**CORPORATION,**
By Its Attorneys,

DATED: January 5, 2005

s/Stephen E. Hughes
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on January 5, 2005 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

s/Stephen E. Hughes
Stephen E. Hughes
