### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JOSEPH T. CARMACK** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 03 12488 PBS** |
| | ) | |
| **NATIONAL RAILROAD PASSENGER CORPORATION** | ) | |
| **Defendant.** | ) | |

### ANSWER AND JURY CLAIM OF DEFENDANT
### NATIONAL RAILROAD PASSENGER CORPORATION IN RESPONSE
### TO PLAINTIFF JOSEPH CARMACK'S SECOND AMENDED COMPLAINT

Defendant, National Railroad Passenger Corporation ("Amtrak"), as and for itself alone, by and through its attorneys, hereby answers Plaintiff Joseph T. Carmack's ("Plaintiff") Second Amended Complaint as follows:

FIRST DEFENSE

#### I. NATURE AND HISTORY OF ACTION

1.  Amtrak states that this Paragraph is an introductory paragraph to which no response is required. To the extent that this Paragraph is deemed to contain allegations of fact, these are denied.

2.  Admitted.

3.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

4.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

## II.  PARTIES, JURISDICTION AND VENUE

5.    Amtrak admits that Plaintiff is a natural person but lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

6.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

7.    Amtrak admits that it is a corporation established under the laws of the United States, has its headquarters at 60 Massachusetts Ave., NE, Washington, D.C., and maintains offices at Two South Station in Boston, Massachusetts, and 30th Street Station, in Philadelphia, Pennsylvania.  Amtrak denies the remaining allegations in this Paragraph.

8.    This Paragraph states a legal conclusion to which no answer is required.

9.    Amtrak admits that some of the alleged events and omissions in Plaintiff's Complaint took place in this jurisdiction, but states that the remaining allegations in this Paragraph present legal conclusions to which no answer is required.

10.    This Paragraph states a legal conclusion to which no answer is required.

11.    Denied.

## III.  BACKGROUND OF COMPLAINT

12.    Admitted.

13.    Amtrak admits that Plaintiff engaged in some union activities, including the filing of some union grievances, but Amtrak lacks knowledge or information sufficient to affirm or deny whether Plaintiff engaged in regular attendance of union meetings, engaged in the preparation of union grievances, or participated in oral or written union discussions.

14.     Admitted.

15.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

16.     Amtrak admits that Plaintiff has reported some alleged mechanical FRA defects of rolling stock and alleged violations of FRA regulations and that some of these reports were provided in accordance with Amtrak's Rules and Regulations, but denies the remaining allegations in this Paragraph.

17.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

18.     Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

19.     Amtrak admits that Plaintiff endeavored to file a grievance by letter to Mr. O'Malley of Amtrak on or about March 27, 2000.  Amtrak denies the remaining allegations in this Paragraph.

20.     This Paragraph contains conclusions of law to which no answer is required.

21.     Amtrak admits that written correspondence took place between Plaintiff and Mr. O'Malley beginning on or about March 27, 2000 and continuing until at least September 4, 2000 concerning Plaintiff's grievance about Amtrak's policies.  Amtrak lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

22.     Amtrak admits that Mr. O'Malley and possibly other members of management discussed matters related to Plaintiff's grievance about Amtrak's policies with Mr. O'Bryan subsequent to March 27, 2000 but denies the remaining allegations in this Paragraph.

23.  Amtrak admits that Mr. O'Bryan had discussions with Mr. O'Malley and other management employees of Amtrak concerning Plaintiff's grievance about Amtrak's policies, but denies the remaining allegations in this Paragraph.

24.  Amtrak admits that Mr. DeModena, in his capacity as Division Road Foreman for Amtrak's Commuter Rail Operations met with Plaintiff on or about May 2000 on a train at North Station to which Plaintiff was assigned as a locomotive engineer to discuss Amtrak's attendance policy. Amtrak denies the remaining allegations in this Paragraph.

25.  Denied.

26.  Amtrak admits that, on or about October 9, 2000, Plaintiff's reports and conduct led to the delay of two commuter rail trains Plaintiff was operating, and that Mr. DeModena and others were made aware of these incidents. Amtrak denies the remaining allegations in this Paragraph.

27.  Denied.

28.  Denied.

29.  Denied.

30.  Denied.

31.  Denied.

32.  Denied.

33.  Amtrak admits that Mr. DeModena informed Plaintiff that he would recommend that Plaintiff be disciplined for misconduct, but Amtrak denies the remaining allegations in this Paragraph.

34.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

35. Admitted.

36. Denied.

37. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

38. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

39. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

40. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

41. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

42. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

43. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

44. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

45. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

46. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this

Paragraph.

47. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

48. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

49. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

50. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

51. Amtrak admits that from time to time it has permitted certain matters that employees have posted in various locations where other Amtrak employees worked to remain, but has not permitted many others to remain that it deemed to be inappropriate or offensive. Amtrak denies the remaining allegations in this Paragraph.

52. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

53. Amtrak admits that the Rail Satire appeared to consist of a parody of a portion of Shakespeare's <u>Hamlet</u>, but denies the remaining allegations in this Paragraph.

54. Admitted.

55. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

56. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

57. Denied.

58. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

59. Denied.

60. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

61. Denied.

62. Denied.

63. Denied.

64. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

65. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

66. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

67. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

68. Amtrak lacks knowledge or information sufficient to affirm or deny the allegation that Plaintiff began grievance proceedings on or about December 15, 2000, but denies the remaining allegations in this Paragraph.

69. Denied.

70. Denied with respect to the first sentence. The second sentence of this Paragraph states a

legal conclusion to which no answer is required. To the extent this sentence is deemed to contain factual allegations, these are denied.

71. Amtrak admits that on or about March 5, 2001 Plaintiff met with Mr. DeModena, but denies the remaining allegations in this Paragraph.

72. Denied.

73. Denied.

74. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in the first sentence of this Paragraph. Amtrak admits that the letter purportedly written by Mr. O'Bryan dated March 11, 2001 complained about and criticized Plaintiff.

75. Amtrak admits that the letter purportedly written by Mr. O'Bryan to Plaintiff, and which was dated March 11, 2001, referenced the Rail Satire. Amtrak lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

76. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

77. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph

78. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

79. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

80. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

81.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

82.  Denied.

83.  Denied.

## COUNT I:  SLANDER, LIBEL AND DEFAMATION

84.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

85.  Denied.

86.  Denied.

87.  Denied.

88.  Denied.

89.  Denied.

90.  Denied

91.  Denied.

92.  Denied.

93.  Denied.

94.  Admitted that Mr. DeModena supplied the defendant with a "Workplace Violence Report Form," but denied with respect to the other allegations in this Paragraph.

95.  Admitted that Mr. DeModena identified Plaintiff as described, but denied that this was done arbitrarily, maliciously, and falsely.

96.  Admitted that Mr. DeModena wrote the word "threat" on the form, but denied that this was

done arbitrarily, maliciously, and falsely.

97.    Admitted that Mr. DeModena referenced the Letters from Hell on the form, but denied that

these documents were arbitrarily, maliciously, and falsely misrepresented.

98.    Denied.

99.    Admitted that Mr. DeModena wrote the words described in this paragraph, but denied that

this was done arbitrarily, maliciously, and falsely.

100.    Admitted that Mr. DeModena wrote the words described on the form, but denied that this

was done arbitrarily, maliciously, and falsely.

101.    Denied.

102.    Denied.

103.    Admitted that Mr. DePhillips sent an electronic mail letter to the persons mentioned on or

about April 13, 2001, but denied as to the remaining allegations in this Paragraph.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Admitted that, on or about May 3, 2001, Dr. Pinsky wrote the words identified in quotations

in this Paragraph of the Complaint, but denied as to the remaining allegations in this

Paragraph.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Admitted.

112.  Amtrak admits that Mr. O'Malley quoted Rule 25 of the BLE agreement in the letter; but denied as to the remaining allegations in this Paragraph of Plaintiff's Second Amended Complaint.

113.  Admitted.

114.  Denied.

115.  Denied.

116.  Admitted.

117.  Admitted that Mr. O'Malley communicated to Mr. O'Bryan on or about May 15, 2001 and wrote the words identified in quotations in this Paragraph of the Complaint, but denied as to the remaining allegations in this Paragraph.

118.  Denied.

119.  Admitted that Mr. O'Malley communicated to Mr. O' Bryan on or about May 15, 2001 and wrote the words identified in quotations in this Paragraph of the Complaint, but denied as to the remaining allegations in this Paragraph.

120.  Amtrak objects to this Paragraph on grounds that it is vague and ambiguous. Without waiving this objection, Amtrak admits that Mr. O'Malley stated that the initial medical disqualification was a result of Plaintiff's presumed authorship of the Letters from Hell. Denied as to the remaining allegations in this Paragraph.

121.  Amtrak lacks knowledge or information about the alleged publication or distribution of said documents.

122.  Denied.

123.  Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

## COUNT II:  INVASION OF PRIVACY

129.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

130.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

131.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

132.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

133.    Denied.

134.    Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

135.    Admitted.

136.    Admitted that Plaintiff underwent a return to work examination by Dr. Brian Morris at Health Resources on or about January 18, 2001.

