UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION )<br>)<br>Defendant. )<br>_____) | Civil Action No. 03 12488 PBS |

## JOINT MOTION FOR STATUS CONFERENCE

Pursuant to Fed.R.Civ.P. 16(a), the defendant National Railroad Passenger Corporation (hereinafter "Amtrak or Defendant") and Plaintiff Joseph T. Carmack ("Plaintiff") move this Court for an order establishing a status conference at the Court's earliest convienance to address the progress of discovery in this civil action and other pre-trial matters. Both Amtrak and Plaintiff are cognizant of the fact that the Court's prior order set forth that discovery is to be completed by February 28, 2005. Nonetheless, little discovery has been completed to date largely because of Plaintiff's concerns about keeping his psychiatric and medical history confidential and the inability of the parties to agree on the discoverability of this information. Since certain tracking order deadlines are soon to expire, the parties respectfully seeks the Court's guidance, via a status conference, as to how best to address these matters.

To assist the Court's understanding of the current status of affairs, the parties provide the following supporting information pertinent to this motion:

## I. DISCOVERY STATUS

1. Plaintiff provided a list of initial disclosures on or about November 2, 2004 and December 9, 2004.

2. Amtrak provided its initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2 on December 9th, 2005, and supplemented same on December 10th and 21st, 2004, and January 4th, 2005.

3. On December 14, 2004, Amtrak subpoenaed records from the Group Insurance Commission (where Plaintiff works).

4. On December 14, 2004, Amtrak noticed the deposition of Plaintiff for 10:00 a.m. on January 11, 2005.

5. On December 21, 2005, Amtrak subpoenaed Michael O'Bryan, Plaintiff's union representative at relevant time periods, for a deposition scheduled for 10:00 a.m. on January 18, 2005.

6. On December 21, 2005, Amtrak sent interrogatories and requests for documents to Plaintiff.

7. On December 29, 2004, Amtrak subpoenaed the records of Plaintiff's employer, John Leonard, Temporary and Permanent Employment Specialists.

8. Plaintiff objected to the dates and times for the deposition of Mr. O'Bryan and himself because they would interfere with his work schedule. As a result, Plaintiff's deposition was rescheduled for January 17th (a holiday) and Mr. O'Bryan's to commence at 6:00 p.m. on January 18th, after Plaintiff's work day had ended. Plaintiff further objected to the taking of these depositions because the parties had not come to agreement on terms of discovery pursuant to Local Rule 37.1.

9. On January 11, 2005, Plaintiff wrote to Amtrak's counsel seeking to postpone the depositions scheduled for January 17 and 18, 2005 because because he wanted to confer with Amtrak's counsel on the 17th about terms of discovery and because he indicated he needed the time to prepare for the court-sponsored mediation which took place on February 7, 2005.

10. On January 14, 2005, Amtrak wrote to Plaintiff seeking many documents mentioned in Plaintiff's Initial Disclosures which had not yet been produced.

11. On January 27, 2005, Plaintiff provided certain documents referenced in his Initial Disclosures.

12. On February 2, 2005, Plaintiff provided additional documents referenced in his Initial Disclosures.

13. On February 2, 2005, Amtrak's counsel sent Plaintiff a letter delineating his concerns about the discovery delays and outlining the steps that needed to be taken to complete discovery within the time frame designated for discovery by the court. See Exhibit 1.

14. On February 7, 2005, court-sponsored mediation was held before Magistrate Judge Joyce Alexander but no resolution was reached.

15. On February 7, 2005, Plaintiff informed Amtrak's counsel that he had never received Amtrak's interrogatories or requests for documents.

16. On February 7, 2005, Amtrak sent Plaintiff copies of the interrogatories and requests for documents previously sent to him on December 21, 2004.

17. On February 17, 2005, Plaintiff sent Amtrak his first request for production of documents.

18. On several occasions in January and February 2005, Plaintiff informed Amtrak's counsel that he was unwilling to disclose information about his psychiatric and medical history at his deposition, by answers to interrogatories, or by records to be produced by his medical providers. In addition, he indicated that he will oppose any disclosure of medical information by Mr. O'Bryan during his deposition. Amtrak stated it would consider keeping any confidential medical information under seal if that would enable disclosure of same.

19. Plaintiff proposed limitations on the scope of discovery in a letter of February 14, 2005 to defendant including a proposal for agreement in the form of a "Draft of Protective Order." See Exhibit 2. Amtrak does not agree with Plaintiff's contentions set forth in his draft of a protective order and is unwilling to agree to restrict the scope of its discovery efforts.

20. On February 22, 2005, Plaintiff wrote a letter to Amtrak's counsel indicating that he would withdraw his claims for personal injury damages if Amtrak would agree not to seek the disclosure of Plaintiff's psychiatric and medical history. Amtrak has not agreed to this condition because it believes such information may pertain to liability issues. These letters are annexed hereto as Exhibits 3 and 4.

21. Amtrak has subpoenaed the records of Plaintiff's treating psychiatrist and will be filing a motion to compel Plaintiff's disclosure of information and documents associated with his history of mental and emotional treatment.

22. Amtrak expects to file a motion for summary judgment after the conclusion of discovery.

23. Should Plaintiff's case not be dismissed via summary judgment, Amtrak anticipates it will seek Plaintiff's examination by an expert/psychiatrist pursuant to Fed.R.Civ.P. 35.

## II.     PURPOSE OF STATUS CONFERENCE

As can be seen from the list of discovery endeavors in Part 1 of this Motion, despite a great deal of activity, little discovery has been accomplished within the time frame established by the court. An unresolved dispute about the confidentiality of Plaintiff's medical records has been a significant factor leading to the current state of affairs.

In the interest of justice and fairness, it is necessary that discovery be fully undertaken and completed in this matter. Moreover, additional time beyond that anticipated in the court's original scheduling order will be needed for the subsequent pretrial phases of this civil action.

Since discovery is about to conclude, the parties are seeking the court's guidance as to how this matter can move forward expeditiously in a manner that is fair to the parties and most efficacious in its use of the court's time and resources.

WHEREFORE, the parties seek to have these matters addressed in greater detail in a Status Conference at the earliest convenience of the Court.

Respectfully submitted,

| PLAINTIFF | DEFENDANT, |
|---|---|
| **Joseph T. Carmack** | **National Railroad Passenger Corporation,** |
| *Pro Se* | By Its Attorneys, |

s/Joseph T. Carmack                         s/Stephen E. Hughes
Joseph T. Carmack, *pro se*              John A. Kiernan (BBO No. 271020)
398 Columbus Ave., PMB 130           Stephen E. Hughes (BBO No. 629644)
Boston, MA 02116-6008                    BONNER KIERNAN TREBACH & CROCIATA
                                                           One Liberty Square - 6th Floor
                                                           Boston, MA 02109
                                                           (617) 426-3900

DATED: February 25, 2005