**EXHIBIT 2**

CERTIFIED MAIL
7004 2510 0007 3023 7517

Joseph T. Carmack
398 Columbus Ave. PMB 130
Boston, MA 02116 6008

February 14, 2005

Mr. Stephen E. Hughes
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6thFloor
Boston, MA 02109
Fax: 617/426-0380



RE: Joseph T. Carmack v. National Railroad Passenger Corporation
United States District Court for the District of Massachusetts
Civil Action No. 03-12488 PBS

Dear Atty. Hughes:

    Enclosed, please find proposed "DRAFT OF PROTECTIVE ORDER" for your perusal as per our discussions of Feb. 7, 2005 and Feb. 11, 2005.

Also, a protective order limiting time of discovery should probably be added to this draft. I wasn't sure if local rules require a separate cover. I was thinking that adding it here would give the appearance of a "blanket" order.

    Please advise concerning your objections.

    Thank you for your attention to this matter.

                              Sincerely,

                              Joseph T. Carmack

DRAFT OF PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | MOTION FOR PROTECTIVE |
| v. | ) | ORDER LIMITING SCOPE OF |
| | ) | DEPOSITION, INTERROGATORIES |
| The National Railroad Passenger | ) | AND DISCLOSURES OF PLAINTIFF |
| Corporation | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### Motion

Plaintiff moves for an order limiting the scope of deposition, interrogatories and disclosures required of plaintiff. Plaintiff moves that scope of these discovery procedures be limited to employment matters directly related to the above captioned case, including medical matters, which will be limited to issues which are job-related, essential to the performance of duties of plaintiff's employment with defendant and consistent with business necessity as prescribed by the Americans with Disabilities Act. Furthermore, plaintiff moves that discovery relevant to personal injury damages be limited to the specific circumstances set forth in plaintiff's second amended complaint.

### Discussion

As basis for his request, Plaintiff states that the primary issue of plaintiff's Second Amended complaint is related to plaintiff's employment with defendant. More specifically, the to Employees of Defendant primary issue of plaintiff's complaint is related to protections guaranteed by the American's with Disabilities Act (ADA). All other claims are ancillary and grow out of

the primary issue, being the ADA. Plaintiff avers that defendant discriminated against plaintiff on the basis of a perceived disability and on the basis of religion under a pretext of workplace violence in a fraudulent application of defendant's workplace violence policy. Discrimination is averred as a matter related to employment. The aversions to slander, libel, invasion of privacy and unfair labor practice are the product of the alleged fraudulent application of the workplace violence policy and were employment related. The aversions of unfair labor practice and retaliation in violation of public policy are also alleged as motives on information and belief arising out of the same transactions and or occurrences as the discrimination allegation and they are employment related. All union business of the Brotherhood of Locomotive Engineers related to the allegations is union business related to the performance of duties of employment with defendant. Any medical related evidence and its relevance to the above captioned matter pertains solely to the transactions or occurrences related to the employment discrimination complaint and/or are recorded in defendant's medical records pertaining to plaintiff in employment-related medical files. Any discovery outside of parameters which are "job-related and consistent with business necessity" as required of employers covered by the Americans with Disabilities Act would only serve to further aggrieve plaintiff in denial of protections guaranteed under the Act

## Legal Basis for Motion

As legal basis for this motion plaintiff asserts Section 102(d)(4) of the Americans with Disabilities Act entitled "Examinations and inquiries" which in subparagraph (A) states: "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." This assertion is further specified by The Americans with Disabilities Act Manual of the Bureau of National Affairs at 70:1286 page 82 which states that an inquiry which is "job-related and



consistent with business necessity must not exceed the scope of the specific medical condition and its effect on the employee's ability, with or without reasonable accommodation, to perform essential job functions or to work without posing a direct threat." The medical condition refered to in plaintiff's Second Amended Complaint is alleged to have been uncovered by the defendant while allegedly exercising administrative control over the plaintiff. The circumstances surrounding the discovery of the alleged medical condition are employment related and they involve administrative control. Since the main issue of the Second Amended Complaint involves ADA limitations on defendant's administrative control over plaintiff, all inquiries in discovery related to the presumed medical condition alleged in plaintiff's Second Amended Complaint are inquiries on behalf of plaintiff's former employer into the nature and severity of a presumed disability. Such inquiries should be bound by the limitations proscribed by the ADA. Any issue outside the scope of the ADA, is outside the scope of the complaint.

## Personal Injury Damages

Plaintiff asserts that plaintiff's Second Amended Complaint avers personal injury damages specifically related to employment, personal injury and other medical inquiries should be limited to the circumstances of Plaintiff's employment. Plaintiff's Second Amended Complaint avers that defendant overstepped its administrative control of plaintiff to invade plaintiff's right to privacy and to induce a disruption of plaintiff's mitigating measures of his perceived impairment by inducing a breakdown in the psychotherapeutic relationship between plaintiff and his physician(s). Defendant's administrative control over plaintiff, which is the means by which injury is alleged to have been caused, is an employment matter which is covered by the limitation on deposition and interrogatories proposed here.

WHEREFORE, plaintiff prays that this honorable court grant the order prayed for on that grounds that said order will avoid undue annoyance, embarrassment, oppression

3

and burden of plaintiff; and, furthermore, plaintiff prays that this honorable court grant the order prayed for because justice and fairness require it.

Date: _____

_____
Plaintiff Pro Se

4