**EXHIBIT 3**

02/10/2005 12:18 FAX 617 227 1041   COPY COP 1 BEACON ST   ☒001

FAX  617/426-0380

CERTIFIED MAIL 7004 2510 0007 3023 7487
Return Receipt Requested

Joseph T. Carmack
398 Columbus Ave. PMB 130
Boston, MA 02116-6008

February 10, 2005

Mr Stephen E. Hughes
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6thFloor
Boston, MA 02109

RE: Joseph T. Carmack v. National Railroad Passenger Corporation
United States District Court for the District of Massachusetts
Civil Action No. 03-12488 PBS

Dear Atty. Hughes:

With this letter I am confirming our discussion of February 7, 2005 and addressing requirements for a protective order.

1. Interrogatories.

    As discussed, I did not receive any interrogatories in your mailing of December 21, 2004 or at any other time. I merely received Amtrak disclosures of that date. However, pursuant to my voice mail message of February 7, 2005, I did receive interrogatories February 8, 2005 and will complete them to the best of my abilities this weekend.

2. Discovery Schedule

    I share your concerns regarding the discovery schedule, but I do not accept any insinuation of my own individual responsibility for the difficulties you are having. We have both expressed our concerns to the court regarding this matter and I will reiterate my anticipation of an assented motion. I suggest a one month extension of the schedule.

3 Protective Order

    Amtrak's disclosures and other matters of this case involve deeply personal and private medical information that fall under privacy privileges pursuant to 5 U.S.C. ss 552a and M.G.L. 66a. Accordingly, items falling in this category

i

Stephen E. Hughes                                                February 10, 2005

require impoundment procedures. Furthermore, I see no reason why the record of this case should reveal any medical issues that are not job related and essential to the position of Locomotive Engineer. Had Dr. Pinsky and Dr. Vasile provided any semblance of special accommodation, I would have been aware of Dr. Pinsky's evaluation goals he outlined to Vasile in May of 2001 and Vasile could have fashioned a privacy agreement that would satisfy Dr. Pinsky's Fitness For Duty concerns and protect the health and safety security of my person. Likewise, it is difficult to glean anything from Amtrak's vague Answer to my Complaint that would require any more medical information than a medical opinion verifying my ability to get along with others, follow instructions and discern right from wrong. If Amtrak requires anything more than such an opinion and the medical disclosures referred to above, please articulate them for me in writing.

Beyond the medical concerns, I require that depositions be held between the hours of 6 PM to 10 PM Monday through Thursday to avoid disruption of my work schedule. Furthermore, Amtrak should compensate Mr. O'Bryan to accommodate this schedule. Amtrak has routinely paid employees, including Mr. O'Bryan, to be deposed in past cases. Mr. O'Bryan was an employee of Amtrak at all times relevant to this case. Since Amtrak is noticing the depositions in this case and O'Bryan is being deposed as an employee of Amtrak, Amtrak should be responsible for compensating him.

Going forward, I propose that I draft a protective order for your perusal and amendment on Monday, February 14. Likewise, I would appreciate it if you could draft a motion to extend the discovery deadline for my perusal on Monday, February 14. Please advise.

I trust this letter satisfies your concerns of February 2, 2005.

Thank you for your attention to this matter.

                                        Sincerely,

                                        *Joseph T. Carmack* [signature]

                                        Joseph T. Carmack

2