**EXHIBIT 4**

Case 1:03-cv-12488-PBS   Document 30-5   Filed 02/25/2005   Page 1 of 2

CERTIFIED MAIL 7002 2030 0007 1956 1917
Return Receipt Requested

Joseph T. Carmack
398 Columbus Ave. PMB 130
Boston, MA 02116-6008

February 22, 2005

Mr. Stephen E. Hughes
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6thFloor
Boston, MA 02109   Fax 426-0380

RE: *Joseph T. Carmack v. National Railroad Passenger Corporation*
*United States District Court for the District of Massachusetts*
*Civil Action No. 03-12488 PBS*

Dear Atty. Hughes:

Reference your telephone call to me of February 16, 2005 in which you claimed that you would be unable inquire about personal injury under the terms of the protective order which I proposed. I would like to reiterate to you, as I tried to indicate at the time, that I would forego any personal injury claim in order to maintain the limits I proposed. As I further indicated in the phone conversation, I believe the level of inquiry that Amtrak is after would be hazardous to my health and I am resisting such level of inquiry on medical advice.

Nonetheless, I am mindful of the conundrum that I am faced with having made a personal injury claim which traditionally includes a waiver of physician-patient privilege. Although I think the law may be unclear or nonexistent on the question of psychotherapist-patient privilege in a personal injury claim, I do not wish to use the present discrimination case in order to address such a question. To resolve the issue, I would be willing to stipulate the dismissal of claims for personal injury damages.

Please advise whether or not a stipulation or some similar resolution might be possible.

Thank you for your attention to this matter.

Sincerely,

Joseph T. Carmack

i