UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION )<br>)<br>Defendant. )<br>) | Civil Action No. 03 12488 PBS |

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY
PLAINTIFF JOSEPH CARMACK

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, National Passenger Railroad Corporation, hereby requests that Plaintiff, Joseph Carmack, produce, within thirty days of receipt hereof, at the law offices of Defendant's counsel, Bonner Kiernan Trebach & Crociata, One Liberty Square, Boston, Massachusetts 02109, those documents below which are in his possession, custody or control, and permit Defendant to inspect and copy same.

## DEFINITIONS

As used herein the terms listed below are defined as follows:

1. "Amtrak," unless otherwise specified, means Defendant, National Passenger Railroad Corporation, including its attorneys, agents, representatives, and/or any person acting or purporting to act on its behalf.

2. "Plaintiff," "You," or "Your," unless otherwise specified, means Plaintiff, Joseph Carmack, including his attorneys, agents, representatives, employees, and/or any person acting or purporting to act on his behalf.

3. "Person" shall mean business and governmental entities as well as natural persons.

4. "Communication", unless otherwise specified, shall have the meaning as defined in Local Rule 26.5(1), i.e. "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)." This definition is interpreted to include written or oral

communications, as well as documents (also as defined in LR 26.5) which consist of communications.

5. "Document", unless otherwise specified, shall mean writings of any kind, as defined in Local Rules 26.5(2).

6. The term "concerning" shall be consistent with the definition set forth in LR 26.5(7).

7. The terms "incidents", "circumstances" or "occurrences" shall mean the circumstances that allegedly transpired, which are the subject of Plaintiff's Complaint.

8. The term "the Second Amended Complaint" shall refer to the document filed by Plaintiff in the United States District Court for the District of Massachusetts on or about December 9, 2004, and consisting of his allegations against Amtrak.

## DOCUMENTS TO BE PRODUCED

1. All documents concerning any correspondence, conversations, statements, reports and/or communications by any and all of the following regarding (a) any alleged libel, slander and/or defamation of character, (b) any injuries or damages sustained by you as a result of said allegations, and/or (c) any actions by Amtrak or its employees or agents which you allege caused or contributed to said allegations:

   a. Plaintiff;
   b. any Amtrak supervisors at times relevant to Plaintiff's allegations;
   c. any employee of Amtrak;
   d. any family member or relative of Plaintiff;
   e. any friend or acquaintance of Plaintiff;
   f. any doctor or health care provider;
   g. any insurance company;
   h. any police department;
   i. any governmental entity;
   j. any witness to the alleged libel, slander and/or defamation of character; and
   k. any other person.

2. All documents concerning any correspondence, conversations, statements, reports and/or communications by any and all of the following regarding (a) any invasion of privacy, (b) any injuries or damages sustained by you as a result of said allegations, and/or (c) any actions by Amtrak or its employees or agents which you allege caused or contributed to said allegations:

   a. Plaintiff;
   b. any Amtrak supervisors at times relevant to Plaintiff's allegations;
   c. any employee of Amtrak;
   d. any family member or relative of Plaintiff;

  e. any friend or acquaintance of Plaintiff;
  f. any doctor or health care provider;
  g. any insurance company;
  h. any police department;
  i. any governmental entity;
  j. any witness to the alleged invasion of privacy; and
  k. any other person.

 3. All documents concerning any correspondence, conversations, statements, reports and/or communications by any and all of the following regarding (a) any alleged discrimination on the basis of disability, (b) any injuries or damages sustained by you as a result of said allegations, and/or (c) any actions by Amtrak or its employees or agents which you allege caused or contributed to said allegations:

  a. Plaintiff;
  b. any Amtrak supervisors at times relevant to Plaintiff's allegations;
  c. any employee of Amtrak;
  d. any family member or relative of Plaintiff;
  e. any friend or acquaintance of Plaintiff;
  f. any doctor or health care provider;
  g. any insurance company;
  h. any police department;
  i. any governmental entity;
  j. any witness to the alleged discrimination on the basis of disability; and
  k. any other person.

 4. All documents concerning any correspondence, conversations, statements, reports and/or communications by any and all of the following regarding (a) any alleged interference with your rights as indicated in Count IV of the Second Amended Complaint, (b) any injuries or damages sustained by you as a result of said allegations, and/or (c) any actions by Amtrak or its employees or agents which you allege caused or contributed to said allegations:

  a. Plaintiff;
  b. any Amtrak supervisors at times relevant to Plaintiff's allegations;
  c. any employee of Amtrak;
  d. any family member or relative of Plaintiff;
  e. any friend or acquaintance of Plaintiff;
  f. any doctor or health care provider;
  g. any insurance company;
  h. any police department;
  i. any governmental entity;
  j. any witness to the alleged interference with your rights; and
  k. any other person.

