## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JOSEPH T. CARMACK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 03 12488 PBS** |
| | ) | |
| **NATIONAL RAILROAD PASSENGER** | ) | |
| **CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY FROM PLAINTIFF PURSUANT TO FED.R.CIV.P. 37

Defendant National Railroad Passenger Corporation ("Amtrak") hereby moves this Honorable Court for an order pursuant to Fed.R.Civ.P. 37 compelling the pro se plaintiff Joseph T. Carmack ("Plaintiff") to provide full and proper responses to certain interrogatories and requests for the production of documents propounded by Amtrak. Without full and forthcoming answers and responses, Defendant cannot properly take the depositions of Plaintiff or non-party witness Mr. O'Bryan and will be unable to properly prepare its motion for summary judgment or prepare for trial.

## I.    APPLICABLE LEGAL STANDARDS

The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, (1947). The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. Engl v. Aetna Life Ins. Co., 139

F.2d 469.

Fed.R.Civ.P. 26 (5)(b)(1) states, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence".

Fed.R.Civ.P. 33(b)(5) allows the party submitting the interrogatories to move for an order under Rule 37(a) for failure to answer an interrogatory. Rule 33(d) allows, in certain instances, business records to be produced in lieu of answering interrogatories, but when appropriately doing so, further requires the answering party to provide specificity as to the relevant documents:

> "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

Fed.R.Civ.P. 34(b) states:

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or *shall organize and label them to correspond with the categories on the request.* [emphasis added]

Fed.R.Civ.P 37 (a)(2)(A) and (B) permit a party to move to compel disclosure and for appropriate sanctions if a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond as requested. In addition, Fed.R.Civ.P 37 (a)(3) states that an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond.

## II.    CERTIFICATION AS TO DISCOVERY CONFERENCE

After several telephone conferences, on April 5, 2005, Plaintiff and counsel for Amtrak met for approximately one hour at Amtrak counsel's office in a good faith attempt by Amtrak to secure the outstanding discovery information sought in this instant motion.  Although some discovery issues were resolved during the meeting, many were not, thereby necessitating this motion.

## III.    ARGUMENT

In order to defend against Plaintiff's allegations, Amtrak must be provided with complete and meaningful answers to its Interrogatories, and documents that are responsive to Amtrak's Request for Production of Documents must be produced by Plaintiff and be produced in a manageable and intelligible form.

## A.    Plaintiff's Answers to Interrogatories Propounded by Amtrak

Plaintiff's answers to numerous Interrogatories are non-responsive and improper in form and content.  Amtrak seeks full and complete answers.  See Ex. A and B (Amtrak's interrogatories and Plaintiff's answers to same, respectively).[1]

Amtrak's Interrogatory Nos. 5 through 12 seek factual information that supports Plaintiff's eight separate Counts against Amtrak,[2] i.e. Interrogatory No. 5 seeks factual

---

[1]    Both Amtrak's Interrogatories and Plaintiff's Answers to Amtrak's Interrogatories have been attached as exhibits because Plaintiff failed to write Amtrak's interrogatories above each of Plaintiff's answers.

[2]    The following is a list of the Counts as plaintiff has asserted them in the second amended complaint:
1.    Slander, Libel And Defamation
2.    Invasion Of Privacy
3.    Discrimination On The Basis Of Disability:  Americans With Disabilities Act - 42 U.S.C. ss. 12101 et. seq.; Massachusetts Civil Rights Act; M.G.L. c.151B; Rehabilitation Act Of 1973; 29 U.S.C. 701 et. seq.
    I.    Utilizing Standards Of Criteria, Or Methods Of Administration That Have The Effect Of Discrimination On The Basis Of Disability: 42 U.S.C. s. 12112(3)(A) (¶244)
    II.    Utilizing Standards Of Criteria, Or Methods Of Administration That Perpetuate The Discrimination Of Others That Are Subject To Common Administrative Control: 42 U.S.C. s. 12112(3)(B)
    III.    Limiting, Segregating, Or Classifying An Employee In A Way That Adversely Affects The

information that supports Plaintiff's Count I, Slander, Libel, and Defamation.  In response to

each of these interrogatories, Plaintiff provides no substantive information and merely states the

following:

> "that he has produced substantial records which where listed in initial disclosure and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden of deriving or ascertaining the answer to Question 5 from such records is substantially the same for the Defendant as for the Plaintiff."

