UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH T. CARMACK | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 03 12488 PBS |
| NATIONAL RAILROAD PASSENGER CORPORATION | ) ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON PLAINTIFF JOSEPH CARMACK

Pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure, Defendant, National Railroad Passenger Corporation, requests that Plaintiff, Joseph Carmack, answer the following interrogatories under the pains and penalties of perjury.

### DEFINITIONS

As used herein the terms listed below are defined as follows:

1. "Amtrak," unless otherwise specified, means Defendant, National Railroad Passenger Corporation, including its attorneys, agents, representatives, and/or any person acting or purporting to act on its behalf.

2. "Plaintiff," "You," or "Your," unless otherwise specified, means Plaintiff, Joseph Carmack, including his attorneys, agents, representatives, employees, and/or any person acting or purporting to act on his behalf.

3. "Person" shall mean business and governmental entities as well as natural persons.

4. "Communication", unless otherwise specified, shall mean the written or oral transmission of a word, statement, fact, opinion, thing, idea, instruction, demand, question, or statement of any nature whatsoever, including, but not limited to, documents, correspondence and conversations, as defined herein.

5. "Document", unless otherwise specified, shall mean writings of any kind, as defined in Local Rules 26.5.

6. When an interrogatory calls upon you to "state all facts which form the basis of" a particular claim, assertion, allegation, or contention, please (a) identify each and every document which forms any part of the source of your information regarding the alleged facts or legal conclusion referred to by the interrogatory; (b) identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory; (c) state separately the acts or omissions on the part of any person, identifying the acts or omissions by stating their nature, time, and place and identifying the persons involved which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory.

7. The term "concerning" shall be consistent with the definition set forth in LR 26.5.

8. The term "identify," as used in connection with an individual or entity shall mean to provide the following information where applicable: (a) full name; (b) employer and business address; (c) business telephone number; (d) residential address; and (e) title or position.

9. The term "identify," as used in connection with a document shall mean to provide the following information: (a) author; (b) recipient; (c) date generated or transmitted; (d) present or last known location of document, and whether such document has been produced, and (e) description of the contents or subject matter.

10. The terms "incidents", "circumstances" or "occurrences" shall mean the circumstances that allegedly transpired, which are the subject of Plaintiff's Complaint.

## INTERROGATORIES

1. State the name, date of birth, social security number, residential address and telephone number, and business telephone number of: (1) you; and (2) all persons with whom you reside; and for all persons with whom you reside, describe their kinship or relationship to you.

2. Please identify every person or office who employed you from the time you reached age eighteen to the present, and include in your response, for each such employer: the dates that you worked for the employer; your title, position, and responsibilities; the duration and reason for any leaves of absence or restrictions to the work you could perform caused by your physical, emotional or mental condition; and the reason you left your employment, including any reason given by your employer if your employment was terminated involuntarily.

3. Please state whether you have ever sued anyone, excluding this action, or asserted any other claim, with or without litigation, including but not limited to claims addressed to any insurance carrier or the Railroad Retirement Board, or any claims brought under the Workers'

Compensation Act or the Federal Employers' Liability Act ("FELA"), and if so, please include the following information: the name and address of the parties involved in the suit or claim; the court where any suit was brought; the subject matter of the suit or claim; and whether the suit or claim was resolved, and, if so, on what basis.

4. Please state whether you have been convicted of a felony in the past ten years or a misdemeanor in the past five years, and if so, please include the following information: the court where the charges were filed; the date the charges were brought; the allegations made; and the nature of the offense(s) for which you were convicted.

5. Please identify all facts which form the basis of or provide any information in support of your allegations in Count I of your second amended Complaint, including libel, slander, and/or defamation of character; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations.

6. Please identify all facts which form the basis of or provide any information in support of your allegations in Count II of your second amended Complaint, including invasion of privacy and/or disclosure of privileged communications; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations.

7. Please identify all facts which form the basis of or provide any information in support of your allegations in Count III of your second amended Complaint, including discrimination on the basis of disability; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations.

8. Please identify all facts which form the basis of or provide any information in support of your allegations in Count IV of your second amended Complaint, including interference with your rights; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations.

9. Please identify all facts which form the basis of or provide any information in support of your allegations in Count V of your second amended Complaint, including unfair labor practices; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations.

10. Please identify all facts which form the basis of or provide any information in support of your allegations in Count VI of your second amended Complaint, including discrimination against you on the basis of your religion or religious beliefs; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations.

11. Please identify all facts which form the basis of or provide any information in support of your allegations in Count VII of your second amended Complaint, including personal injury, violation of the Federal Employer's Liability Act, and Intentional Infliction of Emotional Distress; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations.

12. Please identify all facts which form the basis of or provide any information in support of your allegations in Count VIII of your second amended Complaint, including wrongful discharge in violation of public policy; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations.

