UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The National Railroad Passenger | ) | |
| Corporation | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## PLAINTIFF JOSEPH T. CARMACK'S ANSWERS TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S FIRST SET OF INTERROGATORIES

Pursuant to rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, Joseph T. Carmack submits the following answers to Defendant's first set of interrogatories propounded upon Plaintiff.

## INTRODUCTION

Plaintiff protests that Defendant's request is unduly burdensome, broad and lengthy including subparts that exceed discovery limitations. Furthermore, much of the information requested has been the subject of conference of the parties in accordance with Local Rule 37.1 wherein parties appealed to the court for assistance. Said appeal resulted in a court order for Defendant motion to compel and motions for protective orders and Plaintiff answer to Defendant's Motion to Compel in response. However, in the interest of maintaining good faith discovery and presentation of material issues, Plaintiff hereby attempts to answer broad and burdensome questions recognizing that answers may be incomplete owing to the perceived length of the answer intended by the question. Plaintiff has produced approximately four (4) file boxes of items to the Defendant pursuant to compliance with Defendant's requests including material declared in initial disclosures. Plaintiff will request that much of the information in documents previously provided to Defendant will serve in lieu of any answer that refers to documents produced or where said documents will supplement Plaintiff's answers to Defendant's satisfaction. All other materials and answers are subject to privilege, protective order and impoundment in accordance with Federal Rules of Civil Procedure and Court order. Plaintiff claims such

i

privileges explicitly in response to applicable interrogatories.. Plaintiff anticipates that a many of these answers to interrogatories will be supplemented pursuant to conference in accordance with Local Rule 37.1. All others will be subject to Defendant's Motion to Compel which has been submitted to the court in accordance with court order.

Plaintiff furthermore protests that interrogatories are unduly burdensome due to the power imbalance between the parties. Defendant seems to have unlimited time and resources while Plaintiff is obligated to two employers for approximately 50 or more hours per week. While Defendant has agreed to extend the time limit on response to Defendant's interrogatories, Defendant has been hesitant to do so in complete and clear compliance with Federal Rule of Civil Procedure (F.R.C.P.) Rule 29. Plaintiff hereby requests some latitude from the Defendant and the court in respect to the power imbalance and Plaintiff's good faith effort to comply with Defendant's requests. In pursuit of such cooperation, Plaintiff anticipates supplementation of Defendant's discovery requests pursuant to Local Rule 37.1 and F.R.C.P. Rules 26 and 33.

Question 1.

In answer to question 1, Plaintiff states the following:

Name : Joseph T. Carmack
Social Security Number: 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
Residential Address: 592 Tremont Street, #5, Boston, MA 02118
Residential Phone: 617/536-0772
Temporary Business Phone: 617/727-2310 ext. 7045
Persons with whom Plaintiff resides: None

Question 2.

In answer to question 2, Plaintiff states the following:

After age 18 Plaintiff worked for Dixie Cone Factory on Long Point Road in Houston, Texas. Employment probably began in January or February of 1972 and continued through August of 1972 when Plaintiff left Houston to attend college in Denton, Texas. The title to the position worked is unknown to Plaintiff. As duties, Plaintiff unloaded straws from a machine and put them in boxes. On information and belief there were no absences from employment nor were there any restrictions on employment for any reason.

After 1972 Plaintiff worked in odd jobs in Landscaping and Roofing and building construction including A-Arrow Landscaping of Houston, Texas. Beginning around 1973 or 1974 Plaintiff worked at Westgate Memorial Hospital in Denton, Texas. Plaintiff was terminated at that position when the kitchen was privatized in contract to a separate entity. From 1975 to 1976 Plaintiff worked at House of Pancakes in Denton, Texas.

Plaintiff left the position of Dishwasher at that restaurant to return to Houston and work for Procter and Gamble as a Mail Clerk. From 1977 to 1978 Plaintiff worked as a coin vault teller at Texas Commerce Bank at Main & Rusk in Houston, Texas. In 1978 Plaintiff left Houston to attend college in Hartford Ct were he worked as cook in Rein's Deli. Plaintiff left Rein's Deli in 1979 to work at Bickford Family Fare at the corner of Boylston and Gloucester streets in Boston, MA. Plaintiff left the position of cook at Bickford's to work for Defendant. The information provided here is supplemented by Defendants personnel file on Plaintiff.

Question 3.

In answer to question 3 , Plaintiff states the following:

Plaintiff has had several sickness benefit claims with the Railroad Retirement board including for a sixth month medical leave in July1985 to January 1986 and October 2000 to January 2001. Plaintiff also claimed unemployment benefits during September 2000 when Plaintiff was required to requalify on (relearn) track territory in southeastern Massachusetts. Although a few of the documents relating to these claims are subject to psychotherapist-patient privilege pursuant to M.G.L. 233 s. 20B, the remainder are expected to be submitted to Defendant with responses to Defendant's requests for the production of documents. The sickness claims were resolved by payments from the Railroad Retirement Board and clearances to return to work by Plaintiff's Physician, Defendants Medical representative and Defendant. Plaintiff declines to answer with information on diagnosis and treatment of sickness on the grounds that the response is privileged.

Plaintiff filed for chapter 7 bankruptcy in Massachusetts Bankruptcy Court in March 2004. Discharge was valued at $42,032.39. Documents are expected to be submitted in response to Defendant's requests for production of documents.

Plaintiff is unaware of any Workman's Compensation claims of Federal Employers' Liability Act claims other than the claim submitted with the above captioned complaint.

