UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The National Railroad Passenger Corporation | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFF JOSEPH CARMACK'S RESPONSE TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal rules of Civil Procedure, Plaintiff, Joseph Carmack, provides the following written response to DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF JOSEPH CARMACK.

### INTRODUCTION

Plaintiff protests that Defendant's request is unduly burdensome and broad. The request fails to describe documents requested with reasonable particularity in accordance with rule. Furthermore, much of the material requested has been the subject of conference of the parties in accordance with Local Rule 37.1 wherein parties appealed to the court for assistance. Said appeal resulted in a court order for Defendant motion to compel and motions for protective orders and Plaintiff answer to Defendant's Motion to Compel in response. However, in the interest of maintaining good faith discovery and presentation of material issues, Plaintiff produced approximately four (4) file boxes of items to the Defendant pursuant to compliance with Defendant's requests including material declared in initial disclosures. All other materials are subject to privilege, protective order and impoundment in accordance with Federal Rules of Civil Procedure and Court order. Plaintiff anticipates that a majority of these items will nonetheless be presented for inspection to counsel of the Defendant pursuant to conference in accordance with Local Rule 37.1. All others will be subject to Defendant's Motion to Compel which has been submitted to the court in accordance with court order.

i

Plaintiff furthermore protests that request is unduly burdensome due to the power imbalance between the parties. Defendant seems to have unlimited time and resources while Plaintiff is obligated to two employers for approximately 50 or more hours per week. While Defendant has agreed to extend the time limit on response to Defendant's request for the production of documents, Defendant has been hesitant to do so in complete and clear compliance with Federal Rule of Civil Procedure (F.R.C.P.) Rule 29. Plaintiff hereby requests some latitude from the Defendant and the court in respect to the power imbalance and Plaintiff's good faith effort to comply with Defendant's requests. In pursuit of such cooperation, Plaintiff anticipates supplementation of Defendant's discovery requests pursuant to Local Rule 37.1 and F.R.C.P. Rules 26 and 34.

## DOCUMENTS PRODUCED AND PRIVILEGES DECLARED

1. In response to Defendant's Item No. 1 Plaintiff states that he has produced numerous documents in response to this item including initial disclosures. Any other documents of which Plaintiff is aware are in Defendant's possession by other means; are the result of work product privilege through pursuit of general knowledge of art, literature, philosophy and religion, including, but not limited to, the Bible of the Christian faith, the philosophy of Immanuel Kant, the works of Shakespeare, Harold Bloom on Shakespeare, Tom Stoppard, John Milton, Henry David Thoreau, John O. Whitney and Tina Packer on Shakespeare, C.S. Lewis and numerous English, American, Spanish, French and Latin American poets and Librettists; except that all documents concerning personal injury are subject to Psychotherapist-Patient privilege and are subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act.

2. ibid., Item No. 1.

3. ibid., Item No. 1.

4. ibid., Item No. 1.

5. ibid., Item No. 1.

6. ibid., Item No. 1.

7. ibid., Item No. 1.

8. ibid., Item No. 1. All other documents concerning violation of the Federal Employer's Liability Act and Intentional Infliction of Emotional Distress as described in Count VII of the Second Amended Complaint are likewise subject to protection and court order pursuant to M.G.L. 233 s. 20B and the provisions of the Americans with Disabilities act.

9. ibid., Item No. 1.

10. ibid., Item No. 1.

11. ibid., Item No. 1.

12. ibid., Item No. 1. In addition, Plaintiff states that, to his knowledge, Psychotropic medications have never been part of any viable prognosis for the mitigation of any condition or disability from which Plaintiff may be suffering.

13. ibid., Items Numbers 1 and 12.

14. ibid., Item No. 1.

15. Plaintiff objects to Defendant Amtrak's Request No. 15 on the ground that it is oppressive, unduly burdensome, vague and seeks private information not calculated to lead to the discovery of admissible evidence; and Plaintiff further objects to Request No. 15 on the ground that it is being sought, in part, to embarrass Plaintiff in that it seeks "*All* documents concerning *any* civil actions and/or complaints brought by or against" Plaintiff (emphasis added). Any documents concerning civil actions and/or complaints directly involving Plaintiff and Defendant have been produced; or any documents concerning civil actions and/or complaints that are relevant to the case have been produced; or said documents are subject to representative-client privilege between Plaintiff and his Union Representative or between Plaintiff and a potential representative counsel.

16. Plaintiff objects to Defendant Amtrak's Request No. 16 on the ground that it is oppressive, unduly burdensome, vague and seeks private information not calculated to lead to the discovery of admissible evidence; and Plaintiff objects to Request No. 16 on the ground that it is being sought, in part, to embarrass Plaintiff.

17. ibid., Items Numbers 1 and 8. Otherwise, said documents may be subject to physician-patient privilege; or subject to consideration in conference pursuant to Local Rule 37.1.

18. Plaintiff states that he has complied with Defendant Amtrak's Request No. 18: or further documents will be provided in a timely fashion mutually convenient.

19. ibid., Item No. 1.

20. ibid., Item No. 1.

21. ibid., Item No. 1.

22. ibid. Item No. 1; or said documents are subject to representative-client privilege between Plaintiff and his Union Representative or between Plaintiff and a potential representative counsel.

23. ibid. Item No. 1; or said documents are subject to representative-client privilege between Plaintiff and his Union Representative or between Plaintiff and a potential representative counsel.

24. ibid. Item No. 1.

25. ibid. Item No. 1; or items will be supplemented pursuant to agreement and clarification in conference pursuant to Local Rule 37.1.

26. ibid. Item No. 1; or items will be supplemented pursuant to agreement and clarification in conference pursuant to Local Rule 37.1.

27. ibid. Item No. 1; or items will be supplemented pursuant to agreement and clarification in conference pursuant to Local Rule 37.1.

28. ibid. Item No. 1; or items will be supplemented pursuant to agreement and clarification in conference pursuant to Local Rule 37.1.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Date: March 18, 2005         Signed: _____
                                     Joseph T. Carmack, Plaintiff, Pro Se.

Plaintiff declares under penalty of perjury that he has made objections on his own behalf.

Date: March 18, 2005         Signed: _____
                                     Joseph T. Carmack, Plaintiff, Pro Se.

### Certificate of Service

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by First Class U.S. Mail to : Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA 02109.

Date: March 18, 2004         _____
                              Joseph T. Carmack, Plaintiff, Pro Se.

CERTIFIED MAIL
Return Receipt Requested
7004 2510 0007 3023 7500