UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION )<br>)<br>Defendant. )<br>) | Civil Action No. 03 12488 PBS |

### DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
### MOTION TO EXTEND SCHEDULING ORDER

The defendant National Railroad Passenger Corporation (hereinafter "Amtrak or Defendant") moves this Court for an order extending discovery and the tracking order so that motions between the parties may be resolved, written discovery completed, and depositions taken prior to the filing of dispositive motions.

At a discovery conference on this issue held on April 19, 2005 at the offices of Amtrak's counsel, Plaintiff Joseph T. Carmack ("Plaintiff") has indicated he does not oppose the request for additional time for discovery but disputes the characterization of certain events mentioned herein.

As grounds for granting the extension of time, Amtrak states the following.

I.  **DISCOVERY STATUS SINCE FEBRUARY 25, 2005**[1]

1. On March 9, 2005, Amtrak filed a motion to compel Plaintiff's disclosure of information and documents associated with his history of mental and emotional treatment. Plaintiff filed an opposition to Amtrak's motion to compel psychiatric information.

2. Plaintiff filed motions for protective order to protect the confidentiality of his medical information and for impoundment of exhibits to same, both of which were granted by the Court on March 31, 2005.

3. On or about March 18, 2005, Plaintiff provided Amtrak's counsel with his answers to Amtrak's interrogatories and his formal responses to Amtrak's requests for documents.

4. As indicated in the Motion to Compel Disclosures and Discovery filed by Amtrak with this Court on April 19, 2005, Amtrak found the responses completely unsatisfactory.

5. On March 9, March 17, and April 5 Plaintiff delivered documents to Amtrak's counsel, and during the month of March also delivered three banker's boxes full of additional documents. The nature of these documents and the manner in which they were produced are also problematic and have been addressed in Amtrak's April 19th Motion to Compel.

6. On April 15, 2005, Amtrak provided its formal response to Plaintiff's first request for production of documents.

7. On April 15, 2005, the Honorable Magistrate Judge Dein issued a preliminary order on Amtrak's Motion to Compel Psychiatric Information requiring the production by April 29th, for *in camera* inspection, of 2.5 years (1/1/00 to 8/1/02) of Dr. Gurion's records (Plaintiff's psychiatrist) of treating Plaintiff, as well as correspondence between Dr. Gurion and third-parties (including insurance companies, Amtrak, and the Railroad

---

[1] On that date the parties filed a joint motion for status conference which gave a detailed account of the

Retirement Board), and a legal memorandum from Plaintiff as to why such correspondence is privileged from disclosure. Amtrak was given two weeks to reply to Plaintiff's memorandum. Hence, this issue will not be fully resolved until at least mid-May, when the Court has the psychiatric records and correspondence and the written views of both parties.

8. Amtrak intends to take the depositions of Plaintiff and his former union representative, Michael O'Bryan (both were noticed in December 2004) but has been unable to do so. Plaintiff's written discovery responses have been painfully insufficient. In addition, Plaintiff has refused to address his psychiatric history in a deposition (or in written discovery) and will not permit Mr. O'Bryan to do same at his deposition. Furthermore, there has been no decision yet by the Court as to whether Dr. Gurion's psychiatric treatment records will be disclosed. If the Court compels disclosure of these records, as sought by Amtrak, they are expected to play an important role at Mr. Carmack's deposition. Consequently, Amtrak has not taken the depositions, seeking to obtain resolution of these issues and the appropriate information and documents in advance so that the depositions of Plaintiff and Mr. O'Bryan need not be taken two or more times. Furthermore, it is possible that significant relevant information may be revealed by the medical records or the testimony of the deponents that will require further subpoenas for records or additional depositions of witnesses.

9. The court has scheduled a hearing on motions for summary judgment for May 6, 2005. Plaintiff's Second Amended Complaint contains more than 400 paragraphs of allegations and 14 Counts and Sub-Counts, many of which are styled in an unusual and confusing

---

discovery endeavors made up to that point, as well as the substantial discovery yet to be done.

manner. Even if discovery had been completed by this date, it would be unfair under these circumstances, considering the unusual discovery history of this pro se matter and the large and rambling Complaint, to require Amtrak to file a motion under such time restrictions. However, Amtrak does not yet possess much of the information yet to be obtained from discovery (e.g. deposition testimony of Plaintiff and Mr. O'Bryan, medical records, proper answers to interrogatories, etc.) which is required to adequately prepare a motion for summary judgment on a case of this magnitude and complexity.

WHEREFORE, Amtrak moves for an extension of time to the overall scheduling order to permit discovery to be appropriately completed and sufficient time for dispositive motions to be filed, replied to and heard.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Certification:**
The provisions of LR 37.1
have been complied with.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DATED: April 20, 2005

**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER**
**CORPORATION,**
By Its Attorneys,

*/s/ John A. Kiernan / Stephen E. Hughes*
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square – 6th Floor
Boston, MA 02109
(617) 426-3900

## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on April 20, 2005 served a true copy of the foregoing document by first class mail, postage prepaid, to:

<u>Plaintiff (Pro Se):</u>
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

*Stephen E. Hughes* (signature)
Stephen E. Hughes