UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack ) | Civil Action No. 03-12488-PBS |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | |
| v. ) | |
| ) | |
| The National Railroad Passenger ) | |
| Corporation ) | |
| ) | |
| Defendant ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY FROM PLAINTIFF PURSUANT TO FED.R.CIV.P.37**

Plaintiff Joseph T. Carmack hereby opposes Defendant's (NRPC or Amtrak) MOTION TO COMPEL DISCLOSURE AND DISCOVERY FROM PLAINTIFF PURSUANT TO FED.R.CIV.P.37. As grounds for opposition Plaintiff states that: Defendant's request is unduly burdensome broad and lengthy; Defendant has failed to describe requests with reasonable particularity to which Plaintiff can properly respond; the burden of deriving or ascertaining the answer is substantially the same for the Defendant as for the Plaintiff; the answers to interrogatories and documents requested are primarily derived from business records of Defendant declared in initial disclosures and detailed in Plaintiff's Second Amended Complaint; much of the material requested is privileged or confidential or subject to outstanding motion for protective order which this Honorable Court has yet to resolve; Defendant unfairly withheld documents which Plaintiff had surrendered to their control and prevented Plaintiff from addressing Defendant's complaints prior to filing motion to compel.

1

## I. TIMELINE: PROCEDURAL HISTORY OF MOTION

1. Plaintiff made "Partial Initial Disclosures" to Defendant on November 2, 2005. Plaintiff completed submission of initial disclosures with his Second Amended Complaint dated December 9, 2004 (Exhibit A).

2. Defendant also submitted initial disclosures on December 9, 2005 (Exhibit B.).

3. On December 23, 2004, Defendant counsel called Plaintiff at his place of employment to complain that Plaintiff's complaint was too lengthy. Counsel further informed Plaintiff Massachusetts is a "pleading state" and admonished Plaintiff that facts should be revealed in the pleadings.

4. The parties voluntarily exchanged documents and Defendant agreed to identify documents in Plaintiff's Initial Disclosures which were recognized as Defendant's own business records and submit a list of the remainder for Plaintiff to Produce (Exhibit C).

5. Other than documents which were to be impounded, Plaintiff completed production of documents (save one entitled "MBCR/BLE collective bargaining agreement") on February 3, 2005 (Exhibits D, E and F).

6. On February 7, at conference between the parties, Defendant reiterated request that Plaintiff respond to Interrogatories and Requests for Production of Documents.

7. Plaintiff responded that he had not received any requests for documents or interrogatories and the parties agreed that Defendant would send them that date.

8. Plaintiff received set of interrogatories and request for production of documents on February 8, 2005 (Exhibit G).

9. After several agreements to extend time to respond, Plaintiff completed production of documents and response to interrogatories on March 18, 2005 (Exhibit H).

10. In the ensuing weeks, Plaintiff informed Defendant that he needed the documents returned.

2

11. On March 24, 2005 Plaintiff called Defendant's counsel and requested the return of Documents. Counsel complained that there were too many documents and admitted that his request had been too broad. On appeal for Plaintiff to allow more time prior to return of documents, Plaintiff agreed to permit the Defendant to retain the documents for a longer period.

12. On April 5, 2005 Plaintiff arrived at the office of Defendant's legal representative in order to retrieve originals of produced documents. Counsel for Defendant again complained that Defendant needed more time to review and copy documents and Plaintiff agreed, but pleaded proceed without delay and return the documents.

13. Subsequent to agreement between the parties that Defendant would retain documents longer, Defendant requested conference with Plaintiff at which conference Plaintiff reiterated his request that Defendant be more specific and relate his questions to facts alleged in Plaintiff's Second Amended Complaint. Plaintiff offered several solutions including a direct review of the complaint in association with a review of initial disclosures. At no time during this conference did Defendant complain that documents were not labeled. Nor did Defendant's counsel iterate any challenge to representative privilege of Plaintiff's union representative.

14. At this same conference Plaintiff reiterated the importance of protecting confidentiality of his psychotherapeutic treatment.

15. At this same conference on April 5, 2005, Plaintiff requested that Defendant produce documents that Plaintiff had requested from Plaintiff on February 17, 2005. Defendant counsel responded that he would produce the documents "when (he) get(s) around to it".

16. On April 19, 2005, over a month after producing documents to Defendant, Plaintiff arrived at office of Defendant counsel to retrieve the documents. With return of the documents, Defendant counsel hand delivered Defendant's MOTION TO COMPEL

3

DISCLOSURE AND DISCOVERY FROM PLAINTIFF PURSUANT TO FED.R.CIV.P.37.

## II. DEFENDANT'S CERTIFICATION AS TO DISCOVERY CONFERENCE

In response to Defendant's certification as to a discovery conference, Plaintiff denies that a discovery conference was held in good faith to resolve the issues in dispute. Plaintiff reiterated offer to amend answers to interrogatories and requested that Defendant clarify his requests with specific reference to documents specified in complaint and initial disclosures. Defendant counsel stated that he did not have time to discuss the allegations in complaint or documents listed in complaint and initial disclosures.

