UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 03 12488 PBS |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
OPPOSITION TO PLAINTIFF'S MEMORANDUM
ON APPLICATION OF PATIENT-PSYCHOTHERAPIST PRIVILEGE
TO DISCLOSURE OF INFORMATION TO THIRD PARTIES**

**I.   INTRODUCTION**

In its Motion and Memorandum dated March 9, 2005, the National Railroad Passenger Corporation ("Amtrak") moved to compel production of *all* information and medical records pertaining to Joseph Carmack's ("Plaintiff") mental health and psychiatric treatment as a matter of law and in the interests of justice. As indicated therein, Plaintiff has placed his mental condition at issue with respect to both liability and damages. Further, Plaintiff's claims of emotional distress damages clearly do not constitute "garden-variety" claims because of the severity of Plaintiff's alleged emotional distress and because Plaintiff claims that Amtrak's actions make it necessary for him to undergo extensive psychiatric treatment.

On April 14, 2005, Magistrate Judge Dein requested Memoranda from both parties as to whether disclosure of patient-therapist communications by Plaintiff's psychiatrist to Plaintiff's disability insurer(s) and/or other third parties constitutes an automatic waiver of Plaintiff's patient-therapist privilege with respect to those specific communications. The following

discussion addresses Judge Dein's request.

The federal common law of privileges applies to all claims of privilege by Plaintiff because this is a federal question case. According to federal law, Plaintiff waived his patient-therapist privilege with respect to certain communications disclosed to third-party insurance providers. Significantly, Plaintiff knowingly and voluntarily authorized his psychiatrist to disclose the information and communications relevant to his mental condition to his disability providers. As a result, all communications between his psychiatrists and these third parties must be disclosed to Amtrak without redaction.

## II.   LEGAL STANDARD OF REVIEW

The federal law of privileges applies to "federal question case[s in which] the court is also hearing a state law claim pursuant to supplemental jurisdiction. *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 226-27 (D. Mass. 1997). Thus, because *Carmack v. Nat'l R.R. Passenger Corp.* is a federal question case involving state claims over which the court has supplemental jurisdiction, the federal common law of privileges governs *all* claims of privilege raised in the litigation. *See id. See Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992); *WM. T. Thompson Co. v. Gen. Nutrition Corp., Inc.*, 671 F.2d 100, 104 (3rd Cir. 1982) ("[T]he federal rule favoring admissibility, rather than any state law privilege, is the controlling rule."); *Doe v. Special Investigations Agency, Inc.*, 779 F. Supp. 21, 23 (E.D. Pa. 1991); *Beard v. City of*

---

<sup>…</sup>   Plaintiff's own Complaint describes his law suit in these terms:

"[t]his court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 12101 et seq., 29 U.S.C. § 701 et seq., the First Amendment of the Constitution of the United States of America, 45 U.S.C. § 50 et seq., 45 U.S.C. § 151 et seq., 42 U.S.C. § 2000e and 28 U.S.C. § 1331." Second Amended Complaint, ¶ 8.

"This court has supplemental jurisdiction over ancillary claims that are so related to claims in this action, of which this court has original jurisdiction, that such ancillary claims form part of the same case or controversy under 28 U.S.C. § 1367." Second Amended Complaint, ¶ 10.

*Chicago*, No. 03-C-3527, 2005 WL 66074 (N.D. Ill. Jan. 10, 2005).

As a result, Plaintiff's arguments in his Memorandum are unavailing because he relies entirely upon M.G.L. c. 233 §20B, a Massachusetts state statute which clearly does not apply in this instance to any Counts in his Complaint, whether State or Federal in nature. *See Vanderbilt* supra at 226-27.

