UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The National Railroad Passenger Corporation | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO IMPOUND DOCTORS' RECORDS PRODUCED PURSUANT TO COURT ORDER DATED APRIL 15, 2005; AND PLAINTIFF'S NOTICE TO THE COURT RE: ADDITIONAL THIRD PARTY COMMUNICATIONS

Pursuant to Local Rule 7.2 Plaintiff Joseph Carmack hereby moves that this honorable court grant Plaintiff leave to impound the attached DOCTOR'S RECORDS which are produced with this motion pursuant to order of this Honorable Court dated April 15, 2005. Plaintiff prays that impoundment order follow the following custody arrangements:

1. The Plaintiff will have leave for filing this motion with submission of the of the material impounded.
2. The materials will be removed from the public file upon the approval of this motion at which time the materials will be impounded.
3.. The impoundment period shall continue until the above captioned case is disposed.

i

4. Upon disposition of the case, the impounded materials shall be released from custody of the court to custody of the Plaintiff.

## Discussion

Plaintiff prays this court gives leave to impound materials submitted with this motion and pursuant to order of this Honorable Court dated April 15, 2005, contrary to provisions of Local Rule 7.2 (d). As grounds for this motion Plaintiff submits that the materials are confidential materials that are submitted for In Camera review in order that this Honorable Court may evaluate the documents in conjuction with process to fashion a court order further ordering control and disclosure of said documents.

Further, Plaintiff prays for leave to have the materials considered in application of Massachusetts General Laws governing public records in that the materials "fall within the following exemption(s) in that they are:...(c) personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy;" M.G.L. 4 s. 7 cl. Twenty-sixth.

WHEREFORE, Plaintiff prays that motion be allowed because justice requires that the motion prayed for be granted.

## NOTICE REGARDING ADDITIONAL THIRD PARTY COMMUNICATIONS

Plaintiff hereby advises the court that an additional third party communications was discovered subsequent to April 29, 2005, which was the date this honourable court ordered submission of third party communications to the court. Plaintiff has advised Defendant party, through defense counsel, of discovery of said documents. Copies of the communications (one with redactions) are hereby submitted with this notice pusuant to court order dated April 15, 2005.

In addition, subsequesnt to April 29, 2005, Plaintiff realized there were billing forms with the Doctor's Notes produced by the doctor to the Plaintiff pursuant to order of

this Honorable Court dated April 15, 2005.. These documents have also been copied, redacted and produced pursuant to court order dated April 15, 2005.

Respectfully submitted

May 13, 2005

*[signature: Joseph T. Carmack]*

Joseph T. Carmack, Plaintiff Pro Se.

### Certificate of Service

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by First Class U.S. Mail to : Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA 02109.

Date: May 13, 2005

*[signature: Joseph T. Carmack]*

Joseph T. Carmack, Plaintiff, Pro Se.