UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH CARMACK, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 03-12488-PBS |
| | ) | |
| NATIONAL RAILROAD | ) | |
| PASSENGER CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTIONS TO
COMPEL AND TO EXTEND SCHEDULING ORDER
AND ON PLAINTIFF'S MOTIONS TO IMPOUND**

Presently before the court is the motion to compel discovery that has been filed by the defendant, National Railroad Passenger Corporation ("Amtrak") pursuant to Fed. R. Civ. P. 37 (Docket No. 47). In its motion, Amtrak seeks to compel responses from the plaintiff, Joseph Carmack ("Carmack"), to interrogatories and a request for the production of documents, which Amtrak served on the plaintiff in December 2004. Specifically, Amtrak requests an order from the court directing Carmack to respond to Interrogatories 5 through 12, 15, 20, 21 and 23, and to respond to Amtrak's document request by identifying which documents correspond with each of the categories contained in the request, as required by Fed. R. Civ. P. 34. Amtrak further moves to compel the plaintiff to provide a privilege log identifying any documents that the plaintiff intends to withhold and the basis for his claim of privilege.

Also before the court is Amtrak's motion to extend the scheduling order (Docket No. 48) and Carmack's two motions to impound documents that he has produced to the court pursuant to an order dated April 15, 2005 (Docket Nos. 51 and 56).

On June 8, 2005, this court held a hearing to consider the parties' positions with respect to the defendant's motion to compel and to determine an appropriate schedule for the completion of discovery and for filing any motions for summary judgment. After consideration of the parties' written submissions and oral presentations, it is hereby ORDERED as follows:

1. The "Defendant National Railroad Passenger Corporation's Motion to Compel Disclosure and Discovery from Plaintiff Pursuant to Fed. R.Civ. P. 37" (Docket No. 47) is ALLOWED IN PART and DENIED IN PART as follows:

> (i) By **June 27, 2005**, the plaintiff shall organize the documents that he has produced to Amtrak and that Amtrak has previously identified as relevant to the litigation in order to identify which documents correspond with the categories of documents described in Amtrak's request for documents. In addition, the plaintiff shall produce to Amtrak any other documents in his possession that are responsive to Amtrak's document requests and for which the plaintiff does not claim a privilege.
>
> (ii) By **July 8, 2005**, the plaintiff shall produce a privilege log identifying any documents in the plaintiff's possession that are responsive to Amtrak's request for documents, but for which the plaintiff asserts a privilege. In his privilege log, the plaintiff shall include a description of the document as well as the privilege that he is asserting with respect to each document. The plaintiff is not required to include in his privilege log the medical records and third-party communications that

    the plaintiff produced to the court pursuant to its April 15, 2005 order.

 (iii) By **July 8, 2005**, the plaintiff shall provide responses to Interrogatories 5 through 12 contained in Amtrak's "First Set of Interrogatories Propounded Upon Plaintiff Joseph Carmack." However, the plaintiff is not required to identify or provide copies of documents in response to these Interrogatories.

 (iv) The defendant's motion to compel a response to Interrogatory 15 is denied without prejudice. However, the plaintiff shall provide to Amtrak, by **July 8, 2005**, a final list of medical care providers having information that the plaintiff intends to rely upon at trial, either as part of his direct case or in rebuttal. At trial, the plaintiff shall be precluded from introducing as a witness or referring to any treatment provided by any medical care provider whose identity has not been disclosed to Amtrak on the plaintiff's final list.

 (v) The plaintiff shall respond to Interrogatory 21 and can refer to prior answers to interrogatories in his response.

 (vi) The plaintiff shall respond to Interrogatories 20 and 23 by **July 8, 2005**. The plaintiff may, if he so chooses, specifically incorporate the list of damages he has provided separately to the defendants, including, without limitation, the total of each category of damages being sought.

2. The "Defendant National Railroad Passenger Corporation's Motion to Extend Scheduling Order" (Docket No. 48) is ALLOWED. The parties shall comply with the following schedule:

 (i) The plaintiff shall file any motion to amend his complaint by **July 15, 2005**.

 (ii) The plaintiff shall file any motions to compel by **July 15, 2005**.

    (iii)    The parties shall complete any depositions of fact witnesses by **August 12, 2005**.

    (iv)    The parties shall complete all fact discovery by **August 12, 2005**.

    (v)    The parties shall file with the court any motions for summary judgment by **September 13, 2005**.

    (vi)    The parties shall file any oppositions to motions for summary judgment by **September 27, 2005**.

3.    The "Plaintiff's Motion to Impound Communications with Third Parties Related to Medical Condition and Treatment Produced Pursuant to Court Order Dated April 15, 2005" (Docket No. 51) and the "Plaintiff's Motion to Impound Doctors' Records Produced Pursuant to Court Order Dated April 15, 2005" (Docket No. 56) are DENIED as moot. The documents have not been formally filed with the court and are not part of the public record.

                                                / s / Judith Gail Dein  
                                                Judith Gail Dein  
                                                United States Magistrate Judge

DATED: June 8, 2005