UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH CARMACK, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 03-12488-PBS |
| | ) | |
| NATIONAL RAILROAD | ) | |
| PASSENGER CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY ORDER

The parties have each submitted proposed confidentiality agreements governing the treatment of personal medical information produced by the plaintiff in this action. After consideration of the proposals it is hereby ORDERED as follows:

1. This order shall relate to "all documents produced by the Plaintiff or his current or former medical providers concerning his psychological, mental or emotional condition and/or history and the information contained therein" (hereinafter "Confidential Information").

2. Disclosure of the Confidential Information shall be limited to

   A. the defendant Amtrak's Law Department personnel who are working on this litigation, and outside trial counsel, including persons employed by Amtrak's trial counsel who are performing services directly related to the instant litigation;

   B. Mr. William Crosbie, Senior Vice President of Operations,

   C. Mr. Edward Walker, Vice President of Transportation, and

   D. Any medical or psychiatric expert(s) retained in this matter by Amtrak.

 3. Any disclosure of Confidential Information to the persons identified in paragraph 2 above shall be for the specific purpose of defending this litigation. No other use of any Confidential Information is permitted.

 4. All persons, except trial counsel, who are provided with Confidential Information shall sign an acknowledgment agreeing to be bound by the terms of this Confidentiality Order.

 5. Copies of any documents produced by the plaintiff or his current or former medical providers concerning the plaintiff's psychological, mental or emotional condition and/or history which must be filed with the court are to be filed under seal. Court approval shall be needed for the filing of any other documents under seal.

 6. The originals and all copies of any documents containing Confidential Information in the possession of the defendant shall be destroyed at the conclusion of the litigation or returned to the plaintiff. The defendant shall acknowledge the destruction of such documents in a writing sent to the plaintiff.

 7. In the event that Amtrak, its agents or experts are served with a subpoena or other request calling for disclosure of any of the Confidential Information, Amtrak shall promptly provide written notice of the receipt of said subpoena or request to the plaintiff, so as to enable the plaintiff or other interested persons or entities to seek a protective

order prior to Amtrak's responding to such a subpoena or request. Amtrak shall not produce the information without giving the plaintiff or other interested persons at least seven (7) business days to seek a protective order.

    8. Nothing herein shall be construed as limiting the right of any party to offer any Confidential Information at trial or as a waiver of any objection which might be raised as to the admissibility at trial of any such Confidential Information.

                                        / s / Judith Gail Dein
                                        Judith Gail Dein
                                        United States Magistrate Judge

DATED: July 15, 2005