UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

2005 JUL 15  P 5: 52

| | |
|---|---|
| Joseph T. Carmack ) | Civil Action No. 03-12488-PBS |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | |
| v. ) | |
| ) | |
| The National Railroad Passenger ) | |
| Corporation ) | |
| ) | |
| Defendant ) | |
| _____) | |

**PLAINTIFF JOSEPH T. CARMACK'S APPLICATION FOR ORDER TO COMPEL DISCLOSURE AND DISCOVERY FROM MASSACHUSETTS BAY COMMUTTER RAILROAD COMPANY AND THE BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN PURSUANT TO FED.R.CIV.P.37 AND FED.R.CIV.P.45**

Plaintiff Joseph T Carmack ("Plaintiff") hereby applies for an order to require full and complete responses to subpoenas served on Massachusetts Bay Commuter Railroad Company (MBCR) at 23 Cobble hill Road, in Somerville, MA and 89 South Street in Boston MA on March 9, 2005 produced with this application as Exhibits A. In addition Plaintiff hereby applies for an order to require full and complete responses to subpoena served on George Newman of the Brotherhood of Locomotive Engineers and Trainmen ("BLET") produced with this application as Exhibit B. Plaintiff requires full compliance with said subpoenas in order to provide for a fair and just deliberation of the above captioned case.

**I    MBCR's OBJECTIONS**

Plaintiff as requested that MBCR produce any agreements between MBCR and the Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant"),

1

Massachusetts Bay Transportation Authority ("MBTA") or the Brotherhood of Locomotive Engineers and Trainmen ("BLET"). MBCR has objected to production of these documents on the grounds that they are irrelevant. In response Plaintiff submits that these documents contain information qualifying Plaintiff as an employee with MBCR and said documents also collectively define MBCR as a successor employer of Plaintiff. On information and belief, MBCR and the Defendant used these documents to justify to actions listed in the Complaint including actions alleged to be discrimination and wrongful discharge. Specifically, the BLET agreement qualifies Plaintiff as an "eligible employee" with seniority and agreement rights and privileges as employee. In fact, MBCR themselves have responded with documents indicating that they offered the Plaintiff a position in compliance with said agreement (Exhibits D and E). On information and belief, MBCR used the other agreements requested as an excuse to violate the agreement. In addition, although the BLET agreement is presented here, there are no signatures verifying the agreement. Plaintiff requires a verified agreement to prove claims of discrimination and wrongful discharge.

In addition to requests for agreements Plaintiff has subpoenaed personnel files on Gerard L. DeModena, an agent for the Defendant who, on information and belief, was subsumed as an agent employee of MBCR pursuant to agreements requested in subpoenas. Plaintiff requests leave to apply for an order to compel MBCR upon resolution of order to compel Defendant regarding similar requests.

Lastly, MBCR objects to entry upon premises because MBTA policy requires MBTA approval. Plaintiff submits that such approval requires concurrence with MBCR. Therefore, approval from MBTA is incumbent on MBCR and not the Plaintiff.

II.     **GROUNDS FOR MOTION.**

As grounds for this motion Plaintiff submits that in accordance with Rule 37 Plaintiff "A party, upon reasonable notice to other parties and all persons affected

thereby, may apply for an order compelling disclosure or discovery". All persons subject to this application reside within the district of this Honorable Court.

### III.   CERTIFICATION OF DISCOVERY CONFERENCE

Plaintiff held several conferences by telephone with MBCR General Counsel Richard A. Davey during the first two weeks of March. Plaintiff has held several telephone conferences with George Newman, Local Chairman for BLET, since March 20, 2005 including the latest such conference with was held July 14, 2005.

Wherefore, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Application in its entirety and order MBCR and BLET to comply with subpoenas. Plaintiff requests production of agreements as detailed herein and permission to enter upon premises of MBCR to inspect and photograph relevant sights and materials.

*******************************
**Certification:**
The provisions of Fed.Rule of Civ. Proc.
37 and LR 37.1 have been complied with
regarding MBCR and BLET. Counsel for
Defendant was unavailable.
*******************************

                              **Respectfully submitted,**

DATED: July 15, 2005        _Joseph T. Carmack_
                              Joseph T. Carmack
                              Plaintiff, Pro Se
                              398 Columbus Ave, PMB 130
                              Boston, MA  02116-6008
                              Work: 617/727-2310 ext. 7045
                              Home: 617/536-0772
                              Pager w/voice mail: 617/798-6466

3

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on July 15, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113

I, Joseph T. Carmack, hereby certify that I have on July 15, 2005 served a true copy of the foregoing document by First Class U.S. Mail to George Newman, Local Chairman for Brotherhood of Locomotive Engineers and Trainmen at 257 Hersey Street, Hingham, MA 02003-2729

I, Joseph T. Carmack, hereby certify that I have on July 15, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th Floor, Boston, MA 02109.

DATED: July 15, 2005

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466