UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

2005 JUL 15  P 5: 53

| | |
|---|---|
| Joseph T. Carmack ) | Civil Action No. 03-12488-PBS |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | |
| v. ) | |
| ) | |
| The National Railroad Passenger ) | |
| Corporation ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF JOSEPH T. CARMACK'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY FROM DEFENDANT PURSUANT TO FED.R.CIV.P.37**

Plaintiff Joseph T. Carmack ("Plaintiff") hereby moves this Honorable Court for an order pursuant to Fed.R.Civ.P. 37 compelling the Defendant, National Railroad Passenger Corporation ("Amtrak" or "Defendant") to provide full and proper responses to certain interrogatories and requests for the production of documents propounded by Plaintiff. Without full and forthcoming answers and responses, Plaintiff will be unable to properly prepare responses to dispositive motions or prepare for trial.

**I.   HISTORY OF MOTION**

1. On February 17, 2005, Plaintiff served "PLAINTIFF JOSEPH CARMACK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION" upon Defendant.

2. Subsequent to initial conferences on or about March 8, 2005 and April 5, 2005 between Plaintiff and Defendant counsel, On or about April 19, 2005, Defendant served their "RESPONSES OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION TO PLAINTIFF, JOSEPH CARMACK'S FIRST REQUEST FOR

1

PRODUCTION OF DOCUMENTS" including "GENERAL OBJECTIONS" upon the Plaintiff. (Exhibit A).[1]

3. On or about May 4, 2005, (and on a few occasions thereafter), produced several packets of documents including a cover letter outlining "important observations to make about these responses". This cover letter is here presented as Exhibit B.

4. On June 8, 2005, the parties again conferred over the responses.

5. On June 15, 2005, Plaintiff served "PLAINTIFF JOSEPH CARMACK'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION" presented here as Exhibit C.

6. After a few failed attempts to contact counsel for Defendant for conference, on July 13, 2005, Plaintiff delivered to counsel's office a letter "in response to Amtrak's General Objections and Specific Responses" to discovery requests in anticipation of a conference (Exhibit D).

7. On July 14, 2005, a representative from the office of Defendant's counsel contacted Plaintiff for discovery conference.

8. Plaintiff hereby submits this Motion to Compel pursuant to order of this Honorable Court to submit same by July 15, 2005.

II. **CERTIFICATION AS TO DISCOVERY CONFERENCE**

The parties held conferences on Plaintiff's document requests on March 18, 2005, April 5, 2005 and June 8, 2005. Due to counsel for Defendant being on vacation and unavailable for conference on July 11 through 15, 2005, Plaintiff conferred with a representative from office of Defendant counsel as described in Part 1, paragraphs 6 and 7 above.

---

[1] "Plaintiff's First Request For Production of Documents" is omitted as exhibit, because Defendant has reiterated each request in their "Responses".

## III. ARGUMENT

In order for Plaintiff to establish and prove allegations in his complaint, Plaintiff requires Defendant to provide complete responses to all his discovery requests.[2]

### A. Defendant's expressed objections to production of documents.

In general, Defendant has objected to requests regarding all documents, information and "communications produced by Defendant or on behalf of Defendant," and "any personal matter regarding Plaintiff" on the grounds that the request is "vague and ambiguous" or otherwise irrelevant. Defendant has specifically objected to sub-part (f) requesting documents regarding "the sexuality of the Plaintiff".

In response to the Defendant's objections to Request No. 1, Plaintiff states that the Complaint outlines various incidents perpetrated by the Defendant and their agents. Such incidents are related in the Complaint as violations of laws protecting rights and privileges and said incidents further outline allegations of Defamation.. Any communications regarding the Defendant's attitude or history involving the Plaintiff is necessary to prove these claims. All communications regarding Plaintiff or involving Plaintiff is information "relevant to the claim or defense of any party" that would appear reasonably "calculated to lead to the discovery of admissible evidence" (Fed.r.Civ.P. 26(5)(b)(1).

---

[2] The following is a list of the Counts as Plaintiff has asserted them in the second amended complaint:
1. Slander, Libel and Defamation
2. Invasion Of Privacy
3. Discrimination On The Basis Of Disability: Americans With Disabilities Act - 42 U.S.C. ss. 12101 et seq.; M.G.C. c. 151B; Rehabilitation Act Of 1973; 29 U.S.C. 701 et. seq.
4. Interference With Rights, M.G.L. c. 12, ss 11h, 11i; M.G.L. c. 265 ss 37
5. Unfair Labor Practice es, U.S.C.A. 45 ss. 151 et seq.
6. Discrimination On The Basis Of Religion, Title VII Of The Civil Rights Act Of 1964, U.S.C. ss. 2000e et. seq., U.S.C. 42 ss. 1983: U.S.C. 1: M.G.L. c 151B
7. Personal Injury: Federal Employers Liability Act, 45 U.S.C. s. 51 et. seq.: Intentional Infliction Of Emotional Distress
8. Wrongful Discharge In Violation Of Public Policy

