UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The National Railroad Passenger | ) | |
| Corporation | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO**

**ADD DEFENDANT**

This memorandum is offered by Plaintiff, Joseph T. Carmack ("Plaintiff") in support of Plaintiff's "MOTION FOR LEAVE TO ADD DEFENDANT" filed with this Honorable Court on July 15, 2005. The Defendant whose addition to the above captioned case is moved for is the Massachusetts Bay Commuter Railroad Company ("MBCR").

**I. HISTORY OF MOTION**

1.  The essential transactions and occurrences averred relevant to this action were considered by the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Opportunity Employment Commission ("EEOC").

2.  The Equal Opportunity Employment Commission issued to Plaintiff a "Dismissal and Notice of Rights" on September 5, 2003 (Exhibit A).

3.  This action was filed with this Honorable Court on December 2, 2003.

4.  The essential transactions and occurrences relevant to this action are alleged to have occurred while the Plaintiff was Employed by Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") as Locomotive Engineer

1

providing commuter rail service which was operated by Defendant pursuant to agreement between Defendant and the Massachusetts Bay Transportation Authority ("MBTA").

5. The MBCR took over operation of commuter rail service for the MBTA on July 1, 2003 (Exhibit A, first paragraph and Exhibit C, first paragraph).

6. The MBCR entered into agreement with the Brotherhood of Locomotive Engineers (now called the Brotherhood of Locomotive Engineers and Trainmen "BLET") in May or June of 2003 (Exhibits B, C, and D).

7. The MBCR made a "conditional offer of employment" to the Plaintiff pursuant to the provisions of agreement between MBCR and BLET.

8. When MBCR failed to award and assign a position to the Plaintiff pursuant to the provisions of the agreement between MBCR and the BLET, on June 28, 2003, Plaintiff submitted grievance to the MBCR in protest pursuant to the provisions of the Railway Labor Act (Exhibit E)..

9. Said grievance outlines intent to pursue remedy in accordance with statutory provisions which are the subject of the above captioned complaint, including discrimination on the basis of disability and religion.

10. On July 15, 2005, Plaintiff filed "MOTION FOR LEAVE TO ADD DEFENDANT".

## II.   ARGUMENT

As grounds for this motion Plaintiff states that MBCR has succeeded the Defendant National Railroad Passenger Corporation ("Defendant") in the enterprise operating Massachusetts commuter rail services and Plaintiff would be subsumed into that operation as employee of MBCR were it not for the actions and omissions alleged of the Defendant in the above captioned case. Most of the principle agent employees of the Defendant were also subsumed as employees of the Defendant. In addition, full and equitable relief cannot be provided to the Plaintiff without the involvement of MBCR

whereas remedy in the Complaint requires reinstatement to Plaintiff's former position as Locomotive engineer and said reinstatement can only be provided by MBCR.

### III. APPLICABLE LEGAL STANDARD

In support of this motion, Plaintiff cites Federal Rules of Civil Procedure 19, 20 and 21. Wherein MBCR is currently the employer responsible for Plaintiff's former position with the Defendant and Plaintiff prays for reinstatement as relief, in MBCR's absence "complete relief cannot be accorded among those already parties" *Fed.R.Civ.P. 19(a)*. Also, in accordance with *Fed.R.Civ.P.Rule 20*, "All persons...may be joined in one action as defendants if... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action". Where MBCR failed to award Plaintiff a position in commuter service and subsumed into its operations employees who were responsible for transactions and occurrences averred in the complaint and MBCR denied employment based on the authority of those employees, MBCR became liable for those occurrences as a matter of "law or fact common to all defendants" (Exhibit F, from first two pages of Defendant's initial disclosures, lists three primary agents of the Defendant cited in the complaint, O'Malley, DeModena and Rae, as employees of MBCR at [a][2] 1.2, and 3).. This court has authority to apply occurrences alleged for which MBCR may be liable wherein "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just" *Fed.R.Civ.P. 21*.

Plaintiff submits that MBCR exposed itself to liability under conditions that courts have established as a standard for successor liability. "One who operates the business of an employer guilty of unfair employment...may be responsible for remedying his predecessors unlawful conduct" *Trujillo v. Longhorn Manufacturing Co, Inc., 694 F.2d 221, 224 (10th Cir. 1982)*. This successor doctrine established by the Supreme Court in unfair employment practices in *John Wiley and Sons, Inc. v. Livingston 376 U.S.*

3

*543, 548, 84 S.Ct.909,914 11 L.Ed 2d 898 (1964)* has been adopted by the Sixth Circuit in Title VII discrimination cases: "the considerations set forth by the Supreme Court...justifying a successor doctrine to remedy unfair labor practices are applicable equally to remedy unfair employment practices in violation of Title VII, *E.E.O.C. v MacMillan Bloedel Containers, Inc., et al 503 F.2d 1086 (1974) at 1090*, and the Plaintiff submit the same standard is applicable in Americans with Disabilities Act cases. The factors to be considered when establishing successor liability include the following "1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, 3) whether the New Employer uses the same plant, 5) whether he uses the same or substantially the same work force, 6) Whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product" *ID at 1094*. These factors were later refined to essentially focus on the first three basic factors by the 7th Circuit: "1) Prior notice, 2) successor able to provide relief and 3) sufficient continuity of business operations", *Wheeler v. Snyder Buick, Inc 794 F.2d 1228, 1236 (7the Cir. 1986)*. "The remaining six factors...provide foundation for analyzing the third criterion...sufficient business continuity", *Accord Coleman v. Keebler Co., 997 F.Supp. 1094, 1098-1099 (N.D. Ind. 1998)*. Although, as indicated above, Plaintiff informed Defendant of intention to file civil action, the charge filed with MCAD and EEOC beginning in February of 2002 will satisfy the first criterion requiring prior notice: "If the charging requirement is read in light of the statute of limitations, it is reasonable to assume, at least in the case of successor companies, that Congress only intended that a discriminatee be required to name those who were known to him and could have been charged within the period of limitation", *EEOC v. MacMillan Bloedel containers, Inc, 503 F.2d 1086 at 1093 (1974)*. The second criteria for successor liability, "successor able to provide relief" is also easily fulfilled. As stated above, relief prayed

4

for includes reinstatement and restoration of agreement privileges; "where relief involved seniority, reinstatement or hiring, only a successor could provide it...the primary concern... is to provide the discriminatee with full relief" *Id. at 1092.* In satisfying the third criteria for successor liability where sufficient business continuity is considered, MBCR probably overly fulfills the requirement by establishing complete continuity wherein MBCR was awarded an MBTA contract formerly held by its predecessor, the Defendant (Exhibits B and C).

Wherefore Plaintiff prays that his MOTION FOR LEAVE TO ADD DEFENDANT be granted so that Plaintiffs claim may be fully and fairly presented.

**Respectfully submitted,**

DATED: July 18, 2005

*Joseph T. Carmack*
Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on July 18, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113

I, Joseph T. Carmack, hereby certify that I have on July 18, 2005 served a true copy of the foregoing document by First Class U.S. Mail to George Newman, Local Chairman for Brotherhood of Locomotive Engineers and Trainmen at 257 Hersey Street, Hingham, MA 02003-2729

I, Joseph T. Carmack, hereby certify that I have on July 18, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th Floor, Boston, MA 02109.

DATED: July 18, 2005

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045,
Home: 617/536-0772
Pager w/voice mail: 617/798-6466