UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The National Railroad Passenger Corporation | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ADD PLAINTIFF**

This memorandum is offered by Plaintiff, Joseph T. Carmack ("Plaintiff") in support of Plaintiff's "MOTION FOR LEAVE TO ADD PLAINTIFF" filed with this Honorable Court on July 15, 2005. The plaintiff whose addition to the above captioned case is moved for is the Brotherhood of Locomotive Engineer and Trainmen ("BLET" formerly the Brotherhood of Locomotive Engineers "BLE").

**I.   HISTORY OF MOTION**

Plaintiff's Second Amended Complaint alleges that the Defendant partially relied on the Collective Bargaining Agreement ("CBA") to justify the actions alleged. In response to Defendant actions, the BLE positioned itself in defense of Plaintiff and interpreted the CBA in a manner consistent Plaintiff's rights and privileges based on federal statute cited in the Plaintiff's Second Amended Complaint. The decision of the Public Law Board was counter to the BLE's defense of Plaintiff and said decision has been submitted for review by this Honorable Court as case 05-10185 PBS.

1

## II. ARGUMENT

As grounds for this motion Plaintiff states that in the BLET's absence complete relief cannot be accorded among those already parties and in the BLET may claim an interest relating to the subject of the action and is so situated that the disposition of the action in the BLET's absence may impair the BLET's ability to protect its interests and leave the plaintiff subject to a substantial risk of losing privileges in accordance with collective bargaining agreement. More specifically, the outcome of this case may impact on the collective bargaining agreement between the BLET and the Defendant in the above caption case, National Railroad passenger corporation. In addition the outcome may also affect collective bargaining agreements between Massachusetts Bay Commuter Railroad Company and the BLET.

## III. APPLICABLE LEGAL STANDARD

In support of this motion, Plaintiff cites Federal Rules of Civil Procedure 19, 20 and 21. Whereas: BLET is currently the organization representing employees of Defendant and employees of MBCR; MBCR is responsible for Plaintiff's former position with the Defendant: and Plaintiff prays for reinstatement as relief, in BLET's absence "complete relief cannot be accorded among those already parties". Likewise, BLET may have "interest relating to the subject of the action and is so situated that the disposition of the action in the (BLET's) absence may (i) as a practical matter impair or impede the (BLET's) ability to protect that interest... If the (BLET) has not been so joined, the court shall order that the person be made a party" *Fed.R.Civ.P. 19(a)*. Also, this court has authority to apply relief prayed for in the complaint to BLET wherein "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just" *Fed.R.Civ.P. 21*.

## III. APPLICABLE LEGAL STANDARD

Whereas the outcome of this case is likely to affect the CBA or its interpretation, the outcome will likely affect the interests of the BLET and its members. Adding the

BLET as a plaintiff "provides union with a full opportunity to participate in the litigation and the formulation of proposed relief...will allow union to protect adequately the interests of its members: will provide discriminatee with full and complete relief and will also ensure that the suit is handled at one time and one forum" *E.E.O.C. v MacMillan Bloedel Containers, Inc., et al 503 F.2d 1086 (1974)*.

    Wherefore, Plaintiff requests that this amendment be allowed in order to provide adequate remedy and justice requires that the order prayed for be granted so that Plaintiff's claim may be fully and fairly presented.

**Respectfully submitted,**

DATED: July 18, 2005

*/s/ Joseph T. Carmack*
Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA  02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466

3

### Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on July 18, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113

I, Joseph T. Carmack, hereby certify that I have on July 18, 2005 served a true copy of the foregoing document by First Class U.S. Mail to George Newman, Local Chairman for Brotherhood of Locomotive Engineers and Trainmen at 257 Hersey Street, Hingham, MA 02003-2729

I, Joseph T. Carmack, hereby certify that I have on July 18, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th Floor, Boston, MA 02109.

DATED: July 18, 2005

_____
Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466