UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12488-PBS

|  |  |
|---|---|
| JOSPEH T. CARMACK, <br> Plaintiff <br> v. <br><br> THE NATIONAL RAILROAD <br> PASSENGER CORPORATION, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Massachusetts Bay Commuter Railroad Company ("MBCR"), which is not a party in the above-captioned action, hereby opposes the Plaintiff Joseph T. Carmack's Motion to Compel Disclosure and Discovery from MBCR ("Motion"). As reasons therefore, MBCR states as follows:

In his Motion, the Plaintiff requests that MBCR be compelled to:

1. produce any agreements between MBCR and

    a. the Defendant National Railroad Passenger Corporation ("Amtrak"),
    b. the Massachusetts Bay Transit Authority ("MBTA"), and
    c. the Brotherhood of Locomotive Engineers and Trainmen ("BLET");

2. produce the personnel records of Gerard L. DeModena; and

3. allow the Plaintiff entry upon, and to inspect and photograph, <u>MBTA</u> premises.

As the Court is well aware, pursuant to F.R.C.P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, <u>not privileged</u>, which is <u>relevant</u> to the subject matter involved in the pending action ...." (Emphasis added.) In addition, F.R.C.P. 45(a)(1)(C) provides that a subpoena may command an

1

non-party to permit inspection of premises "in the possession, custody or control" of that person. The subpoenaed person may object, however, on the grounds that the request requires disclosure of a "trade secret or other . . . commercial information," or "privileged or other protected matter." F.R.C.P 45(c)(3)(A)(iii) and (B)(i). As set forth below, the Plaintiff's Motion should be denied as it (i) requests agreements that are not relevant to this proceeding and that contain trade secrets or other confidential commercial information, (ii) seeks privileged personnel records, and (iii) requests inspection of premises that are not in the possession, custody or control of MBCR. MBCR addresses each request separately.

A. <u>Production of Agreements</u>

First, it should be noted that MCBR has responded to the Plaintiff's requests for documents to the extent reasonable and practical, and has provided the Plaintiff with documents as indicated in Plaintiff's Motion. Nonetheless, MBCR objects generally to these requests on the grounds that they are otherwise overbroad, vague, irrelevant, and not likely to lead to the discovery of admissible evidence. Indeed, Plaintiff consistently ignores the fact that he never had any relationship with MBCR – employment or otherwise – and that Amtrak had terminated him long before MBCR began operating the MBTA lines. Consequently, MBCR's agreements with <u>anyone</u> are wholly irrelevant to this proceeding. Moreover, the Plaintiff cannot assert a need for these documents that can overcome MBCR's interest in protecting their confidentiality.

To the extent that the Plaintiff requests agreements between MBCR and either the MBTA or the BLET, in addition to the foregoing objections MBCR states that it considers its contracts with enterprises such as the MBTA and the BLET to contain highly confidential, proprietary trade secrets

2

and commercial information. If information contained in these documents were released to MBCR's competitors, prospects, or other collective bargaining units, it could be disastrous for MBCR. Absent a showing of a need for specifically-identified documentation, with significant relevance to his case, and a demonstrated inability to obtain the information from another source, the Plaintiff should not be permitted to engage in a "fishing expedition" through a non-party's confidential business records.

Finally, to the extent that the Plaintiff requests agreements between MBCR and Amtrak, in addition to the foregoing objections, MBCR states that it has no agreements with Amtrak. Regardless, if and to the extent that the Plaintiff seeks documentation from Amtrak, MBCR suggests that the Plaintiff first be required to request such documents from Amtrak, which is a party to this proceeding, rather than MBCR, which is not. Only after an offer of proof that certain documents exist, but cannot be produced by Amtrak, should the Court even entertain a Plaintiff's request to seek the document(s) from MBCR.

B. <u>Production of Personnel Records of Gerard L. DeModena</u>

MBCR is a little unclear as to whether the Plaintiff has actually made a request that MBCR be compelled to produce personnel files of Gerard DeModena, or if he is waiting for Amtrak's response to the same request before seeking the documents from MBCR. To save the court time, however, MBCR will respond.

