UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12488-PBS

JOSPEH T. CARMACK, )
    Plaintiff )
v. )
 )
 )
THE NATIONAL RAILROAD )
PASSENGER CORPORATION, )
    Defendant )
 )

### MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ADD DEFENDANT

Massachusetts Bay Commuter Railroad Company ("MBCR") hereby opposes the Plaintiff Joseph T. Carmack's Motion for Leave to Add MBCR as a Defendant ("Motion") in the above-captioned action. By submitting this Opposition, MCBR does not assent to or recognize the Court's jurisdiction over MBCR in this proceeding, and specifically reserves its right to challenge any and all jurisdictional, procedural and substantive issues should the need arise. MBCR submits this Opposition in the interest of avoiding a waste of its and the Court's time and resources, as MBCR is not a proper party to this proceeding for two basic reasons: (1) MBCR is not, as Plaintiff suggests, a "corporate successor" to the Defendant, and (2) if the Plaintiff prevails in its action against the Defendant, the Plaintiff can be provided full relief without the involvement of MBCR.

    A. <u>MBCR is Not Amtrak's "Corporate Successor"</u>

In his Motion and Memorandum in support thereof, Plaintiff asserts that MBCR should be held liable to Plaintiff under a theory of "corporate successor liability" for alleged violations of the

1

Americans with Disabilities Act ("ADA") by Defendant National Railroad Passenger Corporation ("Amtrak"). Although the First Circuit has never applied successor liability to an ADA case, even if the Court were to entertain the Plaintiff's request, it should be denied for one very simple reason: the doctrine of corporate successor liability is inapplicable in this instance as MBCR is not Amtrak's corporate "successor."

As one Federal court noted, there is a "vital" threshold requirement for applying the theory of corporate successor liability:

> That factor is that there must be <u>some type of sale, merger, or consolidation</u>. There must be <u>some type of privity</u> between the <u>predecessor and successor employer</u>.

*Korlin v. Chartwell Health Care, Inc.*, 128 F.Supp.2d 609, 614 (E.D.Missouri, 2001) (emphasis added; footnote omitted). Indeed, in applying the corporate successor liability doctrine, courts have found it important (often implicitly) that the "successor" corporation had an opportunity to "contract around" its potential liability by factoring its risk into the sales price or by including non-liability or indemnification clauses in its purchase-and-sales contract with the "predecessor" corporation.[1] As the *Korlin* court observed, "[t]his is impossible to do if there is no sale or contract between the predecessor and successor." 128 F.Supp.2d at 614.

---

[1] *See, e.g., Golden State Bottling Co., Inc., v. National Labor Relations Board,* 414 U.S. 168, 185, 94 S.Ct. 414, 425 (1973) (successor's potential liability is a matter that can be reflected in price paid for business or in an indemnity clause in the sales contract); *Scott v. Sopris Imports Ltd.*, 962 F.Supp. 1356, 1360 (D.Colo. 1997) (successor liability inapplicable where defendant had "no opportunity" to "contract around its liability" due to lack of notice of the underlying complaint); *Whitmore v. O'Connor Management, Inc.*, 156 F.3d 796, 799 (8th Cir. 1998) (no successor liability where there was no "sale" of a business, but where the "successor" business simply took over the management of a food court at the mall where plaintiff was employed); *Korlin*, 128 F.Supp.2d at 615 (no successor liability where there was no sale of assets, and no contract, between the prior and the subsequent operators of a nursing home).

As there is no sale or contract between MBCR and Amtrak, the corporate successor doctrine is inapplicable. Until June, 2003, Amtrak was under contract with the Massachusetts Bay Transportation Authority ("MBTA") to operate the MBTA's commuter rail system. Before the expiration of Amtrak's management contract, the MBTA issued Request for Proposals ("RFP") for qualified vendors interested in operating the MBTA's commuter rail system pursuant to the terms of a new operating contract. Amtrak decided not to participate in the bidding for the new contract, which was eventually awarded to MBCR. The new operating agreement was solely between MBCR and the MBTA. There was no "sale, merger, or consolidation" or "some type of privity" between MBCR and Amtrak. *Cf., Whitmore v. O'Connor Management, Inc.*, 156 F.3d 796, 799 (8th Cir. 1998) (where the court denied plaintiff's request to hold subsequent manager of food court liable for failure to remedy discriminatory conduct under prior manager because "there was no sale of a business creating a predecessor-successor relation between the two corporations."). Consequently, Plaintiff's Motion should be denied.

B. The Plaintiff Can Be Afforded Complete Relief Without MBCR

Even if the doctrine of corporate successor liability were relevant to this case, it does not attach automatically. The courts justify applying the doctrine against an innocent company on the policy grounds that it would undermine the legislative intent of labor law and discrimination statutes if the employee were not able to obtain full relief as provided in the relevant statute.[2] Such

---

[2] *See, e.g., E.E.O.C. v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091-1092 (6th Cir. 1974) ("Failure to hold a successor employer liable for the discriminatory practices of its predecessor could emasculate the relief provisions of Title VII by leaving the discriminatee without a remedy or with an incomplete remedy. In the case where the predecessor company no

justification does not exist here, however, as the Plaintiff can be afforded full relief from Amtrak.

Amtrak not only remains a distinct and viable on-going entity, but it also continues to operate commuter rail services from the Boston area. If Plaintiff prevails on his ADA action, Plaintiff can be made whole, including "reinstatement" to position of Locomotive Engineer with Amtrak, without involving MBCR. As there is no public policy justification for adding an innocent party – MBCR – to this proceeding, the Plaintiff's Motion should be denied. *See, e.g..*, *Scott v Sopris Imports Ltd*, 962 F.Supp. 1356, 1360 (D. Colo., 1997) (facts that original defendant could provide full relief should plaintiff prevail militated against keeping successor company in case).

For the foregoing reasons, MBCR requests that the Plaintiff's Motion be denied.

> Respectfully submitted,
> MASSACHUSETTS BAY
> COMMUTER RAILROAD
> By its attorneys,
>
> /s/ Bruce A. Singal
> Bruce Singal, BBO# 464420
> Robert K. Blaisdell, BBO# 568060
> DONOGHUE, BARRETT & SINGAL, P.C.
> One Beacon Street, Suite 1320
> Boston, Massachusetts 02108
> (617) 720-5090

Dated: July 28, 2005

---

longer had any assets, monetary relief would be precluded. Such a result could encourage evasion in the guise of corporate transfers of ownership. Similarly, where relief involved seniority, reinstatement or hiring, only a successor could provide it."

## CERTIFICATE OF SERVICE

I, Robert K. Blaisdell, hereby certify that I have caused a copy of Massachusetts Bay Commuter Railroad's Opposition to Plaintiff's Motion For Leave To Add Defendant to be served upon the following, by First-Class Mail, postage pre-paid:

Joseph T. Carmack
398 Columbus Avenue, PMB 130
Boston, Massachusetts, 02116-6008

George Newman
Local Chairman for Brotherhood of Locomotive
    Engineers and Trainmen
257 Hersey Street
Hingham, Massachusetts  02003-2729

Stephen A. Hughes, Esq.
Bonner Kiernan Trebach & Crociata
One Liberty Square – 6th Floor
Boston, Massachusetts  02109

This 28th day of July, 2005.

_____
Robert K. Blaisdell