UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH T. CARMACK<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION<br><br>Defendant. | Civil Action No. 03 12488 PBS |

**MOTION FOR ORDER AUTHORIZING DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION TO EXCEED SEVEN HOUR LIMIT OF FED.R.CIV.P. 30(d)(2) FOR DEPOSITION OF PLAINTIFF**

Defendant, National Railroad Passenger Corporation ("Amtrak"), moves this Court for an order authorizing Amtrak to exceed the seven hour limit outlined in Fed.R.Civ.P. 30(d)(2) in taking the deposition of Plaintiff. As grounds there for, Amtrak states as follows:

1. Pursuant to Fed.R.Civ.P. 30(d)(2), the Court "*must* allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." [emphasis added]

2. Amtrak took the deposition of Plaintiff on August 10, 11, and 12 for a total of less than nine hours of actual examination.[1]

3. Amtrak was unable to complete the deposition within seven hours because Plaintiff's

---

[1] The depositions of Plaintiff occurred from approximately 10:00 to 5:00 on 8/10; 3:30 to 5:00 on 8/11; and 2:00 to 4:00 on 8/12. Lunch and other breaks during the three days reduced the amount of time Plaintiff was actually deposed to less than nine hours according to JoAnn Denning, the court reporter.

allegations are numerous, encompass a broad spectrum of legal theories, and are frequently ambiguous and confusing, as evidenced by the Second Amended Complaint which is 62 pages long, and contains 402 paragraphs of allegations and eight legal Counts with six Sub-Counts.

4. Amtrak was also unable to complete the deposition within seven hours because Plaintiff impeded the examination by disregarding many questions from Amtrak's counsel, and providing long non-responsive answers which required Amtrak's counsel to ask the questions again.

5. Furthermore, Amtrak was unable to complete the deposition within seven hours because Plaintiff impeded the examination by frequently providing evasive answers, requiring Amtrak's counsel to dwell on certain subjects for unnecessarily long periods of time.[2]

6. Finally, Plaintiff took copious notes during his deposition,[3] writing down many questions from Amtrak's counsel so that Plaintiff could ask himself questions on the record after Amtrak's counsel completes the examination. This procedure caused additional delays that contributed to Amtrak's inability to complete the deposition within seven hours.

7. Amtrak anticipates a maximum of four additional hours of questioning may be required to complete Plaintiff's deposition.

WHEREFORE, Amtrak moves the Court for an order allowing Amtrak up to four additional hours for questioning of Plaintiff at his deposition.

---

[2] Transcripts of the depositions were not yet available at the time this Motion was prepared, but copies of the transcripts will be provided to the Court at the hearing on this matter and Amtrak's counsel will come to the hearing prepared to offer page cites regarding Plaintiff's impeding of the deposition, if the Court deems such to be necessary.

[3] Plaintiff chose not to order a copy of the transcript of his deposition.

Respectfully submitted,
DEFENDANT,
NATIONAL RAILROAD PASSENGER
CORPORATION,
By Its Attorneys,

DATED:      August 17, 2005

s/Stephen E. Hughes
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

### Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on August 17, 2005 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

s/Stephen E. Hughes
Stephen E. Hughes

3