UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH CARMACK, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 03-12488-PBS |
| | ) | |
| NATIONAL RAILROAD | ) | |
| PASSENGER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

On August 31, 2005, this court held a hearing at which it heard argument on the motions of plaintiff, Joseph Carmack ("Carmack"), to compel discovery from third parties, Massachusetts Bay Commuter Railroad Company ("MBCRC") and the Brotherhood of Locomotive Engineers and Trainmen ("BLET"), as well as from the defendant, National Railroad Passenger Corporation ("Amtrak").  By his first motion, Carmack is seeking an order compelling MBCRC and BLET to produce documents responsive to third party subpoenas and to allow Carmack access to certain areas of the Massachusetts Bay Transit Authority ("MBTA") premises in order to inspect and photograph those areas.  By his second motion, Carmack is seeking an order compelling Amtrak to produce additional documents responsive to requests numbered 1, 2, 3, 7, and 8 contained in Carmack's First Request for Production of Documents.  After reviewing the parties' and third parties' submissions, and considering their arguments, the court hereby ORDERS the following:

1.  The plaintiff's "Application for Order to Compel Disclosure and Discovery from Massachusetts Bay Commuter Railroad Company and the Brotherhood of Locomotive Engineers and Trainmen Pursuant to Fed. R. Civ. P. 37 and Fed. R. Civ. P. 45" (Docket No. 65) is DENIED as follows:

    a.  The parties agree that the copy of the collective bargaining agreement that Carmack received from George Newman, Local Chairman of the BLET, is a true and accurate copy of the agreement that Carmack requested. Accordingly, Carmack's request for a verified copy of that agreement is DENIED.

    b.  Carmack's request for copies of agreements between MBCRC and Amtrak, the MBTA or the BLET is DENIED on the grounds that these agreements are not relevant to the litigation.

    c.  Based on Amtrak's representation that it has produced all records from Mr. DeModena's personnel file that concern Carmack, and that the file contains no disciplinary records from the time period when Mr. DeModena was a manager at Amtrak, Carmack's request for additional documents from Mr. DeModena's personnel file is DENIED.

    d.  Carmack's request for access in order to inspect and photograph areas of the MBTA's premises is DENIED WITHOUT PREJUDICE.

2.  Carmack's "Motion to Compel Disclosure and Discovery from Defendant Pursuant to Fed. R. Civ. P. 37" (Docket No. 66) is ALLOWED IN PART and DENIED IN PART as follows:

    a.  The motion is DENIED with respect to Carmack's request for documents responsive to Request No. 1 to the plaintiff's request for production of documents on the basis of Amtrak's representation that all responsive documents have been produced.

    b.  The motion is ALLOWED with respect to Carmack's request for

2

        additional information with respect to Request No. 2 to the plaintiff's request for production of documents.  Amtrak shall produce all versions, if any, of its "fitness for duty" criteria that were in effect at the time of Carmack's employment with Amtrak or on which Amtrak relied in evaluating Carmack's fitness for duty.

    c.    The motion is DENIED with respect to Carmack's request for documents that are responsive to Request No. 3 to the plaintiff's request for production of documents.

    d.    Based on Amtrak's representation that no responsive document currently exists, the motion is DENIED with respect to Request No. 7 to the plaintiff's request for production of documents.

    e.    Based on Amtrak's representation that it has produced all records from Mr. DeModena's personnel file that concern Carmack, and that the file contains no disciplinary records from the time period when Mr. DeModena was a manager at Amtrak, Carmack's request for additional documents responsive to Request No. 8 to the plaintiff's request for production of documents is DENIED.

3.    After **September 16, 2005**, no party shall file any discovery motion without leave of court and upon good cause shown.

                                                          / s / Judith Gail Dein  
                                                          Judith Gail Dein  
                                                           United States Magistrate Judge

DATED: September 1, 2005