UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack )<br><br>Plaintiff, Pro Se )<br><br>v. )<br><br>The National Railroad Passenger )<br>Corporation )<br><br>Defendant ) | Civil Action No. 03-12488-PBS |

**PLAINTIFF JOSEPH T. CARMACK'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRIVILEGE LOG FROM DEFENDANT AND IN OPPOSITION TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO COMPEL DISCLOSURE OF PLAINTIFF'S ALLEGED PRIVILEGED COMMUNICATIONS**

Plaintiff Joseph T. Carmack ("Plaintiff" or "employee") hereby opposes Defendant National Railroad Passenger Corporation's ("Amtrak", "Defendant" or "carrier") MOTION TO COMPEL DISCLOSURE OF PLAINTIFF'S ALLEGED PRIVILEGED COMMUNICATIONS. Furthermore, Plaintiff moves for an order to compel privilege log of Attorney/Client communications and work product log from Defendant. In addition, Plaintiff moves that such an order include a log of communications occurring within Amtrak's Law Department relevant to this case and relevant communications with any employee of Defendant or any other communication relevant to the above captioned case for which Defendant claims a privilege.

As grounds for this motion Plaintiff states that he has completed sufficient documentation of privileged information in privilege logs submitted to Defendant. Communications listed in privilege logs are confidential communications that are

1

protected as trade secrets, the doctrine of Fair Representation, the Railway Labor Act and work-product privilege.

## I. HISTORY OF MOTION

1. On July 8, 2005, Plaintiff submitted a "Privilege Log" to Defendant and this Honorable Court pursuant to court order dated June 8, 2005.

2. On July 28, 2005, counsel for Defendant proposed supplemental discovery responses from Plaintiff pursuant to various verbal supplemental disclosures made by Plaintiff to Defendant which had been recalled by Plaintiff after July 8, 2005.

3. On August 3, 2005, Plaintiff submitted a "SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT'...FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" here included as Exhibit A.

4. Plaintiff's "SECOND SUPPLEMENTAL RESPONSE" included expansion of Privilege Log which detailed descriptions and added items (Exhibit A, Pages 2 and 3 "SUPPLEMENT TO PRIVILEGE LOG" and "SUPPLEMENTAL DISCLOSURES OF PRIVILEGED DOCUMENTS").

5. On August 18, 2005, Defendant submitted "MOTION TO COMPEL DISCLOSURE OF PLAINTIFF'S ALLEGED PRIVILEGED COMMUNICATIONS".

## II. ARGUMENT

The transactions and occurrences giving rise to the current action have likewise been reviewed by the Public Law Board with proper jurisdiction pursuant to rights and privileges of Plaintiff/employee and the Brotherhood of Locomotive Engineer guaranteed by the Railway Labor Act ("the Act"), *45 U.S.C. s. 151 et seq.* Various individuals, including Mark Kenny, Mike O'Bryan and Richard Prone, served as "representatives", as defined by the Act, at various stages leading to the review by the Public Law Board. Messrs. Kenny, O'Bryan and Prone served the role as representative pursuant to the remedial scheme provided by the Act. Likewise, in reviewing the facts related to this case, these same representatives represented the interests of the Brotherhood of

2

Locomotive Engineers ("BLE" or "the organization") which is currently referred to as The

Brotherhood of Locomotive Engineers and Trainmen ("BLET" or "the organization").

Currently, another individual, George Newman, also serves as representative of BLET.

The duties of these individuals are bound by the doctrine of Fair Representation. The

Duty of Fair Representation requires representatives to protect the confidentiality of

communications between employee and representative. The privilege of confidential

communications betwee employee and representative is analogous to the

Representative/Client privilege of confidentiality by which attorneys are bound.

