UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The National Railroad Passenger Corporation | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFF JOSEPH T. CARMACK'S OPPOSITION TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO EXTEND TIME LIMIT ON DEPOSITION AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO GRANT CROSS-EXAMINATION**

Plaintiff Joseph T. Carmack ("Plaintiff") hereby opposes the basis for Defendant National Railroad Passenger Corporation's ("Defendant" or "Amtrak") motion for Order Authorizing Defendant to Exceed Seven Hour Limit. Defendant's motion (as with their motion to extend the scheduling order) violates the spirit and intent of the scheduling orders of this Honorable Court. In response, Plaintiff hereby moves for an order compelling Defendant National Railroad Passenger Corporation to recall Deponent Michael J. O'Bryan ("Deponent") for deposition and grant Plaintiff opportunity to complete examination of Deponent.

**I. GROUNDS FOR OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME LIMIT OF DEPOSITION**

1

As grounds for opposition to Defendant's motion to exceed seven hour limit, Plaintiff states as follows:

1. Pursuant to Fed.R.Civ.P. 30(d)(2), this Court "must allow additional time consistent with Rule 26(b)(2) if needed for a *fair* examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.." [emphasis added]

2. Prior to motioning for an extension of the seven hour limit on depositions, Amtrak took the deposition of Plaintiff on August 10,11, and 12 for almost nine hours of actual examination.

3. With the additional time granted to Defendant by Plaintiff, Amtrak was able to complete an extensive examination of Plaintiff covering a broad spectrum of legal theories the facility of which examination being expedited by the detail and clarity of the Second Amended Complaint which is 62 pages long, and contains 402 paragraphs of allegations and eight legal Counts with six Sub-Counts.

4. Plaintiff denies that he was evasive, unresponsive, disregarded questions or impeded the examination in any way.

5. Defendant was able to conduct a complete and extensive examination in spite of the fact that Defendant counsel impeded, disrupted and obstructed this Pro Se Plaintiff's attempts to cross-examine himself without assistance of counsel.

6. Defendant disrupted Plaintiff's testimony in an attempt to interject their own subjective characterizations of facts into the testimony.

7. Plaintiff denies that he took any notes at all during his own deposition. Plaintiff counters any assertion that he took notes during his deposition by stating that he considered taking notes after discussing procedure with the

2

      Defendant in the last 20 minutes of the examination, but the Defendant protested and the Plaintiff relented.

8. Throughout the three days of depositions, August 10, 11 and 12, which included deposition of Michael J. O'Bryan, Plaintiff repeatedly reminded the Defendant of the need to complete depositions on August 12 pursuant to order of this Honorable Court. Mr. O'Bryan, in fact, unilaterally offered to return another day when he was forced to end cross-examination for personal reasons, but Plaintiff announced for the Deponent and the Defendant that Plaintiff and Defendant would be forced to end the deposition pursuant to court order.

9. Defendant gave no indication that they intended to extend the deposition beyond the August 12, deadline until after examinations ended.

## II.  MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RECALL WITNESS, MICHAEL J. O'BRYAN, AND GRANT CROSS-EXAMINATION

Plaintiff hereby moves this court to compel defendant to recall witness Michael J. O'Bryan for deposition and grant Plaintiff opportunity to cross-examine witness. As grounds for this motion, Plaintiff states as follows:

1. On August 18, 2005, this Honorable Court granted Defendant's motion to extend seven hour limit on deposition of Plaintiff.

2. On September 7, 2005, Between the hours of 10:30 am and 5:45 pm, DEFENDANT again deposed the Plaintiff. At approximately 4:00 pm, Defendant announced that the four hour limit had been reached. The Plaintiff agreed to continue with the deposition.

## III. ARGUMENT

      Since this honorable court permitted extension of seven hour limit for Defendant to depose Plaintiff, Plaintiff requires additional time to complete

deposition of witness Michael J. O'Bryan. Plaintiff only ceased cross-examination pursuant to order of this Honorable Court. Mr. O'Bryan was involved in most of the events about which Plaintiff has been questioned. In addition, much of Mr. O'Bryan's testimony was contradictory. In many cases, Plaintiff had to expend some effort to revive Mr. O'Bryan's memory and reconcile or otherwise account for contradictions in his testimony. Since Defendant spent over thirteen hours deposing Plaintiff, Plaintiff requires additional time to complete cross-examination of a witness who can substantiate his own testimony. Plaintiff anticipates four hours or less of additional time to complete cross-examination of Mr. O'Bryan.

WHEREFORE, Plaintiff moves this Honorable Court for an order allowing up to four additional hours for questioning of Mr. O'Bryan at his deposition.

**Respectfully submitted,**

September 8, 2005

*[handwritten note: Plaintiff certifies conference in accordance with 37.1]*

Joseph T. Carmack
398 Columbus Ave. PMB 130
Boston, MA 02116-6003
Phone: 617/536-0772
Work: 617/727-2310 ext. 7045
Pager w/voice mail: 617/798-6466

**Certificate of Service**

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by First Class U.S. Mail to: Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA 02109.
Date: September 8, 2005

Joseph T. Carmack, Plaintiff, Pro Se