UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 03 12488 PBS |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DEFENDANT TO GRANT PLAINTIFF CROSS-EXAMINATION
OF WITNESS MICHAEL J. O'BRYAN**

Plaintiff's Motion to Compel Defendant to Grant Plaintiff Cross-Examination of Witness Michael J. O'Bryan ("Mr. O'Bryan") seeks authorization from the Court to conduct an additional four hours of cross examination of Mr. O'Bryan. Defendant, National Railroad Passenger Corporation ("Amtrak"), opposes Plaintiff's Motion and asks it be denied on the following grounds: (1) Amtrak has concluded its deposition of Mr. O'Bryan; (2) Plaintiff has already had adequate time to cross examine Mr. O'Bryan; (3) Mr. O'Bryan does not work for Amtrak and therefore Amtrak does not control his activities in any way; (4) discovery has ended; (5) the continued deposition is expected to cause further delays to the pre-trial schedule; and (6) the continued deposition will be an unnecessary burden upon Mr. O'Bryan and Amtrak. Facts pertinent to this motion, and arguments supporting Amtrak's Opposition, are provided with greater specificity below.

I.  **FACTUAL BACKGROUND**

1. Plaintiff has taken no depositions in this case despite the fact that discovery has been open since December 2004.

2. Mr. O'Bryan was employed by Amtrak as a locomotive engineer at relevant time frames.

3. Mr. O'Bryan was the union representative for the Local chapter of the Brotherhood of Locomotive Engineers in which Plaintiff was a member.

4. Mr. O'Bryan has not worked for Amtrak since July 1, 2003.

5. Amtrak noticed the deposition of Mr. O'Bryan for August 11, 2005 and took it on that date.

6. Mr. O'Bryan's deposition commenced at 10:10 a.m. Amtrak concluded its direct examination of Mr. O'Bryan at 1:40 p.m.

7. Mr. Carmack began his cross examination on that date at 1:50 p.m. and ended for the day at 3:00 p.m. He recommenced his cross examination at 9:07 a.m. on the following day, August 12th. He continued until 1:07 p.m.

8. Amtrak asked one question of Mr. O'Bryan in re-cross which was answered in 7 words.

9. In summary, Amtrak spent 3.5 hours on direct and redirect examination. Plaintiff spent more than five hours on cross examination, as he admits in his Motion.

10. Plaintiff made no reference on the record that he felt he was being forced to finish the deposition prematurely, that his cross examination was not complete, or that he wanted to ask more questions of Mr. O'Bryan.

11. Mr. O'Bryan, who is neither a party to this case, nor employed by Amtrak, spent more than nine hours at his deposition.

## II.  ARGUMENT

Amtrak noticed this deposition. Plaintiff did not. If Amtrak had not noticed the deposition of Mr. O'Bryan, there would have been no deposition. Nonetheless, through no efforts of his own, Plaintiff was given the opportunity to question Mr. O'Bryan. Moreover, he did so at length, taking more than one and one-half hours longer than the direct examination by Amtrak. The deposition was concluded without objection by either party or any effort to suspend and continue the deposition.

Mr. O'Bryan is not a party to this matter. In fact he has not worked for Amtrak for more than two years. He has already been present for a deposition for some two hours in excess of the seven hours limitation required under Fed.R.Civ.P. 30(d)(2). There is no reason to inconvenience him further.

Furthermore, if the Court grants Plaintiff's Motion and he deposes Mr. O'Bryan for an additional four hours, it is highly likely that Amtrak will have additional questions for Mr. O'Bryan that arise out of the new inquiries from Plaintiff. This will result in further imposition upon Mr. O'Bryan and further expense for Amtrak.

Plaintiff makes two additional arguments on behalf of his Motion that bear brief responses. First, he suggests that Mr. O'Bryan's testimony was contradictory. Amtrak does not recall any contradictions in his testimony. Moreover, Plaintiff did not ask questions in which he raised the issue of contradictions.

Second, Plaintiff points to the length of his own deposition taken by Amtrak as if every deposition should be treated the same. Without rearguing Amtrak's motion to take an additional four hours of the deposition of Plaintiff, which was *granted by the Court on August 18, 2005*, there are important distinctions between the two depositions. The deposition of Plaintiff was of a

3

party. Mr. O'Bryan is not a party. The deposition of Plaintiff was noticed by Amtrak. The deposition of Mr. O'Bryan was not noticed by Plaintiff. In fact Plaintiff has made no effort and shown no interest in deposing anyone in this case, except for Marianne Letterio who he eventually chose not to depose. Plaintiff's deposition was delayed repeatedly due to non-responsive and evasive answers of Plaintiff to which Amtrak's counsel frequently objected on the record. In contrast, Plaintiff objected seldom, if ever, to Mr. O'Bryan's answers at his deposition for any reason, let alone because he was being non-responsive or evasive.

Finally, the continued deposition of Mr. O'Bryan must be scheduled at a time convenient to the parties and Mr. O'Bryan. This will undoubtedly lead to further delays in the schedule, especially since Amtrak's counsel will be out of the country on business between September 27th and 29th, and preparing for and attending a trial at the Massachusetts Commission Against Discrimination from October 3rd through October 11th.

As a result, with discovery complete and the parties preparing for dispositive motions scheduled to be filed on October 17th, and in light of the fact that this is not a deposition noticed by Plaintiff, Mr. O'Bryan and Amtrak should not be required to undergo the additional time, inconvenience, and expense attendant to a continued deposition.

WHEREFORE, Amtrak moves this Court to deny Plaintiff's Motion.

Respectfully submitted,
**DEFENDANT,
NATIONAL RAILROAD PASSENGER
CORPORATION,**
By Its Attorneys,

DATED:   September 14, 2005

s/Stephen E. Hughes
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

### Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on September 14, 2005 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

s/Stephen E. Hughes
Stephen E. Hughes

5