## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JOSEPH T. CARMACK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 03 12488 PBS** |
| | ) | |
| **NATIONAL RAILROAD PASSENGER** | ) | |
| **CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### AFFIDAVIT OF COUNSEL FOR
### DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
### IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION TO EXTEND TIME LIMIT ON DEPOSITION

I, Stephen Hughes, state under oath that I have personal knowledge of the matters addressed below and that said statements are true to my best knowledge.

1. I am outside counsel of record for Amtrak in this matter.

2. On August 10, 11, and 12, 2005, and on September 7, 2005 I took the deposition of Plaintiff for a total of less than 13 hours.

3. Contrary to Plaintiff's claims in paragraph no. 4 of his Opposition, Plaintiff's responses to my questions at his deposition frequently consisted of unsolicited monologues, and lengthy non-responsive and evasive answers. I objected to his responses and tactics on numerous occasions on the record during the deposition.

4. I never "impeded, disrupted and obstructed this Pro Se Plaintiff's attempts to cross-examine himself without assistance of counsel," as claimed by Plaintiff in paragraph no. 5

on page 2 of his Opposition. To the contrary, Plaintiff did not attempt to cross examine himself until 4:40 p.m. on September 7, 2005. I made very few objections during this time frame and Plaintiff's self-examination proceeded with little or no interruption until he voluntarily concluded at approximately 5:50 p.m.

5.    I did not disrupt Plaintiff's testimony as he claims in Paragraph 6. Rather, most, if not all, of the limited interruptions I made of Plaintiff's testimony consisted of my observation that he was not answering the question that I had asked.

6.    Paragraph 7 is a blatant misrepresentation of the facts wherein Plaintiff "denies that he took any notes at all during his deposition...." The court reporter, Joann Denning, and I observed him take notes in a bound note book during his deposition, particularly during the afternoon of August 12th and the final day of his deposition on September 7th. In fact I commented on his note taking on at least two occasions during the deposition on August 12th as corroborated by the transcript at pages 293-294 and 297, lines 17-19. In neither instance, did Plaintiff dispute on or off the record that he was taking notes.

7.    Plaintiff also significantly distorts the facts in Paragraph 9 when he states that "Defendant gave no indication that they intended to extend the deposition beyond the August 12 deadline until after examinations ended." More than an hour before the deposition was suspended on the afternoon of August 12th I stated my expectation that the deposition would not be completed that day and would be continued into the near future. See Amtrak's 2nd Exhibit at page 294, line 8 (deposition concludes on page 356). In addition, after we stopped for the day at 4:00 p.m. due to his fatigue, Plaintiff and I discussed at some length the logistics and appropriateness of continuing his deposition.

8.    Plaintiff misleadingly suggests in Paragraph No. 2 on page 3 of Plaintiff's Opposition that

Amtrak, on the fourth and final day of Plaintiff's deposition, went 1 and ¾ hours beyond

the four hour limit imposed by the court.  To the contrary, I concluded his deposition at

approximately 4:30 p.m., rather than at 4:00 p.m., *with his specific approval* on the

record, due to his explanations about his voluminous list of 48 potential witnesses.  Soon

thereafter, Plaintiff asked himself questions for more than an hour, ending at 5:50 p.m.


Signed this date, September 14, 2005, under the penalties of perjury.


_____
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA

8.    Plaintiff misleadingly suggests in Paragraph No. 2 on page 3 of Plaintiff's Opposition that

Amtrak, on the fourth and final day of Plaintiff's deposition, went 1 and ¾ hours beyond

the four hour limit imposed by the court.  To the contrary, I concluded his deposition at

approximately 4:30 p.m., rather than at 4:00 p.m., *with his specific approval* on the

record, due to his explanations about his voluminous list of 48 potential witnesses.  Soon

thereafter, Plaintiff asked himself questions for more than an hour, ending at 5:50 p.m.


Signed this date, September 16, 2005, under the penalties of perjury.

Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA

3