UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION )<br>)<br>Defendant. )<br>) | Civil Action No. 03 12488 PBS |

### DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME LIMIT ON DEPOSITION

Defendant, National Railroad Passenger Corporation ("Amtrak"), herewith replies to Plaintiff's Opposition to Amtrak's Motion to Exceed Seven Hour Time Limit for Deposition of Plaintiff. Amtrak states that this matter has already been resolved by this Court via the Order issued by the Honorable Patti B. Saris on August 18, 2005 granting Amtrak's request to take four additional hours of deposition from Plaintiff. Moreover, Amtrak took the continued deposition of Plaintiff on September 7, 2005 and it is now complete. Hence, Plaintiff's Opposition is moot and frivolous. To the extent the Court interprets Plaintiff's Motion as argument in support of his separately filed Motion to Compel Defendant to Grant Plaintiff Cross-Examination of Witness Michael J. O'Bryan, Amtrak refers the Court to Amtrak's Opposition to Plaintiff's Motion.[1]

In the event the Court should decide to consider Plaintiff's Motion despite these

---

[1] Amtrak filed its Opposition to Plaintiff's Motion to Compel Defendant to Grant Cross-Examination of Witness Michael J. O'Bryan on the same date as this Reply.

circumstances, Amtrak feels compelled to briefly respond to, and dispel, some of the misleading statements set forth by Plaintiff in his Opposition as follows and as corroborated by the attached affidavit of Amtrak's counsel:

In paragraph no. 3 on page 2 of his Opposition, Plaintiff suggests that his deposition should have been facilitated by the "detail and clarity of [his] Complaint." To the contrary, even a cursory review of his Second Amended Complaint, which he admits is 62 pages long with 402 paragraphs of allegations, and eight Counts and six sub-Counts, quickly illustrates that it is a rambling, redundant, and occasionally incoherent document with little or no appropriate legal support for most, if not all, of his alleged legal claims.

Contrary to Plaintiff's claims in paragraph no. 4 of his Opposition, a review of the transcript of all four days of his deposition reveals numerous instances of unsolicited monologues, and lengthy non-responsive and evasive answers to Amtrak's questions.

Amtrak vigorously denies Plaintiff's baseless assertion in paragraph No. 5 that Amtrak's counsel "impeded, disrupted and obstructed this Pro Se Plaintiff's attempts to cross-examine himself without assistance of counsel." On September 7, 2005, Plaintiff began to cross examine himself at 4:40 p.m. and concluded at approximately 5:50 p.m. Few objections were made by Amtrak's counsel and Plaintiff's curious self-examination proceeded with little or no interruption. Amtrak does not yet have a copy of the transcript of this deposition, but would be pleased to present it to the Court for its review upon receipt of same, if the Court so desires.

Paragraph 6 also distorts Amtrak's deposition in which the only interruptions of Plaintiff's testimony were occasionally made to point out that he was not answering the question that had been asked.

Paragraph 7 is a blatant misrepresentation of the facts wherein Plaintiff "denies that he

2

took any notes at all during his deposition...." Attached hereto as Amtrak's 2nd Exhibit are excerpts from his deposition of August 12th in which the issue of his note taking is raised twice, on pages 293-294 and 297, lines 17-19. In neither instance, does Plaintiff dispute on the record that he has been or will be taking notes.

Paragraph 9 is also a significant distortion of the facts when he states that "Defendant gave no indication that they intended to extend the deposition beyond the August 12 deadline until after examinations ended." As shown in Amtrak's 2nd Exhibit on page 294, line 8, Amtrak's counsel stated such well before the end of the deposition which concludes on page 356.

Furthermore, in Paragraph No. 2 on page 3 of Plaintiff's Opposition, he suggests that Amtrak, on the fourth and final day of Plaintiff's deposition, went 1 and ¾ hours beyond the four hour limit imposed by the court, albeit with his acquiescence. To the contrary, Amtrak concluded its deposition at approximately 4:30 due to his explanations about his voluminous list of potential witnesses. Soon thereafter, Plaintiff asked himself questions for more than an hour, ending at 5:50 p.m.

WHEREFORE, Amtrak moves this Court to disregard Plaintiff's Opposition.

Respectfully submitted,
**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER CORPORATION,**
By Its Attorneys,

DATED:   September 16, 2005

s/Stephen E. Hughes
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

3

## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on September 16, 2005 served a true copy of the foregoing document by first class mail, postage prepaid, to:

Plaintiff (Pro Se):
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

s/Stephen E. Hughes
Stephen E. Hughes
