EXCERPTS FROM THE DEPOSITION OF
PLAINTIFF JOSEPH CARMACK TAKEN ON 8/12/05

(781) 585-6741 FEDERAL COURT REPORTERS (978) 535-8333

293

1    I imagine I can address those issues in

2    some kind of affidavit in response to some

3    dispositive motion if I need to, but I just

4    want to outline given the amount of time we

5    have left that we might consider how I'm going

6    to do that or if we think that I should. Do

7    you want to go off the record to talk about

8    that a minute?

9       MR. HUGHES: Sure.

10      (There was a discussion off the record,

11   2:17 p.m.)

12      (Back on record, 2:21 p.m.)

13      MR. HUGHES: Mr. Carmack and I have just

14   had a discussion off the record where he's

15   raised the interesting question of whether he

16   would have an opportunity to ask himself

17   questions which would ordinarily be the case

18   after my examination was done if he had an

19    attorney.

20        Since he is representing himself, I have

21    agreed that that would be fair to do. As a

22    result, we will proceed with my examination,

23    and as we do so if he needs to jot down notes

24    and take time so that he can be preparing for

(781) 585-6741 FEDERAL COURT REPORTERS (978) 535-8333

294

1    his own questioning of himself to take place

2    subsequently then clearly we will allow him to

3    do so.

4        But I also want to indicate on the record

5    that this deposition is going very, very

6    slowly, has been to date and appears now it

7    will go even more slowly because of

8    Mr. Carmack's need to take notes. So it is my

9    expectation that this deposition will not

10    complete today whether or not I finish my

11    questioning today. But we will reconvene at

12    another time when Mr. Carmack and I are

13    mutually available and when he is prepared to

14  ask himself his own questions after which I may

15  have some recross questions for him.

16      Do you have anything to add, Mr. Carmack?

17      MR. CARMACK: Yes. I have the objection

18  in the sense that today is the time given to us

19  by Court order to complete this deposition.

20  I've already been through a day and a half of

21  deposition. This is forcing me to go beyond

22  the Court order, and it's forcing me to take

23  responsibility for going beyond the Court order

24  rather than us agreeing on complying with the

(781) 585-6741 FEDERAL COURT REPORTERS (978) 535-8333

295

1   Court order in a way that's mutually

2   satisfactory and allows me the opportunity for

3   recross which I believe -- a fair opportunity

4   for recross -- which I believe I have the right

5   to.

6       MR. HUGHES: I just offered you an

7   opportunity to do recross on a subsequent date.

8   If we get to it today, if I'm done with my

9    questioning, you can begin as soon as I'm done.

10        MR. CARMACK: I had told you that I

11    complained that it forces us to go outside the

12    parameters of the Court order unless we stay,

13    you know, depending on how long we stay.

14        You have just said to me that you did not

15    think we'd be able to, with the process that we

16    outlined, that we'd be able to finish today,

17    and you didn't seem to agree to organize things

18    in a way to where we could get finished today.

19        MR. HUGHES: How could we organize things

20    to the point where they get finished today when

21    you're telling me you have a whole bunch of

22    questions to ask on top of the questions that

23    I'm going be asking?

24        MR. CARMACK: I didn't say a whole bunch

(781) 585-6741 FEDERAL COURT REPORTERS (978) 535-8333

296

1    of questions. I said I should have the

2    opportunity to recross. There are things I'd

3    like to add, but I may forgo them, but what at

4    least I would like the opportunity to do is to

5    just recross.

6        MR. HUGHES: Mr. Carmack, I've already

7    told you I've agreed to that. The only issue

8    you have is whether the Court might say no.

9    I'm putting on the record that as counsel for

10   Amtrak I will not stand in the way of your

11   asking yourself questions in a continuation of

12   this deposition to take place next week or at

13   some mutually convenient time.

14       MR. CARMACK: My opposition and the

15   reasons for it are noted. I think that we

16   should comply with the Court order in a way

17   that's fair.

18       MR. HUGHES: I'm going to continue asking

19   you questions. Are you going to stay and

20   answer them?

21       MR. CARMACK: I am.

22       MR. HUGHES: Good. Let's go on then.

23   CONTINUED EXAMINATION BY MR. HUGHES

24 Q.  Did Dr. Vasile tell you in the June 27th

(781) 585-6741 FEDERAL COURT REPORTERS (978) 535-8333

297

```
1    meeting that his examination of you could not
2    occur without your willing cooperation?
3  A. No.
4  Q. Did you tell Dr. Vasile that you were willing
5    to cooperate and undergo his examination?
6  A. I did not use those words.
7  Q. Did you use similar words, Mr. Carmack,
8    expressing a similar concept?
9  A. Yes.
10     MR. HUGHES: Let me put on the record
11   again two objections I have of Mr. Carmack's
12   ongoing conduct in this deposition.
13     No. 1, he is being extremely evasive in
14   his answers, so it's taking much, much longer
15   for me to get the answers that my client is
16   allowed to obtain.
17     And, No. 2, Mr. Carmack is now writing
18   down almost every question that is being asked
19   which is also taking up quite a bit of time.
20 Q. Back to the questioning. Mr. Carmack, did
```

21    Dr. Vasile tell you that the purpose of the

22    examination was to determine whether you should

23    be medically disqualified from your work at

24    Amtrak?

Case 1:03-cv-12488-PBS    Document 88-3    Filed 09/16/2005    Page 7 of 7