UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack ) | Civil Action No. 03-12488-PBS |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | |
| v. ) | |
| ) | |
| The National Railroad Passenger ) | |
| Corporation ) | |
| ) | |
| Defendant ) | |
| _____) | |

**PLAINTIFF JOSEPH T. CARMACK'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY FROM DEFENDANT PURSUANT TO FED.R.CIV.P.37 AND REQUEST FOR IN CAMERA REVIEW OF ALLEGED PRIVILEGED COMMUNICATIONS**

Plaintiff Joseph T. Carmack ("Plaintiff") hereby moves this Honorable Court for an order pursuant to Fed.R.Civ.P.37 compelling the Defendant National Railroad Passenger Corporation ("Defendant" or "Amtrak") to provide full and proper responses to certain interrogatories and requests for documents propounded by Plaintiff. Plaintiff seeks complete responses to interrogatories 1, 2, 4, 5, 9, 10, 17 through 20, 21 and 24. Without full and forthcoming answers and responses, Plaintiff will be unable to properly prepare response to dispositive motions or prepare for trial.

**I. ARGUMENT**

As grounds for this motion, Plaintiff states that he must be provided with complete and responsive answers to discovery requests in order to gain proper knowledge of all the issues and facts prior to trial. Plaintiff also states that Defendant's responses are incomplete end evasive.

**A. Defendant's Answers to Interrogatories propounded by Plaintiff**

1

Plaintiff propounded Interrogatories upon Defendant on June 15, 2005. Defendant responded to Interrogatories at hearing before this honorable court on August 31, 2005. *Exhibit A.*

1. **Answer No. 1:**

Interrogatory No. 1 requests specific medical information that formed the basis of disqualification of Plaintiff. Defendant's answer is vague, nonspecific and contradicts medical disqualification by denying any diagnosis was perceived. However, Defendant states that the Medical Director, Dr. Timothy Pinsky, had "questions...about Plaintiff's emotional stability" after reviewing a union document written by Plaintiff entitled "Letters from Hell". No explanation of presumed mental instability is given. In fact, Defendant denies that there was any medical diagnosis perceived. Defendant claims: "The mental and emotional health of Mr. DeModena", Plaintiff's supervisor, "was harmed to some extent by the 'Letters from Hell'". No explanation of how Mr. DeModena would be medically or emotionally harmed by the written word. Defendant makes the blanket (and oblique) statement that Defendant "temporarily removed" Plaintiff as a "possible threat" in order to prevent harm which would result from "any condition of Plaintiff" or "his conduct". This answer sidesteps the medical basis of the disqualification and even denies it. The Plaintiff requires a specific description of the potential harm to others that is asserted in Answer No. 1. The question specifically requests detailed medical information and symptoms. The answer makes an oblique Direct Threat defense. Plaintiff has a right to a clear medical accounting for such a defense. The answer fails to respond completely to part f. of question 1 which asks if other Amtrak officials are permitted the authority to medically disqualify employees.

2. **Answer No. 2:**

Answer No. 2 is also evasive and oblique regarding the nature of the threat that is perceived by the Defendant. Plaintiff requires an explanation of vague blanket

2

statements. The response is to parts d and g of the question which asks for descriptions of the threat perceived and Defendants response. Defendant asserts that Plaintiff "identifies himself as the devil" but does not explain the presumption that references to the devil and Lucifer are intended to identify the Plaintiff. Defendant claims that Plaintiff was disappointed in "the change he perceived had taken place in his relationship with Mr. DeModena". No explanation is given for this statement. It seems entirely based on the Defendant's interpretation of Shakespeare. Defendant states that Plaintiff "appears to be frustrated with how he is being treated by Amtrak colleagues". No explanation is given.

The response to part d also includes the irrelevant claim "as Road Foreman or Division Road Foreman, Mr. DeModena had conferred with Plaintiff about inappropriate conduct as an engineer and employee of Amtrak". What conference took place? What was the inappropriate conduct? How was it inappropriate? Plaintiff requires answers to these questions.

The response to part g is also incomplete. Part g asks for an explanation of Defendant's response to the perceived threat. This part of the response again obliquely claims mental instability and psychiatric condition. Defendant states that Plaintiff was medically disqualified and ordered to undergo a psychiatric exam. No explanation of a medical basis or psychiatric condition is given.

