Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOESPH T. CARMACK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION (AMTRAK) and )<br>EUGENE PARKS, )<br>)<br>Defendants. )<br>) | Case No. 03-12488 PBS |

**RESPONSES OF DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION TO PLAINTIFF, JOSEPH CARMACK'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant National Railroad Passenger Corporation ("Amtrak"), hereby responds as follows to Plaintiff Joseph Carmack's ("Plaintiff") First Request for Production of Documents:

**GENERAL OBJECTIONS**

The foregoing General Objections are incorporated by reference into each specific response set forth below:

1. Amtrak objects generally to Plaintiff's Request for Production of Documents to the extent that it attempts or purports to impose on Amtrak obligations other than or beyond those imposed or authorized by Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. Amtrak objects to Plaintiff's Request for Production of Documents to the extent it is not limited to documents in the possession, custody or control of Amtrak. Amtrak will only produce documents in its possession, custody or control.

3. Amtrak objects to Plaintiff's Request for Production of Documents, to the extent it seeks documents prepared in anticipation of litigation or otherwise protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege.

## SPECIFIC RESPONSES

Subject to the foregoing General Objections, and without waiving same, Amtrak hereby responds as follows to the respective-numbered Requests contained in Plaintiff' First Request for Production of Documents:

**REQUEST NO. 1:**

All documents concerning any correspondence, conversations, statements, reports and/or communications produced by Defendant or on behalf of Defendant by anyone regarding:

- (a) any alleged workplace violence incident of any type alleged to have been committed by Plaintiff;
- (b) any alleged threat of any type alleged to have been committed by Plaintiff;
- (c) any alleged mental condition of Plaintiff which any person may have documented for any reason;
- (d) any alleged behavioral characteristic of Plaintiff which any person may have documented for any reason;
- (e) any disparaging, derogatory or critical reference to Plaintiff which any person may have documented for any reason and in any context;
- (f) the sexuality of the Plaintiff; and
- (g) any personal matter regarding Plaintiff.

**RESPONSE NO. 1:**

Amtrak objects to this Request on grounds that it is vague and ambiguous as to what is meant by the phrases "communications produced by Defendant or on behalf of Defendant," and "any personal matter regarding Plaintiff." Amtrak further objects to sub-part (f) of this Request on grounds that it seeks documents that are not relevant to the issues in dispute in this matter and not reasonably calculated to lead to the discovery of admissible evidence because there is no sexual discrimination or harassment component to Plaintiff's Complaint. Amtrak also objects to this Request to the extent it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege or the work product doctrine. Without waiving these privileges, and to the extent the word "produced" in the phrase "communications produced by Defendant or on behalf of Defendant," means "prepared" or "created," Amtrak states that it will produce those non-privileged documents responsive to this Request in its possession, custody or control that have not already been produced in Amtrak's Initial Disclosures.

**REQUEST NO. 2:**

All documents concerning any correspondence, conversations, statements, reports

2

and/or communications regarding Amtrak Policies and Procedures including, but not limited to the Amtrak Policies and Procedures Manual, Polices and Procedure Manuals for the Amtrak Medical Department, Polices and Procedure Manuals for the Amtrak Labor Relations Department, Policies and Procedure Manuals for Amtrak Human Resources Department, the Polices and Procedure Manuals for the Amtrak Transportation Department and Policies and Procedure Manuals for Amtrak Commuter Rail.

**RESPONSE NO. 2:**

Amtrak objects to this Request on the grounds that it is overbroad and unduly burdensome and on grounds that it is vague and ambiguous as to what is meant by "policies and procedure manuals." Amtrak further objects to this Request on grounds that it seeks documents that are not relevant to the issues in dispute in this matter and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks such documents without limitation to time frame, geographic location, or subject matter. Amtrak also objects to this Request to the extent it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege or the work product doctrine. Without waiving these objections, Amtrak refers Plaintiff to Amtrak's Initial Disclosures and states that it will produce its manual for transportation employees and the pertinent portions of policies and procedures manuals, if any, for the Medical, Labor Relations, and Human Resources departments used in 2001.

**REQUEST NO. 3:**

All contracts and agreements between Amtrak and Health Resources, Inc.

**RESPONSE NO. 3:**

Amtrak objects to this Request on grounds that it seeks documents concerning private and confidential business practices of both organizations that are not relevant to the issues in dispute in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

All documents concerning correspondence, conversations, statements, reports and/or communications regarding all contracts and agreements between Amtrak and Dr. Russell Vasile.

**RESPONSE NO. 4:**

Amtrak objects to this Request on grounds that it seeks documents that are not relevant to the issues in dispute in this matter and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks communications regarding contracts and agreements between Amtrak and Dr. Vasile other than those concerning

3

Plaintiff. Without waiving this objection, Amtrak states that it has no written agreements with Dr. Vasile concerning Plaintiff but that it will produce any other communications that address an oral or proposed written agreement between it and Dr. Vasile pertaining to the psychiatric fitness for duty exam that Amtrak directed Plaintiff to undertake.