137.    Admitted that Health Resources, Inc. was contracted by Amtrak to examine certain persons

and report the results of same to Amtrak's Medical Department in Philadelphia, PA.

Denied as to the remaining allegations in this Paragraph.

138.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
      Paragraph.

139.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
      Paragraph.

140.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
      Paragraph.

141.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
      Paragraph.

142.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
      Paragraph.

143.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
      Paragraph.

144.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
      Paragraph.

145.  Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this
      Paragraph.

146.  Denied.

147.  Denied with respect to the date January 25, 2004. To the extent Plaintiff meant January 25,
      2001, Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in
      this Paragraph.

148. Denied with respect to the date January 25, 2004. To the extent Plaintiff means January 25, 2001, Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

149. Denied with respect to the date January 25, 2004. To the extent Plaintiff means January 25, 2001, Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

150. Denied with respect to the date January 25, 2004. To the extent Plaintiff means January 25, 2001, Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

151. Denied with respect to the date January 25, 2004. To the extent Plaintiff means January 25, 2001, admitted.

152. Admitted.

153. Denied.

154. Admitted.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied

160. Denied.

161. Denied.

162. Denied.

163.  Denied.

164.  Admitted that Dr. Pinsky considered that samples of materials reportedly written by Plaintiff raised questions as to whether Plaintiff could perform his job safely, but denied as to the remaining allegations in this Paragraph.

165.  Denied.

166.  Admitted that on or about May 3, 2001, Dr. Pinsky reviewed documents allegedly authored by Plaintiff and informed Ms. Letterio to notify members of the TART team and Mr. DeModena that the documents justify Plaintiff being deemed medically disqualified immediately pending a psychiatric fitness for duty examination. The remaining allegations in this Paragraph are denied.

167.  Denied.

168.  Denied.

169.  Admitted that on or about May 3, 2001, Ms. Letterio sent an electronic mail letter to these persons stating what is indicated in quotes in this paragraph, but denied as to the remaining allegations in this Paragraph.

170.  Denied that Mr. O'Malley medically disqualified Plaintiff, but admitted that Mr. O'Malley sent Plaintiff a letter on or about that date informing him that he was being taken out of service with pay pending a fitness for duty evaluation due to his medical disqualification by Dr. Pinsky.

171.  Admitted.

172.  Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

173. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

174. Denied.

175. Amtrak lacks knowledge or information sufficient to admit or deny whether Plaintiff had knowledge on or about May 4, 2001 of the workplace violence report prepared by Mr. DeModena on or about April 11, 2001, but denied as to the remaining allegations in this Paragraph.

176. Admitted that Plaintiff called Amtrak's Health Services Department in Philadelphia on or about that date, but denied as to the remaining allegations in this Paragraph. [O'M

177. Denied.

178. Denied.

179. Denied that Ms. Letterio informed Plaintiff that she was directed to arrange for Plaintiff to undergo extensive testing, but admitted as to the remaining allegations in this Paragraph.

180. Admitted.

181. Amtrak lacks knowledge or information sufficient to admit or deny whether Ms. Letterio did not identify for Plaintiff, on May 4, 2001, specific "samples of materials reportedly written by [Plaintiff]".

182. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

183. Denied.

184. Admitted.

185. Admitted.

186. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

187. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

188. Admitted that Plaintiff left a voice message for Dr. Vasile on or about June 4, 2001 canceling the appointment. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

189. Admitted that, on or about June 8, 2001, Mr. O'Malley sent Plaintiff a certified letter to Plaintiff, but denied as to the remaining allegations in this Paragraph.

190. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

191. Denied.

192. Denied.

193. Denied.

194. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

195. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

196. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph regarding arranging the meeting with Dr. Vasile, but denied as to the remaining allegations in this Paragraph.

197. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the

allegations in this Paragraph.

198. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

199. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

200. Admitted that Plaintiff sent a letter to Mr. O'Malley on or about June 14, 2001 in which he stated that Mr. O'Malley should not meddle in his personal medical affairs, but denied as to the remaining allegations in this Paragraph.

201. Admitted that Plaintiff and Mr. O'Bryan met with Dr. Vasile on that date at Dr. Vasile's office, but denied as to the remaining allegations in this Paragraph.

202. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

203. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

204. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

205. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

206. Amtrak states that this Paragraph is incomprehensible as written and cannot therefore admit or deny its accuracy.

207. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

208.  Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

209.  Admitted.

210.  Denied.

211.  Denied.

212.  Denied.

213.  Admitted to the extent that it means that Dr. Vasile indicated that he would report results of the examination to Amtrak's medical department, but denied to the extent this Paragraph suggests that Dr. Vasile stated that the results of the examination would be freely disseminated in or out of Amtrak without consideration of Plaintiff's privacy rights.

214.  Denied.

215.  Denied.

216.  Denied.

217.  Denied.

218.  Denied.

219.  Denied.

220.  Admitted that Mr. O'Malley sent Plaintiff a letter on or about July 24, 2001 instructing him to schedule and appear at another appointment for a psychiatric examination or face charges, including but not necessarily limited to insubordination.  Denied as to the remaining allegations in this Paragraph.

221.  Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

222. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

223. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

224. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

225. Admitted that on or about July 30, 2001 Dr. Ann Gurian reportedly wrote a note to Amtrak indicating that on January 18, 2001 Plaintiff was able to return to work and continues to be so. Amtrak lacks knowledge or information sufficient to admit or deny whether said document was sent to it and Dr. Vasile by Plaintiff. Amtrak denies the remaining allegations in this Paragraph.

226. Admitted that Plaintiff contacted Dr. Vasile on or about August 2001 regarding the scheduling of another appointment. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

227. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

228. Denied.

229. Denied.

230. Denied.

231. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the allegations in this Paragraph.

232. Admitted.

233.    Amtrak lacks knowledge or information sufficient to admit or deny the truth of the

allegations in this Paragraph.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Admitted that Dr. Vasile sent a letter to Mr. O'Malley at Amtrak, on or about April 2, 2002,

that included the words presented within quotation marks in Plaintiff's Paragraph No. 238,

but denied as to the remaining allegations in this Paragraph.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

## COUNT III
## DISCRIMINATION ON THE BASIS OF DISABILITY AMERICANS WITH
## DISABILITIES ACT; 42 U.S.C.ss. 12101 et. seq. MASSACHUSETTS CIVIL RIGHTS ACT;
## M.G.L. c.151B REHABILATION ACT OF 1973; 29 U.S.C. 701 et. seq.

### I. UTILIZING STANDARDS OF CRITERIA, OR METHODS OF ADMINISTRATION THAT HAVE THE EFFECT OF DISCRIMINATION ON THE BASIS OF DISABILITY: 42 U.S C. s. 12112(3)(A)

244.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer to Plaintiff's Second Amended Complaint as if fully set forth

herein.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Admitted.

249.   Denied.

250.   Admitted that during the formal investigation hearing held on April 4, 2002, April 23, 2003,
April 24, 2002, and May 7, 2002, members of the TART stated that the writings mentioned
the Workplace Violence Complaint of April 11, 2001 against Plaintiff raised concerns about
Plaintiff's mental state and whether Plaintiff was a possible threat to Mr. DeModena, other
employees of Amtrak, or the traveling public.  Denied as to the remaining allegations in this
Paragraph.

251.   Admitted that during the formal investigation hearing held on April 4, 2002, April 23, 2003,
April 24, 2002, and May 7, 2002, members of the TART stated that the writings mentioned
the Workplace Violence Complaint of April 11, 2001 against Plaintiff needed to be assessed
by Amtrak's Medical Department, but denied as to the remaining allegations of this
Paragraph.

252.   Denied.

253.   Denied.

254.   Admitted.

255.   Admitted.

256.   Admitted.

257.   Admitted.

258. Denied.

## II. UTILIZING STANDARDS OF CRITERIA, OR METHODS OF ADMINISTRATION THAT PERPETUATE THE DISCRIMINATION OF OTHERS THAT ARE SUBJECT TO COMMON ADMINISTRATIVE CONTROL: 42 U.S.C. s. 12112(3)(B)

259. Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

## III. LIMITING, SEGREGATING, OR CLASSIFYING AN EMPLOYEE IN A WAY THAT ADVERSELY AFFECTS THE OPPORTUNITIES OR STATUS OF SUCH APPLICANT OR EMPLOYEE BECAUSE OF THE DISABILITY OF SUCH APPLICANT OR EMPLOYEE: 42 U.S.C. s. 12112(b)(1)

264. Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

265. Denied.

266. Denied.

267. Denied.

268. Admitted that on or about May 3, 2001, Ms. Letterio notified Ms. Allan that Dr. Pinsky had reviewed materials reportedly written by Plaintiff; denied as to the remaining allegations of this Paragraph.