 5. All documents concerning any correspondence, conversations, statements, reports and/or communications by any and all of the following regarding (a) any alleged unfair labor

practices, (b) any injuries or damages sustained by you as a result of said allegations, and/or (c) any actions by Amtrak or its employees or agents which you allege caused or contributed to said allegations:

    a.    Plaintiff;
    b.    any Amtrak supervisors at times relevant to Plaintiff's allegations;
    c.    any employee of Amtrak;
    d.    any family member or relative of Plaintiff;
    e.    any friend or acquaintance of Plaintiff;
    f.    any doctor or health care provider;
    g.    any insurance company;
    h.    any police department;
    i.    any governmental entity;
    j.    any witness to the alleged unfair labor practices; and
    k.    any other person.

6.    All documents concerning any correspondence, conversations, statements, reports and/or communications by any and all of the following regarding (a) any alleged discrimination against you on the basis of your religion or religious beliefs, (b) any injuries or damages sustained by you as a result of said allegations, and/or (c) any actions by Amtrak or its employees or agents which you allege caused or contributed to said allegations:

    a.    Plaintiff;
    b.    any Amtrak supervisors at times relevant to Plaintiff's allegations;
    c.    any employee of Amtrak;
    d.    any family member or relative of Plaintiff;
    e.    any friend or acquaintance of Plaintiff;
    f.    any doctor or health care provider;
    g.    any insurance company;
    h.    any police department;
    i.    any governmental entity;
    j.    any witness to the alleged discrimination against you on the basis of your religion or religious beliefs; and
    k.    any other person.

7.    All documents concerning any correspondence, conversations, statements, reports and/or communications by any and all of the following regarding (a) any alleged personal injury, violation of the Federal Employer's Liability Act, and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint, (b) any injuries or damages sustained by you as a result of said allegations, and/or (c) any actions by Amtrak or its employees or agents which you allege caused or contributed to said allegations:

    a.    Plaintiff;
    b.    any Amtrak supervisors at times relevant to Plaintiff's allegations;
    c.    any employee of Amtrak;
    d.    any family member or relative of Plaintiff;

  e. any friend or acquaintance of Plaintiff;
  f. any doctor or health care provider;
  g. any insurance company;
  h. any police department;
  i. any governmental entity;
  j. any witness to the alleged personal injury, violation of the Federal Employer's Liability Act, and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint; and
  k. any other person.

 8. All documents concerning any correspondence, conversations, statements, reports and/or communications by any and all of the following regarding (a) any alleged wrongful discharge in violation of public policy, (b) any injuries or damages sustained by Plaintiff as a result of said allegations, and/or (c) any actions by Amtrak or its employees or agents which Plaintiff alleges caused or contributed to said allegations:

  a. Plaintiff;
  b. any Amtrak supervisors at times relevant to Plaintiff's allegations;
  c. any employee of Amtrak;
  d. any family member or relative of Plaintiff;
  e. any friend or acquaintance of Plaintiff;
  f. any doctor or health care provider;
  g. any insurance company;
  h. any police department;
  i. any governmental entity;
  j. any witness to the alleged wrongful discharge in violation of public policy; and
  k. any other person.

 9. All documents concerning all physical, mental, emotional/psychological injuries, ailments, conditions and pains which you claim to have suffered **as a result of the circumstances supporting the allegations in your Complaint**, and the treatment you received there for, including, but not limited to, medical records, hospital records, notes, reports, studies, test results, radiological films, history, physical examination, correspondence, communications, conversations, diagnosis and/or prognosis.

 10. All documents concerning all records from medical (including, but not limited to, physicians, technicians, therapists, psychiatrists, psychologists, drug and/or alcohol counselors, clinics, and hospitals) providers pertaining to the diagnosis of, or treatment provided to you for any injury, ailment or condition related in any way at any time before or after the incident to your nerves, nervous system, mental state, psychological state of mind, or emotional state **except for the documents related to those injuries and conditions caused by the circumstances supporting the allegations in your Complaint** which are sought in Request No. 9 above. The documents sought in this Request include, but are not limited to, medical records, hospital records, notes, reports, studies, test results, history, physical examination, correspondence, communications, conversations, diagnosis and/or prognosis.