Plaintiff answers in the same non-responsive way to Interrogatory Nos. 20 and 23 which

seek information about his damages and his mitigation of damages, respectively.  Moreover, as

shown below in Section B, he has not provided responses to Amtrak's Document Requests that

offer any information responsive to these interrogatories.  It is not Amtrak's burden to rummage

through thousands of pages of largely irrelevant documents in the hopes of identifying

information that Plaintiff might believe to be supportive of his various claims.  See Fed.R.Civ.P.

33(d).

---

|      |       | Opportunities Or Status Of Such Applicant Or Employee Because Of The Disability Of Such Applicant Or Employee: 42 U.S.C. s. 12112(B)(1) |
|------|-------|---|
|      | IV.   | Examinations And Inquiries Designed To Screen Out Individuals With a Disability, 42 U.S.C. s. 12112(B)(1); Medical Examinations And Inquiries Designed To Screen Out And Discriminate Against Individuals With A Disability, 42 U.S.C. s. 12112(D)(1), 42 U.S.C. s. 12112(D)(4); Violation Of Rights Of A Mentally Ill Person, U.S.C. 42 ss. 10841 |
|      | V.    | Harassment And Denial Of Requests For Reasonable Accommodation: 42 U.S.C. S. 12112(5)(A): Denial Of Right Of Informed Consent And Participation Of Mentally Ill Person In Planning Of Mental Health Treatments And Procedures, Denial Of Right To Access, Upon Request, To Mental Health Care Records 42 U.S.C. S. 10841 (C) (I-VI)(D)(H)(I) |
|      | VI.   | Retaliation: Coercion, Interference And Intimidation; Sabotage Of Mitigating Measures; 42 U.S.C. S. 12112(5)(B), Count XIII: 42 U.S.C. S. 12203(A), Count XIIII: 42 U.S.C. s.12203(B), Denial Of Right Of Grievance Of Mentally Ill Person And Reprisal, 42 U.S.C. s. 10841(1)(L)(N) |
|      | VII.  | Discrimination Generally:  42 U.S.C. s. 12112 |
| 4.   |       | Interference With Rights, M.G.L. c. 12, ss. 11h, 11i; M.G.L. c. 265 ss. 37 |
| 5.   |       | Unfair Labor Practices, U.S.C.A. 45 ss. 151 et. seq. |
| 6.   |       | Discrimination On The Basis Of Religion, Title VII Of The Civil Rights Act Of 1964, U.S.C. ss. 2000e et. seq., U.S.C. 42 ss. 1983; U.S.C. 1; M.G.L. c.151B |
| 7.   |       | Personal Injury: Federal Employers Liability Act, 45 U.S.C. s.51 et seq.; Intentional Infliction Of Emotional Distress |
| 8.   |       | Wrongful Discharge In Violation Of Public Policy |

4

Interrogatory No. 21 asks for the identity of witnesses to the incidents, circumstances and/or occurrences alleged in the Complaint, as well as any person having knowledge of Plaintiff's injuries and damages alleged in the Complaint. Plaintiff provided no information responsive to this Interrogatory:

> "Plaintiff states that questions and documents concerning personal injury related to the Complaint, violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint or requests for other medical information are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act. Personal injury are subject to Psychotherapist-Patient privilege and/or Physician-Patient Privilege."

Amtrak is entitled to this information and its defense will be prejudiced if Plaintiff is not ordered to appropriately answer Interrogatory No. 21 during discovery when Amtrak has the ability to further investigate Plaintiff's claims.

Lastly, in Plaintiff's answer to Amtrak's Interrogatory No. 15, which asks about medical treatment since 1995,[3] Plaintiff provides no information but states:

> "Plaintiff states that questions and documents concerning personal injury related to the Complaint, violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint or requests for other medical information are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act. Personal injury are subject to Psychotherapist-Patient privilege and/or Physician-Patient Privilege."

Again, Amtrak is entitled to ascertain the medical treatment plaintiff has received to properly defend against his allegations and properly evaluate his claims for damages.