13. Please describe all physical, mental, emotional/psychological injuries, ailments, and pains which you claim to have suffered **as a result of the circumstances supporting the allegations in your Complaint**, and the treatment you received there for, and include in your response:

   a. the part(s) of your body and/or mind/emotional state affected;
   b. the severity of the injuries, ailments or pains;
   c. how long said injuries, ailments, or pain lasted;
   d. whether any such injury, ailment or pain will be permanent;
   e. the name of the medical providers (e.g. doctor, psychiatrist, counselor, hospital, clinic) and/or alternative care providers (e.g. chiropractor, acupuncturist, provider of homeopathic remedies, etc.) who treated you;
   f. the address of the medical or alternative care provider who treated you;
   g. the date or dates of treatment;
   h. the reason or reasons you received such treatment;
   i. whether you were hospitalized or institutionalized;
   j. the results of the treatment; and
   k. all facts and documents which form the basis of or provide any information in support of said claim.

14. Please describe any and all treatment relating in any way to your nerves, nervous system, and/or your mental, psychological or emotional state, provided to you by any physicians, psychiatrists, psychologists, therapists, counselors, nurses, hospitals, clinics, Detox facilities, recovery centers, and institutions, at any time, and include in your response the following:

   a. the nature and medical diagnosis, if any, of the condition for which you obtained treatment;
   b. the severity of the injuries, ailments or pains;
   c. how long said injuries, ailments, or pain lasted;
   d. whether any such injury, ailment or pain will be permanent;
   e. the name of the medical provider or counselor who treated you;
   f. the address of the medical or counselor who treated you;
   g. the date or dates of treatment;
   h. the reason or reasons you received such treatment;
   i. whether you were hospitalized or institutionalized;
   j. the results of the treatment; and
   k. all facts and documents which form the basis of, or provide any information in support of, this answer.

15. Please describe any and all medical treatment provided to you for any reason and for any condition by any doctors, physicians, physical therapists, drug and/or alcohol counselors, nurses, hospitals, clinics, Detox facilities, recovery centers, institutions, and/or alternative care providers (e.g. chiropractors, acupuncturists, dispensers of homeopathic remedies, etc.) since January 1, 1995, and include in your response the following:

   a. the nature and medical diagnosis, if any, of the injuries, ailments, pains, or condition for which treatment was obtained;
   b. the severity of the injuries, ailments or pains;
   c. how long said injuries, ailments, or pain lasted;
   d. whether any such injury, ailment or pain will be permanent;
   e. the name of the medical or alternative care provider who treated you;
   f. the address of the medical or alternative care provider who treated you;
   g. the date or dates of treatment;
   h. the reason or reasons you received such treatment;
   i. whether you were hospitalized or institutionalized;
   j. the results of the treatment; and
   k. all facts and documents which form the basis of or provide any information in support of this answer.

16. Identify your primary care and family physicians from 1985 to the present, including their names, last known addresses, and the years in which they treated you.

17. Please describe all prescription and over-the-counter medications, taken by you at any time between your birth and the present to assist treatment of psychological, mental or emotional injuries, ailments, or conditions. Include in your response the name of the medication; the name of the person or facility who prescribed the medication; the date or dates that the medication was taken; and the condition for which the medication was prescribed or taken.

18. Please describe all prescription and over-the-counter medications, including homeopathic remedies, taken by you from January 1, 1999 until the present. Include in your response the name of the medication; the name of the person or facility who prescribed the medication; the date or dates that the medication was taken; and the condition for which the medication was prescribed or taken.

19. If you are claiming any loss of earnings or earning capacity as a result of the wrongful actions which you allege Amtrak took against you that are the subject of your Second Amended Complaint, please state all facts which form the basis for said claim, including but not limited to the following information:

   a. the total amount of earnings which you lost as a result of Amtrak's alleged wrongful actions;
   b. the amount of any financial consideration received from any employer, union, or insurer, or any other person or entity, including but not limited to the Railroad Retirement Board, while you were employed by Amtrak subsequent to January 1, 2000;

    c.    the total amount you received from employers, including your weekly or monthly earnings, after your employment was terminated by Amtrak;

    d.    the amount of any financial consideration received from any union, insurer, or any other person or entity, including but not limited to the Railroad Retirement Board, other than employers after your employment was terminated by Amtrak;

    e.    the basis for any claim for damages for any loss or impairment of earning power or capacity beyond your loss of wages from your employment, by providing full details of the nature, extent, amount, and duration of any such loss or impairment.

Include in your response an identification of all documents which form the basis of, or provide any information in support for, said lost earnings or earning capacity.

20.    Please describe and itemize any other losses, expenses, and damages you seek to recover in this litigation, and for each such item of loss, expense, or damage state why you are entitled to recover that specific item or general category of loss, expense, or damage from Amtrak, and the basis for the specific dollar amount claimed, and include in your response an identification of all documents which form the basis of or provide any information in support for the loss, expense, or damage claimed.

21.    Please identify each and every person who witnessed the incidents, circumstances and/or occurrences supporting the allegations in your Complaint, and/or any other person who has personal knowledge of the injuries and/or damages you claim you suffered as a result of the alleged wrongful conduct by Amtrak that is the basis of your complaint, and identify which of them you intend to call at the trial of this matter.

22.    Please identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

23.    Please identify all information that supports in any way your claim, if any, that you mitigated your damages.

Respectfully submitted,
DEFENDANT,
NATIONAL RAILROAD PASSENGER CORPORATION,
By Its Attorneys,

DATED: December 21, 2004

_____
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

### Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on December 21, 2004 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

_____
Stephen E. Hughes

7