Plaintiff objects to Defendant Amtrak's question No. 3 in part on the ground that it is oppressive, unduly burdensome, vague and seeks private information not calculated to lead to the discovery of admissible evidence; and Plaintiff further objects to Request No. 15 on the ground that it is being sought, in part, to embarrass Plaintiff in that it asks "Please state whether you have ever sued *anyone*" (emphasis added). Plaintiff has answered the question referring back to similar requests in Defendant's requests for production of documents and included bankruptcy and Railway Labor Act claims in pursuit of a relevant response.

Question 4.

In answer to question 4, Plaintiff states the following:

Plaintiff is unaware of any misdemeanor or felony convictions at any time.

Question 5.

In answer to Question 5, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden of deriving or ascertaining the answer to Question 5 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 6.

In answer to Question 6, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden of deriving or ascertaining the answer to Question 6 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 7

In answer to Question 7, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden of deriving or ascertaining the answer to Question 7 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 8.

In answer to Question 9, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden of deriving or ascertaining the answer to Question 8 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 9.

In answer to Question 9, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden of deriving or ascertaining the answer to Question 9 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 10.

In answer to Question 10, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials.  The burden of deriving or ascertaining the answer to Question 10 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 11.

In answer to Question 11, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials.  The burden of deriving or ascertaining the answer to Question 11 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 12.

In answer to Question 12, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials.  The burden of deriving or ascertaining the answer to Question 12 from such records is substantially the same for the Defendant as for the Plaintiff.  Plaintiff further cites the Whistlblower Protection Act of 1989 5 U.S.C. s. 2302,  The Railroad Safety Authorization Act of 1978 45 U.S.C. s. 421 (1988) and the Railroad Employers Act of 1908 45 U.S.C. s. 60.

Question 13.

In answer to Question 13, Plaintiff states that questions and documents concerning personal injury related to the complaint, violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint or requests for other medical information are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act.  Personal injury are subject to Psychotherapist-Patient privilege and/or Physician-Patient privilege.

Question 14.

In answer to Question 14, Plaintiff states that questions and documents concerning personal injury related to the complaint, violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint or requests for other medical information are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with

Disabilities act. Personal injury are subject to Psychotherapist-Patient privilege and/or Physician-Patient privilege.

Question 15.

In answer to Question 15, Plaintiff states that questions and documents concerning personal injury related to the complaint, violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint or requests for other medical information are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act. Personal injury are subject to Psychotherapist-Patient privilege and/or Physician-Patient privilege.

Question 16.

In answer to Question 16, Plaintiff states that Dr. Jonathan Apelbaum at Fenway Community Health Center at 7 Haviland Street in Boston, Massachusetts (02115) has been Plaintiff's primary care physician from 1985 to the present.

Question 17.

In answer to Question 17, Plaintiff states that questions and information concerning personal injury related to the complaint, violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint or requests for other medical information are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act. Personal injury are subject to Psychotherapist-Patient privilege and/or Physician-Patient privilege.

Question 18.

In answer to Question 18, Plaintiff states that questions and information concerning personal injury related to the complaint, violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint or requests for other medical information are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act. Personal injury are subject to Psychotherapist-Patient privilege and/or Physician-Patient privilege.

Question 19.

In answer to Question 19, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden

of deriving or ascertaining the answer to Question 19 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 20.

In answer to Question 20, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden of deriving or ascertaining the answer to Question 20 from such records is substantially the same for the Defendant as for the Plaintiff.

Question 21.

In answer to Question 21, Plaintiff states that questions and documents concerning personal injury related to the complaint, violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint or requests for other medical information are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act. Personal injury are subject to Psychotherapist-Patient privilege and/or Physician-Patient privilege.

Question 22.

In response to question 22, Plaintiff states that he has not retained any expert for testimony nor sought any expert testimony. However, finances permitting, expresses the hope of retaining a handwriting expert for testimony. Furthermore, the Plaintiff states that he retains the right to call any witnesses for testimony who have direct knowledge of Plaintiff's understanding of art, literature, philosophy and religion, including, but not limited to, the Bible of the Christian faith, the philosophy of Immanuel Kant, the works of Shakespeare, Harold Bloom on Shakespeare, Tom Stoppard, John Milton, Henry David Thoreau, John O. Whitney and Tina Packer on Shakespeare, C.S. Lewis, Wallace Stevens and numerous English, American, Spanish, French and Latin American poets and Librettists. Plaintiff also states the right to call any witnesses for testimony who have direct knowledge of Gerard L. DeModena's understanding of art, literature, philosophy and religion, including, but not limited to, the Bible of the Christian faith, the philosophy of Immanuel Kant, the works of Shakespeare, Harold Bloom on Shakespeare, Tom Stoppard, John Milton, Henry David Thoreau, John O. Whitney and Tina Packer on Shakespeare, C.S. Lewis and numerous English, American, Spanish, French and Latin American poets and Librettists. Plaintiff retains the right to question any witness concerning said witness's own understanding of such subjects related to art, literature, philosophy and religion.

Question 23.

In answer to Question 23, Plaintiff states that he has produced substantial records which where listed in initial disclosures and referred to in his complaint which have since been substantially supplemented by further production of related materials. The burden of deriving or ascertaining the answer to Question 23 from such records is substantially the same for the Defendant as for the Plaintiff.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Date: March 18, 2005              Signed: _____
                                  Joseph T. Carmack, Plaintiff, Pro Se.

Plaintiff declares under penalty of perjury that he has made objections on his own behalf.

Date: March 18, 2005              Signed: _____
                                  Joseph T. Carmack, Plaintiff, Pro Se.

### Certificate of Service

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by First Class U.S. Mail to : Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA 02109.

Date:  March 18, 2004             _____
                                  Joseph T. Carmack, Plaintiff, Pro Se.

CERTIFIED MAIL
Return Receipt Requested
7004 2510 0007 3023 7500

8