Furthermore, Plaintiff expressly described matters relating to liability claims and the importance of protecting confidentiality. When counsel complained that The Plaintiff was lecturing, Plaintiff stated that Plaintiff was merely explaining his reasoning as per Rule 37.1 in order that they might agree on the content of a protective order and means of addressing liability claims. Counsel again stated that he did not have time. Defendant never requested a "work product log".

Plaintiff hereby submits, that conference was not held in good faith in pursuit of the purpose for which the Rule was designed.

## III. ARGUMENT

Defendant argues in their motion to compel that they require "complete and meaningful answers" to interrogatories. In response, Plaintiff hereby states; that he requires questions that are meaningful and relevant reference to the detailed specifics of his complaint; Plaintiff hereby reiterates his statement that the interrogatories are too broad and are unreasonably cumulative in the answers that they require; and that the answers to interrogatories are to be found in the complaint which lays out allegations in excruciating detail in anticipation of the complex legal issues establishing a prima facie case would entail.

As an example, Plaintiff refers to question No. 5. which asks: "please identify all facts which form the basis of or provide any information in support of your allegation in Count I of your second amended Complaint, including libel, slander, and/or defamation of character; the source of all such facts; and all documents which form the basis of and/or provide any information in support of said allegations." The complaint itself is extremely explicit on this matter. Count I describes in detail a document dated April 11, 2001 in paragraphs 84 through 128 and lists a chain reaction of events including a series of other documents and an ultimate investigation hearing which involved 200 pages of exhibits and over 400 pages of transcripts. Furthermore, the count describes the April 11, 2001 document as a "Workplace Violence Report Form" and states that it was prepared in response to a document of 10 pages written by Plaintiff on April 4, 2001 and included in a compilation of documents total number of which is over 40 pages. There is only one April 11, 2001 document and it is included in Plaintiff's and Defendants initial disclosures where Defendant names the document as "19. Mr. DeModena's T.A.R.T report dated April 11, 2001". Although this document is the initiator of Count I, it involves a complex chain of events that includes over six-hundred pages of documents all of which relate to counts I through VIII of the Complaint. In addition, the issues involved have been argued and debated between the parties for the past four year history of the case. To expect Plaintiff to comb through this large volume of materials and explain how they support the allegation would be quite burdensome and unduly. Surely, the Plaintiff has provided sufficient explanation in the count itself. Plaintiff asserts that the request for "information in support of your allegation" is a blatant preying upon the presumed ignorance of this "Pro Se" Plaintiff in attempt to exploit Plaintiff's work product including "mental impressions, conclusions, opinions, or legal theories". It is unfair to expect Plaintiff to prepares the defens's own investigation.

Defendant's request for witnesses is equally burdensome and for the same reasons as listed for facts requested by the defendant. The complaint names witnesses and their

5

involvement. Although there are a large number of witnesses that would be aware of the large volume of documents involved with this action.  To fairly request which witnesses know about which facts, Plaintiff expects Defendant to refer directly to the specific facts alleged in the Complaint.

The extensive documentation referred to here are compiled by Defendant themselves in compliance with the Railway Labor Act in the form of "Carrier Transcripts", "Investigation Transcript" and the statement of the organization submitted to the Public Law Board. This entire corpus was also submitted with the MCAD COMPLAINT REBUTTAL and APPEAL which were declared in initial disclosures. If Defendant has misplaced them, Plaintiff will be glad to re-supply the Defendant, but they will have to inform Plaintiff that they need them.

In spite of the fact Plaintiff's protest that interrogatories were "unduly burdensome, broad and lengthy including subparts that exceed discovery limitations" (Page 1 of "Plaintiffs Answers to Defendant...First Set of Interrogatories" in Defendant exhibits), Plaintiff nonetheless added three boxes of documents that may have fallen into categories and asked for "some latitude from the Defendant and the court in respect to the power imbalance and Plaintiff's good faith effort to comply with Defendant's requests. In pursuit of such cooperation, Plaintiff anticipates supplementation of Defendant's discovery requests pursuant to Local Rule 37.1 and F.R.C.P. Rules 26 and 33". Defendant counsel refused to discuss such supplementation in conference and stated that Defendant did not have time. Plaintiff stated that he was willing to label documents, but that they were in the possession of the Defense. Defense counsel did not return the documents until after he filed his motion to compel. It seems clear to the Plaintiff that there was never any good faith intended on the part of Defense attempting to resolve issues in accordance with Rule 37.1. Plaintiff did comply with question 21 on April 24, 2005 and supplied Defendant with a "Summary of Financial Impact of Dismissal" to supplement the declarations in initial disclosures. In regard to the three boxes of

additional materials Plaintiff will agree to label documents if he is given access to Defendant's copies.