### III.  DISCLOSURE TO THIRD-PARTIES CONSTITUTES A WAIVER OF THE PATIENT-THERAPIST PRIVILEGE

Pursuant to federal common law, disclosure to third parties constitutes a waiver of the patient-therapist privilege with respect to the documents disclosed. *See In re Zuniga*, 714 F.2d 632, 640 (6th Cir. 1983) (recognizing waiver of patient-therapist privilege by non-parties who consented to disclosure to their insurance carriers); *In re Pebsworth*, 705 F.2d 261, 262-63 (7th Cir. 1983) (waiver due to disclosure for processing of insured reimbursement claims); *Smith v. City of Plano*, No. 01-C-7111, 2002 WL 1483902 (N.D. Ill. July 9, 2002); *Scott v. Edinburg*, 101 F. Supp. 2d 1017 (E.D. Ill. 2000). *See also Kennedy v. Dermatology Associates of Knoxville, P.C.*, 183 F.R.D. 619 (E.D. Tenn. 1999); *Gould v. Durkin*, No. 96-CV-6249, 1997 WL 256950 (E.D. Pa. May 15, 1997). This is because "the threshold requirement for existence of the [patient-therapist] privilege is that there be an expectation by the patient that the communications with the psychotherapist will remain with the psychotherapist and will not be disclosed to others." *Scott v. Edinburg*, 101 F. Supp. 2d at 1120. *See Beard v. City of Chicago*, 2005 WL 66074, at *6 ("[A] communication that was confidential and privileged when made may be subject to production if the privilege is later waived."). Accordingly, "[i]f it is known that privileged information will be given to those other than the doctor and the patient, the privilege will not survive." *Smith v. City of Plano*, WL 1483902, at *1.

When making determinations under the federal common law of privilege, courts do not

recognize, or otherwise deem relevant, any promises or "declarations of confidentiality" by an insurance provider with respect to its *internal* treatment of records submitted by its insureds. *See* Plaintiff's Memo at 3. *See also Scott v. Edinburg*, 101 F. Supp. 2d at 1120 (controlling inquiry is whether communications were disclosed to a third party). The outcome is no different where coverage requires, rather than encourages, submission of such records. *See Smith v. City of Plano*, WL 1483902, at *1. Thus, the fact that Plaintiff was required to release information to his insurer(s) in order to receive benefits "does not destroy the voluntariness of any waiver of the privilege." *See id.* Plaintiff has not, and cannot, argue that the law is to the contrary.

Moreover, Plaintiff cannot disclaim his knowledge that coverage required disclosure of the communications at issue. First, the Privacy Act Notice cited by Plaintiff specifically informs the employee patient that his decision to furnish documents to the Railroad Retirement Board is completely "voluntary." *See* Plaintiff's Memo, Exhibit B. Second, the letter from Value Behavioral Health, Inc., to practitioners specifically states that "as a part of their enrollment in the benefit plan, *employees agree to the release of [certain] information.*" *See* Plaintiff's Memo, Exhibit A [emphasis added]. Further, the letter recognizes that the employee/patient may elect not to disclose the information and states the result of non-disclosure. *Id.* These documents indicate that Plaintiff was clearly aware of and authorized disclosure of the communications. Plaintiff does not contend otherwise.

## IV.  CONCLUSION

Based on the foregoing discussion, Amtrak is entitled to any and all communications disclosed to Plaintiff's disability provider(s) and/or other third parties because such disclosure constituted a waiver of Plaintiff's patient-therapist privilege with respect to any such communications.

Furthermore, regardless of the Court's determination on this narrow issue of waiver, Amtrak is entitled to all information and medical records pertaining to Plaintiff's mental health and psychiatric treatment as a matter of law and in the interests of justice for reasons already stated in Amtrak's *Memorandum in Support of Its Motion to Compel the Disclosure of Information and Medical Records Pertaining to Plaintiff's Mental Health and Psychiatric Treatment*, dated March 9, 2005.

> Respectfully submitted,
> DEFENDANT,
> NATIONAL RAILROAD PASSENGER CORPORATION,
> By Its Attorneys,

DATED: May 13, 2005

s/Stephen E. Hughes
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

### Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on May 13, 2005 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

s/Stephen E. Hughes
Stephen E. Hughes

5