In response to Plaintiff's Request No. 2, the Defendant has objected to the working of the request wherein "policies and procedure manuals" are requested. There is no merit to this objection. In response to the request, Defendant has produced, "Procedures Manuals" and various 'policies' such as the "Harassment Policy". On information and belief Plaintiff states that these documents have been combined into volumes entitled "Policies and Procedures Manual". However, the Defendant has been quite responsive to this request and, indeed, the objection may be moot. Nonetheless, Plaintiff seeks resolve a conflicts expressed by Defendant regarding their Workplace Violence and Drug and Alcohol policies. During internal investigation Defendant agents claimed that the "criteria" for Fitness-For-Duty were different in these two policies, but Defendants medical director witnessed that they were the same and reconciled in Defendant's "red book" on medical policy (Transcript, Page 135. Pages from transcript are reproduces in Exhibit E). No such "red book" has been produced, nor has the conflict been specifically reconciled by the material produced. Barring production of such materials, Plaintiff seeks declaration that Amtrak has one consistent policy outlining their "criteria" Fitness-For-Duty that is applicable in all situations where substantiated Fitness-For-Duty is required.

Request No. 3 asks for business agreements between Defendant and Health Resources, Inc. Health Resources, Inc. is the organization that was contracted by the Defendant to perform Fitness-for-Duty examinations on the Plaintiff. Defendant objects that Request No. 3 is not relevant. Any information regarding examinations performed on the Plaintiff would relate directly to claims of Discrimination on the Basis of disability and the Plaintiffs claims that examinations may have been prohibited.

Defendant objects to Request No. 7 on the grounds that the request is irrelevant. Request No. 7 requests information on literary class projects by Defendant agent DeModena which were created with the assistance of the Plaintiff. DeModena is an agent alleged to be responsible for actions leading to defamation and discrimination claims.

Furthermore, much of the complaint involve Defendant's response to "materials reportedly written by" the Plaintiff. (Complaint Count I, page 15). Mr. DeModena's testimony in internal union investigation "you can't ask me about the theater" and "I'm a little weak on my Shakespeare". Mr. DeModena's workplace violence complaint response to Plaintiff's references to Shakespeare (Exhibit H). Any collaboration between DeModena and Plaintiff involving literary analysis and the product therefrom involves information "calculated to lead to the discovery of admissible evidence" (Fed.R.Civ.P. 26(5)(b)(1). Such an analysis directly involves Defamation Discrimination and U.S.Constitution First Amendment claims. This information should be allowed.

Defendant objects to Request No. 8 on the grounds that it involves confidential information regarding Mr. DeModena. Like request No. 1, this information could shed light on Defendant's attitude and history toward the Plaintiff. DeModena has allegedly had the Plaintiff disciplined and otherwise investigated on Mr. DeModena's own behalf. Furthermore, he has attempted to convince the Defendant Police Department to pursue criminal action against the Plaintiff, including trespassing. Any negative personnel or other experiences, Mr. DeModena, himself may have had in relation to the Defendant may explain Mr. DeModena's motivations. To the extent that Mr. DeModena has levied accusations against the Plaintiff resulting in termination and threats of court action, much of any privilege has been waived.

In addition to these objections, Defendant has objected to producing communications created between their Medical Director, Dr. Timothy Pinsky, and Defendant's legal department are privileged. These communications wherein that initiated events medical disqualification and denial of special accommodation that are alleged in the Complaint. These communications may indicate an intent to discriminate. Plaintiff hereby contends that the Legal Department is not Dr. Pinsky personal counsel.

**B.   INTERROGATORIES**

Although conference related to interrogatories is insufficient as described above, Plaintiff presumes similar objections to those presented by Defendant regarding production of documents. In addition, this Honorable Court has required Plaintiff's Motions to Compel by this date, July 15, 2005. To the extent that this Honorable Court will grant leave to extend time to respond to interrogatories, Plaintiff requests leave to extend time limit for Motion to Compel.

Wherefore, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion in its entirety and order the Defendant to comply with discovery and provide full and proper responses to requests for documents Nos. 1-3 and 6-8. In addition, Plaintiff requests production of communication documents created between Dr. Pinsky and Defendant Legal Department that were omitted from Defendant's initial disclosures.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**Certification:**
The provisions of LR 37.1
have been complied with regarding
production of documents. Parties were
unable to sufficiently confer
regarding interrogatories despite attempts
made July 11 through 14 due to the
unavailability of counsel for Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Respectfully submitted,**

DATED: July 15, 2005

_[signature]_
Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA  02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on July 15, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th Floor, Boston, MA 02109.

DATED: July 15, 2005

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466

7