Under Massachusetts law, individuals have a heightened privacy interest in their personnel records. *Fitzgerald v. Morrision*, 2002 WL 389872 (January 10, 2002) (Donoghue, J.) (2002) (citing *Bratt v. Int'l Business Machines Corp.*, 392 Mass. 508, 518 (1984); M.G.L.c. 214, § 1B). Indeed,

"because there is a high expectation of privacy in a personnel file, the release of information from a personnel file is also a substantial interference with the right to privacy." *Skelley v. Trustees of the Fessenden School,* 1994 WL 928172, 7 Mass. L. Rptr. 414, 418 (November 10, 1997) (Brassard, J.) (1994). "In evaluating whether the information sought from employees could amount to an unreasonable interference with their right of privacy," the Massachusetts Supreme Judicial Court stated that "the employer's legitimate interest in determining the employees' effectiveness in their jobs should be balanced against the seriousness of the intrusion on the employees' privacy." Bratt, 392 Mass. at 520, citing Cort v. Bristol Myers, Co., 385 Mass. 300, 308 (1982).

Applying these principles, the Superior Court judge in *Fitzgerald* denied the plaintiff's Motion to Compel production of personnel records on the grounds that the records were "privileged" and the requests "overbroad." 2002 WL 389872 at 1. In addition, where "[t]here is insufficient relevance between the personnel records requested and the action at bar to warrant their discovery," *Id.,* the request should be denied. (*See* F.R.C.P. 26(b)(1), which prohibits discovery of privileged and irrelevant information.)

Applying the foregoing, Mr. DeModena's personnel records are not only protected from disclosure by privilege, but are not subject to production as the Plaintiff has also failed to adequately establish their relevancy. Consequently, the Plaintiff's request should be denied.

C. Inspection and Photography of MBTA Premises

MBCR also questions the relevance of this request, as well as its propriety when weighed against the burden of disruption of MBCR's business to have to accommodate such an inspection. Nonetheless, as Plaintiff indicated in his Motion, MBCR previously objected to Plaintiff's request to

permit Plaintiff to inspect MBTA property because MBTA policy requires MBTA approval and oversight of such a request.[1] In its response to his initial request, MBCR informed Plaintiff that "you will need to make this request through the MBTA's Police Department, which limits access and photography of MBTA facilities for security reasons." In essence, MBCR informed the Plaintiff that it does not have the authority to grant the access that Plaintiff seeks. This is a reasonable and straight-forward response to Plaintiff's request. Rather than petition the Court to compel that which MBCR cannot do, Plaintiff would be better served by taking his request to appropriate parties.

For the foregoing reasons, MBCR requests that the Plaintiff's Motion be denied.

> Respectfully submitted,
> MASSACHUSETTS BAY
> COMMUTER RAILROAD
> By its attorneys,
>
> _____
> Bruce Singal, BBO# 464420
> Robert K. Blaisdell, BBO #568060
> DONOGHUE, BARRETT & SINGAL, P.C.
> One Beacon Street, Suite 1320
> Boston, Massachusetts 02108
> (617) 720-5090

Dated: July 28, 2005

---

[1] As the Court can well imagine, since the terrorist attacks of September 11, and especially in light of the recent bombings in the London transit system, the MBTA has been especially vigilant in its security of the commuter rail system.

## CERTIFICATE OF SERVICE

I, Robert K. Blaisdell, hereby certify that I have caused a copy of Massachusetts Bay Commuter Railroad's Opposition to Plaintiff's Motion to Compel Discovery to be served upon the following, by First-Class Mail, postage pre-paid:

Joseph T. Carmack
398 Columbus Avenue, PMB 130
Boston, Massachusetts, 02116-6008

George Newman
Local Chairman for Brotherhood of Locomotive
    Engineers and Trainmen
257 Hersey Street
Hingham, Massachusetts  02003-2729

Stephen A. Hughes, Esq.
Bonner Kiernan Trebach & Crociata
One Liberty Square – 6th Floor
Boston, Massachusetts  02109

This 28th day of July, 2005.

                                                 _____
                                                 Robert K. Blaisdell