In addition, as defined by the Act, the "organization" is an independent body with

private interests serving it's members. The business of the organization includes its

defense of rights and privileges of the organization and the employee pursuant to

guarantees warranted by the Act. The business of the organization also includes

choosing of a representative to represent the organizations interests in dispute resolution

scheme outlined by the Act. It is the secret deliberation of these same interests that the

Defendant seeks to disclose in their motion to compel. The strategy of defense that a

representative, employee or organization communicates or deliberates are trade secrets

protected as privileged communications pursuant to the provisions of the Act protecting

the organization against carrier interference. If this Honorable Court is to permit the

disclosure of the communications for which the Defendant has moved, the provisions of

the Act will be undermined. In accordance with the Act, Plaintiff submits that the

decision to permit disclosure lies strictly within the purview of the National Railroad

Adjustment Board and outside this court's jurisdiction. Nonetheless, Plaintiff also

submits that this Honorable Court has jurisdiction and authority to protect the BLE's

privileged communications as trade secrets pursuant to provisions of *Federal Rules of*

*Civil Procedure Rule 26 (c)(7)*. Plaintiff hereby moves for a protective order against

disclosure of privileged organization communications in accordance with

*Fed.R.Civ.Proc. 26(c)(7)*.

While seeking to breach Representative/employee privilege and BLE's organization privileges, Defendant has also moved to expropriate Plaintiff's work product. Plaintiff has previously presented argument in accordance with this privilege in "PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY FROM PLAINTIFF PURSUANT TO FED.R.CIV.P.37". Plaintiff hereby repeats and reiterates those arguments as though expressly stated here. Defendant claims that "Plaintiff has failed to produce a privilege log of ...documents" (Defendant's MOTION TO COMPEL DISCLOSURE OF PLAINTIFF'S ALLEGED PRIVILEGED COMMUNICATIONS, page 2). Plaintiff hereby denies that he has failed to produce such a log. Plaintiff's "...SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT('S)..FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" at Page 3, "SUPPLEMENTAL DISCLOSURES OF PRIVILEGED DOCUMENTS", includes item 3 which states:

> I also neglected to include in my previous privilege log any reference to work product. I have created a number of reference notes and cards in preparation for the litigation of the above captioned case. These are mostly documents quoting cases and listing their citations.

Other than this declaration, Plaintiff can only add that these notes include notebooks and scattered loose papers the likes of which any attorney may create on a whim in contemplation of the case before her. Other than citations, some notes refer directly to evidence and constitute basic trial preparation materials. Any further description of these materials would be unfairly and unduly burdensome on Plaintiff.

Indeed, it is difficult for Plaintiff to understand what more in the way of a work-product privilege log Defendant expects. Defendant themselves have failed to produce any such log for Plaintiff. In the interests of full disclosure, Plaintiff hereby moves for an order permitting such a work product and privilege log which will include a list of all

4

communications and documents produced by Amtrak's Legal Department personnel to any employee or to Defendant counsel which are relevant to the present action. Also, Plaintiff prays for an order permitting a work product and privilege log produced by Defendant which includes a list of all communications and documents produced by Defendant's counsel which are relevant to the present action. The production of such a log for the Plaintiff will allow Plaintiff to better understand the type of privilege log the Defendant requires while it allows Plaintiff to assess the applicability of the privilege..

### III. APPLICABLE LEGAL STANDARD

Plaintiff submits that the Railway Labor Act anticipates parity of Representative/ employee privilege with Attorney/Client privilege. Such parity is indicated by employee's right to choose an attorney to represent his grievance in place of organization representative. The right of an employee to choose an attorney to represent her is articulated in *U.S.C. 45 s. 153 First paragraph (j)* which states, in part,: "Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect,,," Where employee would enjoy attorney-client privilege with counsel representative, Plaintiff submits that congress would not intend for the Act to create a secondary class of employee who is unable to afford counsel representation and chooses to be represented by organization representative for that reason.