### 3. Answer No. 4:

Question No. 4 asks for information about other cases of workplace violence that are similarly situated. Amtrak provides no explanation of the cases of how they are similarly situated or any of the facts related to a workplace violence charge. The response only describes the action taken by the Defendant.

If Defendant can't provide names or means to contact these witnesses, then defendant should at least ask them for permission to allow Plaintiff to contact them

3

or provide discreet means by which they may have the opportunity to contact the Plaintiff.

**4. Answer No. 5:**

Amtrak claims they do not know who placed the Letters from Hell document on Mr. DeModena's desk. Who has access to that office? Amtrak should ask their employees (particularly supervisors or officers with keys to the office) if they placed the document on the desk in Mr. DeModena's office. They can do some investigating.

**5. Answer No. 10:**

Defendant has not stated the type of medicine that Dr. Pinsky is licensed to practice.

**6. Answer No. 17:**

Defendant needs to explain what was the "provocative conduct" of the Plaintiff.

**7. Answer No. 18:**

What are the statements that Defendant states were true?

**8. Answer No. 19:**

Defendant has refused to give Plaintiff a medical assessment of mental instability. Why was Plaintiff given "directives...to undergo the fitness for duty exam"?

**9. Answer No. 20:**

There are several job regulations and union rules related to this case. The question asks for an explanation of their application to this case in explanation of Amtrak's defenses. None of the regulations (Workplace violence, Fitness for Duty, Rule 25 medical examinations, Rule 21 Discipline, etc.) are referenced in the response.

**10. Answer No. 21:**

Answer 21, explaining accommodation to religious beliefs, evades the religious element of "Letters from Hell".

11. **Answer No. 24:**

In explaining application of "unclean hands" doctrine, Defendant claims Plaintiff made "efforts to obtain information about Mr. DeModena's personal background". No description or explanation of such alleged efforts is given.

B. **Requests for Production of Documents**

Plaintiffs requests Nos. 1 and 7 are included as Exhibit B.

**Request No. 1 Attorney-client privilege does not apply.**

Defendant claims privilege for some of these documents. Some of those privileges were waived in internal union investigation. In addition, the attorney client privilege does not apply to other documents and communications with Defendant Law Department related to medical disqualification because the communications anticipate an intention to fraudulently claim a medical condition on medical authority and otherwise violate medical practice statutes of the Commonwealth of Pennsylvania. Defendant was not in a position to represent Dr. Pinsky as a medical practitioner.

Plaintiff requests an in camera review of communications regarding Plaintiff made to Defendant's law department during the year 2001 AND 2002.

**Request No. 7**

At motion hearing on August 31, 2005, Defendant stated that neither Defendant nor Mr. DeModena had access to documents created by Mr. DeModena related to a Wallace Stevens poem entitled "The Emperor of Ice Cream". Defendant has refused to provide Plaintiff with an explanation why they no longer have access to that document.

II. **PRIVILEGE LOG INADEQUATE**

Defendant's privilege log does not detail circumstances regarding communications to Defendant Law Department. Plaintiff requires this information in order to ascertain whether or not the privilege applies. (EXHIBIT C)

5

## III. MEMORANDUM OF AUTHORITIES

Plaintiff hereby requests leave to submit memorandum of authorities on September 19, 2005. After 2 weeks attempting to contact Defendant counsel, Plaintiff was only able to confer on September 13 and 14 for one hour conference each day. Therefore Plaintiff was unable to complete memorandum, argument and copying of exhibits.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grand Plaintiff's Motion in its entirety and order the defendant to comply with discovery and provide full and proper answers to Interrogatory Nos. 1, 2, 4, 5, 9, 10, 17 through 20, 21 and 24 and provide full and proper response to Requests for Production of Documents 1 and 7, including greater explanation of their privilege log, and any other relief this Court may find equitable under the circumstances including and in camera review of communications to Defendant's Law Department during the year 2001.AND 2002.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**Certification:**
The provisions of LR 37.1
have been complied with.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

                                                      **Respectfully submitted,**

September 16, 2005

/s/ Joseph T. Carmack
Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave. PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext.7045
Pager w/voice mail: 617/798-6466
Home: 617/536-0772

6

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on August 31, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th Floor, Boston, MA 02109.

DATED: September 16, 2005

*[signature: Joseph T. Carmack]*

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466