**REQUEST NO. 5:**

All documents concerning any correspondence, conversations, statements, reports and/or communications regarding Plaintiff in Amtrak Police files.

**RESPONSE NO. 5:**

Amtrak will produce all non-privileged documents concerning any correspondence, conversations, statements, reports and/or communications regarding Plaintiff in the files of the Amtrak Police Department.

**REQUEST NO. 6:**

All documents concerning correspondence, conversations, statements, reports and/or communications regarding Plaintiff in Gerard L. De Modena's diaries, personal files, appointment books, business files, classroom notebooks or any other such documents concerning correspondence, conversations, statements, reports and/or communications regarding Plaintiff produced by Gerard L. De Modena at any time for any reason.

**RESPONSE NO. 6:**

Amtrak objects to this Request to the extent it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege or the work product doctrine. Amtrak will produce all non-privileged documents in its possession, custody or control concerning correspondence, conversations, statements, reports and/or communications regarding Plaintiff in Gerard DeModena's diaries, personal files, appointment books, business files, classroom notebooks or any other such documents

**REQUEST NO. 7:**

All documents concerning correspondence, conversations, reports and/or communications, class projects and class reports produced by Gerald L. De Modena, including, but not limited to projects or assignments concerning the poem "The Emperor of Ice Cream" by Wallace Stevens.

**RESPONSE NO. 7:**

Amtrak objects to this Request on grounds that it seeks documents that are not relevant to the issues in dispute in this matter and not reasonably calculated to lead to the

4

discovery of admissible evidence. Amtrak further objects to this request on grounds that it seeks private and confidential information the disclosure of which may violate Mr. DeModena's privacy rights pursuant to M.G.L. c. 214 §1B or the common law.

**REQUEST NO. 8 :**

All documents concerning correspondence, conversations, reports and/or communications, regarding Gerard L. De Modena, including, but not limited to, all personnel files, discipline files, medical files, attendance records, absenteeism, payroll records and work history.

**RESPONSE NO. 8:**

Amtrak objects to this Request on grounds that it seeks documents that are not relevant to the issues in dispute in this matter and not reasonably calculated to lead to the discovery of admissible evidence. Amtrak further objects to this request on grounds that it seeks private and confidential information the disclosure of which may violate Mr. DeModena's privacy rights pursuant to M.G.L. c. 214 §1B or the common law. Amtrak also objects to this Request to the extent it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege or the work product doctrine.

**REQUEST NO. 9:**

All documents concerning correspondence, conversations, reports and/or communications produced by Amtrak concerning the position of Locomotive Engineer, including but not limited to, duties of Locomotive Engineer, job advertisements for Locomotive Engineer and job description of Locomotive Engineer.

**RESPONSE NO. 9:**

Amtrak objects to this Request on grounds that it is overly broad and unduly burdensome and seeks documents that are not relevant to the issues in this civil action and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks job advertisements and documents concerning the duties and job descriptions of locomotive engineers without time or geographic limitation. Without waiving this objection, Amtrak states that it will produce the job description for locomotive engineers in the New England region of Amtrak during the time frame when Plaintiff was employed as a locomotive engineer at Amtrak, and, as evidence of Amtrak's good faith, a list of job postings for locomotive engineers for the New England region for the period of time after Plaintiff's employment was terminated, i.e. from May 2002 to the present, even though such a list should be requested by interrogatory.

**REQUEST NO. 10 :**

All documents concerning correspondence, conversations, reports and/or

5

communications produced by Amtrak concerning the position of Train Dispatcher, including, but not limited to, duties of Train Dispatcher, job advertisements for Train Dispatcher and job description of Train Dispatcher.

**RESPONSE NO. 10 :**

Amtrak objects to this Request on grounds that it is overly broad and unduly burdensome and seeks documents that are not relevant to the issues in this civil action and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents concerning train dispatchers and to the extent it seeks such documents without time or geographic limitation. Without waiving this objection, Amtrak states that it will produce the job description for train dispatchers for the period of time after Plaintiff's employment was terminated, i.e. from May 2002 to the present and, as evidence of Amtrak's good faith, a list of job postings for train dispatchers for the New England region for the period of time after Plaintiff's employment was terminated, i.e. from May 2002 to the present, even though such a list should be requested by interrogatory..

                            DEFENDANT,
                            NATIONAL RAILROAD PASSENGER
                            CORPORATION ("AMTRAK")
                            By its attorneys,

Dated: April 14, 2005       _____
                            John A. Kiernan, BBO# 271020
                            Stephen E. Hughes, BBO# 629644
                            BONNER KIERNAN TREBACH & CROCIATA
                            One Liberty Square - 6th Floor
                            Boston, MA 02109
                            (617) 426-3900

**CERTIFICATE OF SERVICE**

I, Stephen E. Hughes, hereby certify that I have, on April 14, 2005, served a copy of the foregoing document by delivering it by hand to Plaintiff Joseph T. Carmack.

                            _____
                            Stephen E. Hughes

6