269. Denied.

270. Denied.

271.  Denied.

272.  Denied.

273.  Admitted that, on or about May 3, 2001, Dr. Pinsky directed Ms. Letterio to notify the
      members of TART that Dr. Pinsky deemed Plaintiff medically disqualified pending a
      psychiatric evaluation; denied as to the remaining allegations in this Paragraph of Plaintiff's
      Second Amended Complaint.

274.  Denied.

275.  Denied.

276.  Denied.

277.  Denied.

278.  Denied [check O'Malley's testimony]

279.  Denied.

280.  Denied.

281.  Denied.

282.  Denied.

283.  Denied.

284.  Denied.

IV. EXAMINATIONS AND INQUIRIES DESIGNED TO SCREEN OUT INDIVIDUALS WITH
A DISABILITY, 42 U.S.C. s. 12112(b)(1); MEDICAL EXAMINATIONS AND INQUIRIES
DESIGNED TO SCREEN OUT AND DISCRIMINATE AGAINST INDIVIDUALS WITH A
DISABILITY, 42 U.S.C. s. 12112(d)(1), 42 U.S.C. s. 12112(d)(4); VIOLATION OF RIGHTS OF
A MENTALLY ILL PERSON, U.S.C. 42 ss. 10841

285.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing
      paragraphs of its Answer as if fully set forth herein.

286.    Admitted that on several occasions between May 4, 2001 and early September 2001, Mr.

O'Malley directed Plaintiff to undergo a psychiatric examination with Dr. Russell Vasile to

determine his fitness for return to work.  Denied as to the remaining allegations in this

Paragraph.

287.    Admitted.

288.    Amtrak lacks knowledge or information sufficient to admit or deny the truth of the

allegations in this Paragraph.

289.    Admitted.

290.    Admitted.

291.    Admitted.

292.    Admitted.

293.    Admitted that neither Amtrak nor Dr. Pinsky answered requests made by Plaintiff in

Paragraphs 289 through 292 of Plaintiff's Second Amended Complaint, but denied as to the

remaining allegations in this Paragraph.

294.    Denied.

295.    Denied.

V. HARASSMENT AND DENIAL OF REQUESTS FOR REASONABLE
ACCOMMODATION: 42 U.S.C. s. 12112(5)(A): DENIAL OF RIGHT OF INFORMED
CONSENT AND PARTICIPATION OF MENTALLY ILL PERSON IN PLANNING OF
MENTAL HEALTH TREATMENTS AND PROCEDURES, DENIAL OF RIGHT TO ACCESS,
UPON REQUEST, TO MENTAL HEALTH CARE RECORDS
42 U.S.C. s. 10841 (C) (i-vi)(D)(H)(I)

296.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

297.    Admitted. [check 6/14 letter]

298.    Admitted that Plaintiff and O'Bryan met with Dr. Vasile on or about that date. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

299.    Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

VI. RETALIATION: COERCION, INTERFERENCE AND INTIMIDATION: SABOTAGE OF MITGATING MEASURES: 42 U.S.C. s. 12112(5)(B), COUNT XLII: 42 U.S.C. s. 12203(a), COUNT XLIII: 42 U.S.C. s.12203(b), DENIAL OF RIGHT OF GRIEVANCE OF MENTALLY ILL PERSON AND REPRISAL, 42 U.S.C. s. 10841(1)(L)(N)

306.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

307.    Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

308.    [There is no Paragraph 308 in Plaintiff's Second Amended Complaint]

309.    Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

310. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

311. Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

312. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed to contain allegations of fact, Amtrak lacks knowledge or information sufficient to admit or deny the truth of said allegations.

313. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed to contain allegations of fact, Amtrak lacks knowledge or information sufficient to admit or deny the truth of said allegations.

314. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed to contain allegations of fact, these are denied.

315. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed to contain allegations of fact, Amtrak lacks knowledge or information sufficient to admit or deny the truth of said allegations.

316. Denied.

317. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed

to contain allegations of fact, these are denied.

318. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed to contain allegations of fact, Amtrak lacks knowledge or information sufficient to admit or deny the truth of said allegations.

319. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed to contain allegations of fact, Amtrak lacks knowledge or information sufficient to admit or deny the truth of said allegations.

316. [Amtrak notes that this is the second paragraph numbered 316 in Plaintiff's Second Amended Complaint] Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

320. Denied.

321. Denied.

322. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed to contain allegations of fact, these are denied.

323. To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required. To the extent this Paragraph is deemed to contain allegations of fact, Amtrak admits that Mr. O'Malley wrote letters to Plaintiff observing that Plaintiff had not cooperated by refusing to undergo a psychiatric examination, but denied as to the remaining allegations in this Paragraph.