11. All documents concerning all records from medical (including, but not limited to, physicians, technicians, psychiatrists, psychologists, therapists, drug and/or alcohol counselors, clinics, and hospitals), chiropractic, acupuncture, and alternative care providers pertaining to any treatment provided to you for any reason from January 1, 1995 to the present, including, but not limited to, medical records, hospital records, notes, reports, studies, test results, radiological films, history, physical examination, correspondence, communications, conversations, diagnosis and/or prognosis.

12. All documents consisting of prescription and over-the-counter medications, taken by you at any time between your birth and the present to assist treatment of psychological, mental or emotional injuries, ailments, or conditions.

13. All documents consisting of prescription and over-the-counter medications, including homeopathic remedies, taken by you from January 1, 1999 until the present.

14. All documents concerning any records or files pertaining to your employment at any time from the time you were eighteen years of age to the present.

15. All documents concerning any civil actions or complaints brought by or against you in any state, county, city, or local Court, and/or any claims made by or against you, including but not limited to any claim addressed to any insurance carrier (including but not limited to the Railroad Retirement Board), and/or brought under the Worker's Compensation Act or the Federal Employers Liability Act (FELA), which documents shall include but not be limited to any complaints, answers, pleadings, witness statements, deposition, hearing, or trial transcripts, reports, studies, communications, correspondence, conversations, court orders, judgments, contracts, releases, and/or agreements.

16. All documents concerning any criminal actions and/or complaints, or any application for the issuance of same, filed against you in any state, county, city, or local Court, including but not limited to applications, complaints, indictments, witness statements, deposition, hearing or trial transcripts, reports, studies, communications, correspondence, conversations, court orders, judgments, dispositions, contracts, and/or agreements.

17. All documents concerning any medical expenses incurred by or on behalf of you as a result of the alleged wrongdoing by Amtrak referenced in the Second Amended Complaint, including but not limited to bills, statements, invoices, charges, reports, cancelled checks, and receipts.

18. All documents concerning your income during the years 1999 to the present, including but not limited to communications, correspondence, W-2s, and state and federal tax returns.

19. All documents that form the basis of, or provide any information in support of, your contentions in Paragraph 28 of the Complaint that, "Plaintiff provided documentary and material evidence to DeModena that Defendant was operating trains on Defendant's right of way with rolling stock equipment that failed to comply with FRA regulations."

20. All documents that form the basis of, or provide any information in support of, your contentions in Paragraph 36 of the Complaint that, "Plaintiff was to be disciplined in retaliation for reporting mechanical defects of commuter rail equipment, violations of FRA regulations and mechanical violations of Defendant's rules and policies."

21. The document referenced as "Rail Satire" in Paragraphs 52 through 60, and 81 through 83.

22. All documents that form the basis of, or provide any information in support of, your contentions in Paragraph 55 of the Complaint that, "The Rail Satire was inspired by the ideas of John O. Whitney of Columbia Business School which compare business management situations and issues to the plots and themes of Shakespeare plays."

23. All documents that form the basis of, or provide any information in support of, your contentions in Paragraph 59 of the Complaint that, "Division 57 of the Brotherhood of Locomotive Engineers ... acknowledged in various communications ... that the Rail Satire was a legitimate business document dealing with legitimate union business ... and utilized within the inner workings of Division 57."

24. All documents that form the basis of, or provide any information in support of, your contentions in Paragraph 62 of the Complaint that, "O'Bryan and O'Malley openly acknowledged to one another that discipline of Plaintiff by O'Bryan and O'Malley on October 24, 2000 was executed outside the scope, regulations and procedures of the Railway Labor Act, the BLE constitution and the collective bargaining agreement between the BLE and the Defendant.

25. All applications for benefits submitted by you, or on your behalf, to any insurance company, union, governmental entity, the Railroad Retirement Board or Amtrak as a result of the incidents, circumstances, and/or occurrences supporting the allegations in your Complaint.

26. All documents which detail or verify any damages and expenses claimed by you in this action, including but not limited to receipts, bills, statements, invoices, contracts, agreements, and cancelled checks.

27. All documents you identified in response to the interrogatories propounded upon you by Amtrak.

28. All documents that support any claim that you mitigated your damages.

Respectfully submitted,
DEFENDANT,
NATIONAL RAILROAD PASSENGER
CORPORATION,
By Its Attorneys,

DATED: December 21, 2004

_____
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

### Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on December 21, 2004 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

_____
Stephen E. Hughes

8