In conclusion, Plaintiff is obligated by Rules 26 and 33 to provide answers to Interrogatory Nos. 5-12, 15, 20, 21, and 23 which go to the heart of his case and which require him to fully explain the factual basis of his claims.

---

[3]     This interrogatory was not part of Amtrak's prior Motion to Compel Psychiatric Information.

**B.**    **Plaintiff's Responses to Amtrak's Request for Production of Documents**

Plaintiff's formal response to Amtrak's Request for Production of Documents is improper and grossly insufficient.  See Exhibits C and D (Amtrak's Requests and Plaintiff's Responses).[4] Amtrak's Request Nos. 1 through 8 seek all documents that support Plaintiff's eight separate Counts against Amtrak, i.e. Request No. 1 seeks documents that support Plaintiff's Count I, Slander, Libel and Defamation.

Plaintiff's response No. 1 sets forth:

"In response to Defendant's Item No. 1 Plaintiff states that he has produced numerous documents in response to this item including initial disclosures. Any other documents of which Plaintiff is aware are in Defendant's possession by other means; are the result of work product privilege through pursuit of general knowledge of art, literature, philosophy and religion, including, but not limited to, the Bible of the Christian faith, the philosophy of Immanuel Kant, the works of Shakespeare, Harold Bloom on Shakespeare, Tom Stoppard, John Milton, Henry David Thoreau, John O. Whitney and Tina Packer on Shakespeare, C.S. Lewis and numerous English, American, Spanish, French and Latin American poets and Librettist…"

Plaintiff's responses No.'s 2-14; 17; 19-28 all respond "ibid. No. 1."

As Plaintiff's responses to Amtrak's First Request for Production of Documents, Plaintiff has produced, in the past month, three boxes and several folders of randomly collected documents without identifying in any manner which documents are responsive to which requests.  It is not Amtrak's responsibility to sift through and read boxes of documents to try to ascertain whether any documents are responsive to Amtrak's Requests, and to then speculate as to which Requests Plaintiff may consider them responsive.  Rather, it is Plaintiff's burden to tell the defendant which documents correlate to which request(s), and he has not done so.  See Fed.R.Civ.P.34(b).

---

[4]    Both Amtrak's Requests and Plaintiff's formal Responses have been attached as exhibits because Plaintiff failed to write Amtrak's requests above each of Plaintiff's responses.

Furthermore, Plaintiff's responses make numerous general references to materials protected by "work product privilege" and yet he has not produced a privilege log that would enable Amtrak to determine if the application of the privilege is appropriate. Currently, Amtrak has thousands of pages of irrelevant documents from Plaintiff's railroad past, but no idea as to which of the few potentially relevant documents he has produced he considers to be responsive to Amtrak's Requests and which are supportive of his various claims (fourteen Counts and Sub-Counts). More significantly, Amtrak has no idea what documents, if any, he may be withholding.

Finally, in Request No. 15, Amtrak has sought documents related to other claims brought by Plaintiff. Yet in his response, Plaintiff improperly claims that he may withhold documents responsive to this Request because they are protected by the "representative-client privilege between Plaintiff and his Union Representative." Amtrak is unaware of any such privilege recognized in the Commonwealth and Plaintiff has not submitted any case or statutory citations in support thereof. Hence, Plaintiff must either produce any records he is withholding on such grounds or provide a legal basis for withholding them accompanied by a privilege log.

In summary, with respect to all of Amtrak's Requests for Documents, Plaintiff has violated Rules 26 and 34 by failing to comply with the requirements of Rule 34(b) of organizing and labeling the documents he has produced to correspond with the categories on the request, and by withholding potentially relevant documents without producing a privilege log.

WHEREFORE, Amtrak respectfully requests that this Honorable Court grant Defendant's Motion in its entirety and order the plaintiff to comply with discovery and provide full and proper answers to Interrogatory Nos. 5-12, 15, 20, 21, and 23, and provide full and proper responses to the Request for Production of Documents, including a privilege log, and any other relief this Court may find equitable under the circumstances.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Certification:**
The provisions of LR 37.1
have been complied with.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER**
**CORPORATION,**
By Its Attorneys,


DATED: April 19, 2005

John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900


## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on April 19, 2005 served a true copy of the foregoing document by hand delivery to Plaintiff, Joseph T. Carmack.

Stephen E. Hughes

8