## IV. SUPPORTING LEGAL AUTHORITY

In support of his position, Plaintiff refers to Rules 33 and 26 Fed.Rule Civ. Proc.. Rule 33 requires that interrogatories comply with Rule 26(b)(1) in that the interrogatory should be "relevant to the claim". The claim is detailed in its allegations. The requests should refer to those allegations specifically. Otherwise, as they stand, interrogatories are: " (i) unreasonably cumulative and duplicative" and "are obtainable from some other source that is more convenient, less burdensome, or less expensive" (the Complaint). Fed.Rule Civ. Proc. Rule 26 (b)(20). Defendant's blanket request for "all facts which form the basis" of counts I through V are unduly broad in that they separate the torts from the facts alleged and therefore they are not duly relevant in compliance with Rule. "Responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party" *Miles v. Boeing 154 F.R.D 117* (citing to *Robbins v.Camden City Board of Education*).

Plaintiff agrees with defendant that "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor, 329 U.S. 495, (1947)*. But when inquiry is to be made it is to be made into "any relevant matter not privileged" Fed.Rule Civ.Proc. 26. But, Plaintiff states that he has done his part in supplying his part of knowledge which has been developed 'mutually' in accordance with the Railway Labor Act. Furthermore, Plaintiff has stated his case clearly and succinctly in his complaint. Given the volume of material that has been exchanged "The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial" *Hickman v. Taylor*. But, the defendant has not done their part. Plaintiff has yet to receive documents which Defendant has claimed they would submit. There is no need to forego any privileges. Plaintiff will continue to argue for privilege as Defendant has attempted to breach it. But, Defendant has not

7

shown substantial relevance to justify breach of any privilege. "Discovery rules are designed to provide parties with access to the fullest possible knowledge of the issues and facts prior to trial" *Pierson v. U.S. DC Del (1977) 428 F.Supp 384.* The defense has purposely avoided issues raised in the complaint to justify breach of privilege. It is unfair for Defense to proceed with interrogatories that deny clear allegations evidenced by both parties in complaint and exchanging of documents. "The single hurdle which must be cleared by the party seeking discovery is to demonstrate the relevance of the information sought to issues involved in the case." (*Id*). "Discovery, like all matters of procedure, has ultimate and necessary boundaries (*Hickman v. Taylor*) and this Honorable Court should respect them. "A judge, therefore, should tread very carefully, and should not lightly intrude upon the confidentiality of ...records". *Commonwealth v. Jones 404 Mass. 339, 535 N.E.2d 221 (Mass. 1989).* Plaintiff has asserted and will continue to assert confidentiality privileges. This includes trade secrets Rule 26 (c)(7) of the Brotherhood of Locomotive Engineers (BLE), Plaintiff's union. Plaintiff recognizes waiver of such privilege made issue in the complaint relative to Unfair Labor Practice, but only to the extent that it involves open published union discussion. Furthermore, as to the record of Plaintiffs defense, Plaintiff claims privilege of communications between Plaintiff and his Representative pursuant to the Railway Labor Act right to representation free of carrier interference. 45 U.S.C. s. 151 et seq, 45 U.S.C. 152 third and fourth , 29 U.S.C. s. 151 et. seq., U.S.C. Constitution 1st Amendment and *International Union v. Garner, D.C. Tenn 1984, 102 F.R.D. 108.*

Finally, Plaintiff asserts work product privilege to the same extent usually afforded an attorney. As his own representative in this case, Plaintiff fulfills the category of "other representative of a party concerning the litigation" and this honorable court has authority to protect Plaintiff "against disclosure of the mental impressions, conclusions, opinions, or legal theories" of the Plaintiff Fed.Rule Civ. Proc 26(b)(3). In the light of the detailed four-hundred plus paragraphs of the Complaint detailing only eight counts,

Defendants naked and broad blanket requests are nothing more than a bold and naked "attempt to secure the production of written statements and mental impressions" of Plaintiff "without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of (Defendant's) case or cause him any hardship or injustice. ...the essence of what (Defendant) seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking" *Hickman v. Taylor*. Were this Honorable Court to permit the Defendant to run roughshod over Plaintiff's preparations and the Complaint, the discovery process would become "more of a battle of deception than a search for truth." (*Id*).

WHEREFORE, Plaintiff prays that this honorable court will permit Plaintiff the limited supplement to disclosures that he has offered and allow all privileges to stand.

Respectfully Submitted,

_Joseph T. Carmack_
Joseph T. Carmack, Plaintiff Pro Se.    May 3, 2005
398 Columbus Ave. PMB 130
Boston, MA 02116-6008
H: 617/ 536-0772 W. 617/727-2310 ext 7045
Pager 617/798-6466

### Certificate of Service

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by First Class U.S. Mail to : Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA 02109.

Date: May 3, 2005

_Joseph T. Carmack_
Joseph T. Carmack, Plaintiff, Pro Se.