The right of an employee and the organization to organize its activities (which include handling of grievances) free of carrier interference is outlined in Section 2 of the Act, *U.S.C. s. 152*. At the Second part the act permits "All disputes between a carrier or carriers and its or their employees shall be considered...in conference between representatives designated and authorized so to confer..." Obviously, the choice of a particular representative includes choosing the manner in which that representative will represent the employees in consideration of the dispute. The employees choose their representative free of carrier interference: "Representatives...shall be designated by the respective parties without interference, influence, or coercion by either party over the

designation of representatives by the other; and neither party shall in any way interfere with influence, or coerce the other in its choice of representatives", *U.S.C. s.152 THIRD.* Indeed all manner of organization, including evaluation of merits of a grievance are likewise carried out free of carrier interference: "No carrier, its officers or agents, shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees...", *U.S.C. s.152 FOURTH.* If this Honorable Court permits disclosure of communications regarding the defense of the employee by the organization against the transactions and occurrences which are the same as those considered in the above captioned case, this court would permit the carrier to undermine the provisions of the act where the organization is attempting to organize a response to a dispute free of carrier interference as the Act permits.

Wherefore, the Plaintiff hereby moves for an order of this Honorable Court protecting the confidential business interests and trade secrets of the Brotherhood of Locomotive Engineers and Trainmen pursuant to *Fed.Rul.Civ.Proc. 26(c)(7).*

In addition, Plaintiff hereby moves for an order of this Honorable Court compelling Defendant to produce a privilege log and work-product log which "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection" *Federal Rules of Civil Procedure Rule 26(b)(5)..*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Certification:**
The provisions of Fed.Rule of Civ. Proc.
37 and LR 37.1 have been complied with
in various conferences with the Defendant
without agreement including telephone conference
of August 17, 2005.

*******************************

Respectfully submitted,

DATED:  August 31, 2005

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA  02116-6008
Work:  617/727-2310 ext. 7045
Home:  617/536-0772
Pager w/voice mail: 617/798-6466

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on August 31, 2005 served a true copy of the foregoing document by First Class U.S. Mail to George Newman, Local Chairman for Brotherhood of Locomotive Engineers and Trainmen at 257 Hersey Street, Hingham, MA  02003-2729

I, Joseph T. Carmack, hereby certify that I have on August 31, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th Floor, Boston, MA  02109.

DATED:  August 31, 2005

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA  02116-6008
Work:  617/727-2310 ext. 7045
Home:  617/536-0772
Pager w/voice mail: 617/798-6466

Exhibit A

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The National Railroad Passenger | ) | |
| Corporation | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## PLAINTIFF JOSEPH CARMACK'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure; and likewise pursuant to telephone conference held with representative for the Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") on or about July 28, 2005 in which Defendant requested supplemental response to requests for production of documents and interrogatories: Plaintiff, Joseph T. Carmack, ("Plaintiff") hereby responds to said request.

## GENERAL OBJECTIONS

The following general objections are incorporated into all previous and succeeding responses and objections to Defendant's discovery requests upon Plaintiff:

1.    Plaintiff objects generally to Defendant's discovery requests to the extent that they attempt or purport to impose on Plaintiff obligations other than or beyond those authorized by Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.

2.    Plaintiff objects to Defendant's discovery requests to the extent that they are not limited to documents and information in the possession, custody or control of the Plaintiff.  Plaintiff will only produce documents and information in his possession, custody or control.

3.    Plaintiff objects to Defendant's discovery requests to the extent that they seek

1

documents and information prepared in anticipation of litigation or otherwise protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege.

4.    Plaintiff objects to Defendant's discovery requests to the extent that they are not relevant to the above captioned case.