324.   Denied.

325.   Denied.

326.   To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required.  To the extent this Paragraph is deemed to contain allegations of fact, Amtrak admits that Mr. O'Malley wrote a letters to Plaintiff on or about September 10, 2001 in which he observed that Plaintiff was being charged with insubordination; denied as to the remaining allegations in this Paragraph.

327.   Denied.

328.   Denied.

329.   To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required.  To the extent this Paragraph is deemed to contain allegations of fact, these are denied.

330.   To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required.  To the extent this Paragraph is deemed to contain allegations of fact, these are denied.

331.   Admitted.

332.   To the extent this Paragraph presents conclusions of law regarding whether there was a request for accommodation, no answer is required.  To the extent this Paragraph is deemed to contain allegations of fact, these are denied.

333.   Denied.

334.   Denied.

VII. DISCRIMINATION GENERALLY:  42 U.S.C. s. 12112

335.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

336.  Denied.

337.  Denied.

338.  Denied.

339.  Denied.

**COUNT FOUR: INTERFERENCE WITH RIGHTS**
**M.G.L. c. 12, ss. 11H, 11I; M.G.L. 265 ss.37**

340.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

341.  Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

342.  Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

343.  Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

344.  Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

345.  Denied.

346.  Denied.

347.  Denied.

348.  Denied.

349.  Denied.

350.  Denied.

351.  Denied.

352.  Denied.

353.  Denied.

354.  Denied.

355.  Denied.

356.  Denied.

## COUNT FIVE:
## UNFAIR LABOR PRACTICES
## U.S.C.A. 45 ss. 151 et. seq.

357.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

358.  Denied.

359.  Denied.

360.  Denied.

361.  Amtrak admits that on or about May 4, 2001, it temporarily medically disqualified Plaintiff with pay, pending a fitness for duty examination, based upon certain writings prepared by Plaintiff; the remaining allegations in this Paragraph are denied.

362.  Denied.

362.  [this is the second paragraph numbered 362 in Plaintiff's Scond Amended Complaint] Denied.

363.  Denied.

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

### COUNT SIX:
### DISCRIMINATION ON THE BASIS OF RELIGION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, U.S.C. ss. 2000e et. seq.
### U.S.C. 42 ss. 1983: U.S.C. 1; M.G.L. 151B

368.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing
        paragraphs of its Answer as if fully set forth herein.

369.    Amtrak lacks knowledge or information sufficient to admit or deny the truth of the
        remaining allegations in this Paragraph.

370.    Amtrak lacks knowledge or information sufficient to admit or deny the truth of the
        remaining allegations in this Paragraph.

371.    Amtrak lacks knowledge or information sufficient to admit or deny the truth of the
        remaining allegations in this Paragraph.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

376.    Denied.

377.    Denied.

378.    Denied.

379.   Denied.

380.   Denied.

381.   Denied.

## COUNT SEVEN:
## PERSONAL INJURY: FEDERAL EMPLOYERS LIABILITY ACT, 45 U.S.C. s. 51 et seq.; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

382.   Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

383.   Admitted.

384.   Admitted.

385.   Denied.

386.   Denied.

387.   Denied.

388.   Denied.

389.   Denied.

390.   Denied.

391.   Denied.

392.   Denied.

393.   Denied

394.   Denied.

395.   Denied.

396.   Denied.

397.   Denied.

## COUNT EIGHT
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

398.  Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

399.  Amtrak lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations in this Paragraph.

400.  Denied.

401.  Denied.

401.  [this is the second paragraph numbered 401 in Plaintiff's Second Amended Complaint] Denied.

402.  Denied.

### DEFENSES

### SECOND DEFENSE

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation or other time limitations.

### FOURTH DEFENSE

Amtrak's policies conform to the requirements of all applicable laws, including, but not limited to: M.G.L. c. 12 §11H and 11I; M.G.L. c. 151B; M.G.L. c. 214B; M.G.L. c. 265 §37; 1 U.S.C.; 42 U.S.C. §1983; 42 U.S.C. §2000e et seq; 42 U.S.C. §10841; 42 U.S.C. §12112; 42 U.S.C. §12203; 45 U.S.C. §51; and 45 U.S.C. §151 et seq. Moreover, Amtrak's policies are

administered in a manner that is consistent with Amtrak's legal obligations.

### FIFTH DEFENSE

Amtrak states that its actions with regard to the allegations contained in Plaintiff's Complaint were reasonable and were taken in good faith for legitimate non-discriminatory business purposes.