### Specific Supplemental Responses

## I.  MEDICAL PROVIDERS PLAINTIFF WILL RELY UPON AT TRIAL

Defendant has requested a list of medical providers that the Plaintiff will be relying upon at trial.  The Plaintiff hereby makes the following statement in the first person:

> I intend to rely upon Doctor Ann Gurian and Dr. Martha Stark as witnesses at trial.  In addition to these witnesses, however, I reserve the right to rely on Dr. Jonathan Apelbaum, Dr. Carlee Blamphin, Dr. Katherine Tobias and Elizabeth Robson LICSW should the course of development of the trial prove the need to call these witnesses.

## II.  RELEVANT DOCUMENTS CREATED BY DR. CARLEE BLAMPHIN

Defendant has requested that Plaintiff provide a statement regarding documents created by Dr. Carlee Blamphin regarding treatment of Plaintiff between January 2000 and August 2002. The Plaintiff provides the following supplemental response in the 1st person:

> During the period from January 2000 to August 2002, I believe I was treated by Dr. Blamphin on only one occasion which was during the summer of 2001.  On several occasions I have asked Dr. Blamphin if she has any documents regarding my person other than receipts for visits in 2005.  Dr. Blamphin has repeatedly replied "no" to this question.  The last time I asked Dr. Blamphin for any documents in her possession regarding my treatment was July 18, 2005.  She again responded that she had no documents other than receipts for visits in 2005.  I further asked Dr. Blamphin if she was sure that she had checked all her records.  Dr. Blamphin said "yes".

## III.  SUPPLEMENT TO PRIVILEGE LOG

Defendant has requested that the Plaintiff elaborate description of items previously included in a privilege log provided by Plaintiff to the Defendant; the Plaintiff responds with the following:

2

1. Letter to Mark Kenny dated June 25, 2002.  Plaintiff's point response to carrier's Decision Letter and termination of Plaintiff provided in anticipation of appeal.

2. Mark Kenny's cover letter to SBA-928 Award No. 382. dated May 6, 2003 including notification of right for judicial review.

3. Letter from Plaintiff to Mark Kenny dated June 25, 2003 responding to Mark Kenny's correspondence of May 6, 2003 including point response to Award No. 382 and criticism of defense and articulation of cause for civil action against carrier.

4. July 18, 2003 letter to Plaintiff from Mark Kenny wherein Kenny challenges Plaintiff's criticism of defense and presumes civil action contemplated by Plaintiff against union.

5. July 22, 2003 letter from Plaintiff to Mark Kenny denying intent for civil action against union and reiterating cause for civil action against carrier.

## III.  SUPPLEMENTAL DISCLOSURE OF PRIVILEGED DOCUMENTS

In addition to the above documents Plaintiff has become aware of other privileged documents in his position which he hereby discloses in first person response in good faith.

1. March 27, 2004 I wrote a letter to George Newman concerning outstanding grievances. I recently remembered this document; I am not sure it is responsive; however, I wanted to include it as a privileged document in the interests of good faith and full disclosure. I believe this document is protected by representative/client privilege as applied to union representation.

2. I believe there is a letter that I wrote to Attorney Shannon Liss-Riordan in Boston. I wrote this letter in the winter of 2005 and it concerns a possible representation agreement and confidentiality of certain evidence. I have, as yet, been unable to locate my copy of this letter. In any case, the letter is subject to attorney-client privilege.

3. I also neglected to include in my previous privilege log any reference to work product. I have created a number of reference notes and cards in preparation for the litigation of the above captioned case. These are mostly documents quoting cases and listing their citations.

I declare under penalty of perjury that I have made objections on my own behalf. I further declare that none of the above responses are intended as waiver of any privilege or right including right to further supplemental response should it become necessary. I further declare under penalty of perjury that I have provided this response to Defendant's discovery requests completely, truthfully and to the best of my knowledge and ability.

3

Date: August 3, 2005                    Signed: _____
                                        Joseph T. Carmack, Plaintiff, Pro Se.


### Certificate of Service

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by Hand Delivery to : Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA 02109. US mail

Date:  August 3, 2005                   _____
                                        Joseph T. Carmack, Plaintiff, Pro Se.

4