### SIXTH DEFENSE

Amtrak states that Plaintiff has not been affected adversely or otherwise damaged by any conduct of Amtrak, or of any person or entity for whose conduct Amtrak is legally responsible or liable.

### SEVENTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by his own actions.

### EIGHTH DEFENSE

If Plaintiff sustained damages or injuries, such damages or injuries were caused by the acts of third persons which Amtrak had no reason to anticipate and of which Amtrak had no knowledge, or over whom Amtrak had no control, and for whose conduct Amtrak is not responsible.

### NINTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of Amtrak.

### TENTH DEFENSE

Amtrak did not publish any defamatory statement(s) and therefore Plaintiff cannot prove a prima facie case of defamation.

### ELEVENTH DEFENSE

Amtrak's writings and oral statements do not constitute defamatory statements with respect to Plaintiff and were made in good faith and without malice.

### TWELFTH DEFENSE

Amtrak's writings and oral statements did not cause injury to Plaintiff.

### THIRTEENTH DEFENSE

Amtrak is protected from Plaintiff's defamation claim because it was investigating, in good faith and within the bounds of the employment relationship, Plaintiff's ability to safely perform his job duties.

### FOURTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements did not hold Plaintiff up to scorn and ridicule with respect to a considerable and respectable class in the community.

### FIFTEENTH DEFENSE

Amtrak's alleged defamatory statements did not charge Plaintiff with a crime or state that he suffers from certain diseases or prejudice him in his profession.

### SIXTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements were the natural and immediate consequences of Plaintiff's provocative misconduct.

### SEVENTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements did not cause damage to Plaintiff's reputation.

### EIGHTEENTH DEFENSE

Amtrak's alleged defamatory writings and statements were true.

### NINETEENTH DEFENSE

Amtrak is protected from liability for its alleged defamatory writings and statements at the hearing concerning charges of insubordination against Plaintiff because they were part of a judicial proceeding and are privileged.

### TWENTIETH DEFENSE

The alleged defamatory writings of Deborah Gaines, the hearing officer, in her decision letter concerning the charge of insubordination, were part of a judicial proceeding and are privileged.

### TWENTY-FIRST DEFENSE

The alleged defamatory written statements of Amtrak and/or Delvine Okereke in Amtrak's Position Statement to the Massachusetts Commission Against Discrimination are privileged as documents required to be filed in a judicial proceeding.

### TWENTY-SECOND DEFENSE

Amtrak's oral and written statements pertinent to Plaintiff's allegations in this Complaint were reasonable, were made for legitimate business purposes, did not seriously interfere with Plaintiff's privacy by disclosing facts of a personal or intimate nature, and did not violate Plaintiff's privacy rights under M.G.L. c. 214B, or any other statute, regulation, or portion of the Common Law.

### TWENTY-THIRD DEFENSE

Some or all of Plaintiff's claims are barred in whole or part by his failure to comply with the procedural or administrative conditions precedent to filing a civil action alleging disability discrimination, religious discrimination, retaliation or any other claim pursuant to M.G.L. c. 12 §11H and 11I; M.G.L. c. 151B; M.G.L. c. 214B; M.G.L. c. 265 §37; 1 U.S.C.; 42 U.S.C. §1983; 42 U.S.C. §2000e et seq; 42 U.S.C. §10841; 42 U.S.C. §12112; 42 U.S.C. §12203; 45 U.S.C. §51; and 45 U.S.C. §151 et seq.

### TWENTY-FOURTH DEFENSE

Plaintiff cannot prove a prima facie case of disability discrimination because he does not claim to be disabled, he was not perceived as disabled by Amtrak, and he has not shown that he was qualified to perform the essential functions of his job as a locomotive engineer during 2001 with or without reasonable accommodation.

### TWENTY-FIFTH DEFENSE

Plaintiff cannot prove disability discrimination because Plaintiff's medical condition, disability or perceived disability were not factors in Amtrak's legitimate business decision to charge him with insubordination and terminate his employment.

### TWENTY-SIXTH DEFENSE

Plaintiff cannot prove a claim of retaliation under M.G.L. c. 151B or 42 U.S.C. §12112 because Plaintiff never sought reasonable accommodation in the performance of his job as locomotive engineer, Plaintiff never engaged in protected conduct, and there is no causal connection between any alleged protected conduct and Amtrak's decision to charge him with insubordination and terminate his employment.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims pursuant to M.G.L. c. 12 and c. 265 are preempted by his claims pursuant to M.G.L. c. 151B.

### TWENTY-EIGHTH DEFENSE

Plaintiff committed a violation of a job regulation which contributed to the injury or damage complained of.

### TWENTY-NINTH DEFENSE

Plaintiff received no physical injury or threat of physical injury from Amtrak's actions and therefore can effect no recovery pursuant to 45 U.S.C. Sec. 51 et seq for intentional infliction of emotional distress or any other claim of emotional, psychological, or mental injury.

### THIRTIETH DEFENSE

Plaintiff cannot prevail in this action because Amtrak's alleged acts or omissions were not the proximate cause of Plaintiff's alleged injuries.

### THIRTY-FIRST DEFENSE

Plaintiff cannot prevail in this action because he was not injured in the scope and course of his employment.

### THIRTY-SECOND DEFENSE

This court lacks subject matter jurisdiction for claims of this nature brought pursuant to the Railway Labor Act, 45 U.S.C. Sec. 151 et seq.

### THIRTY-THIRD DEFENSE

Amtrak has not retaliated against Plaintiff for labor activities.

### THIRTY-FOURTH DEFENSE

Amtrak has not limited Plaintiff's freedom of association or his participation in a labor organization and therefore Plaintiff cannot prevail under a claim of violation of the Railway Labor Act 45 U.S.C. Sec. 151 et seq.

### THIRTY-FIFTH DEFENSE

Plaintiff has not alleged any violation of the agreement between his former union, the Brotherhood of Locomotive Engineers ("BLE") and Amtrak and therefore cannot prevail under a claim of violation of the Railway Labor Act 45 U.S.C. Sec. 151 et seq.

### THIRTY-SIXTH DEFENSE

Amtrak took no action with respect to Plaintiff's religion at any time and Amtrak denies it acted with any discriminatory or unlawful intent at any time with respect to discrimination against Plaintiff on the basis of religion.

### THIRTY-SEVENTH DEFENSE

Plaintiff's bona fide religious beliefs, if any, have not conflicted with one or more of Amtrak's employment requirements.

### THIRTY-EIGHTH DEFENSE

Plaintiff never informed Amtrak of his bona fide religious beliefs and of the conflict with one or more of Amtrak's employment requirements.

### THIRTY-NINTH DEFENSE

Plaintiff was not discharged or otherwise discriminated against for failing to comply with an Amtrak employment requirement that conflicted with his bona fide religious beliefs.

### FORTIETH DEFENSE

Plaintiff has failed to present a prima facie case of discrimination on the basis of religion.

### FORTY-FIRST DEFENSE

Accommodation of Plaintiff's alleged religious beliefs would constitute an undue burden upon Amtrak.

### FORTY-SECOND DEFENSE

This court lacks subject matter jurisdiction over Plaintiff's claim of discrimination on the basis of religion because no such claim was filed with the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission.

### FORTY-THIRD DEFENSE

Plaintiff's alleged participation in railroad unions and efforts to promote safety and compliance with federal safety regulations and Amtrak rules, policies and procedures advocacy were not factors in Amtrak's decisions to charge him with insubordination and terminate his employment.

### FORTY-FOURTH DEFENSE

Plaintiff has failed to mitigate his damages, if any, as claimed.

### FORTY-FIFTH DEFENSE

Plaintiff's injuries, if any, were merely an aggravation of a preexisting condition and the damages, if any, recovered by him from Amtrak should be reduced by the amount of damages which would have resulted due to the preexisting condition if there had been no aggravation.

### FORTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."

### FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

Amtrak hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case, and hereby reserves its right to assert any such defenses.

**Amtrak respectfully claims a trial by jury of all claims raised in Plaintiff's Second Amended Complaint, and each defense thereto asserted by Amtrak.**

WHEREFORE, Defendant Amtrak prays that:

a.   Plaintiff take nothing by this action;

b.   The Second Amended Complaint be dismissed with prejudice in its entirety;

c.   Amtrak be awarded its costs of suit and attorney's fees incurred herein; and

d.   Amtrak be awarded such other and further relief as this Court deems just and proper.

**Respectfully submitted,**
**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER**
**CORPORATION,**
By Its Attorneys,

DATED:     January 20, 2005          s/Stephen E. Hughes
                                     John A. Kiernan (BBO No. 271020)
                                     Stephen E. Hughes (BBO No. 629644)
                                     BONNER KIERNAN TREBACH & CROCIATA
                                     One Liberty Square - 6th Floor

Boston, MA 02109
(617) 426-3900

## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on January 20, 2005 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

s/Stephen E. Hughes
Stephen E. Hughes