# EXHIBIT 1

# BONNER KIERNAN TREBACH & CROCIATA, LLP

One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380
bktc@bktc.net
www.bktc.net

Connecticut
Maryland
Massachusetts
New Jersey
New York
Pennsylvania
Rhode Island
Virginia
Washington, DC

September 1, 2005

Mr. Joseph T. Carmack
398 Columbus Avenue
PMB 130
Boston, MA 02116-6008

RE: *CARMACK v. NATIONAL RAILROAD PASSENGER CORP.*
U.S. District Court for the District of Massachusetts Case No. 03-12488PBS

Dear Mr. Carmack:

In response to the comments of Magistrate Judge Dein at yesterday's hearing, I have provided the following statement on behalf of Amtrak regarding categories of documents that have been withheld because they were prepared in anticipation of litigation, or because they are protected from disclosure by the attorney-client privilege and/or the work product doctrine:

1. All internal communications within the Amtrak Law Department concerning any and all matters related to you [attorney-client privilege; work product];
2. All communications between Amtrak's Law Department and its outside counsel concerning any and all matters related to you [attorney-client privilege];
3. All communications between Amtrak's Law Department and other Amtrak departments, including but not necessarily limited to the Medical Department, Labor Relations, Human Resources, and Commuter Rail Transportation, concerning your medical disqualification, disciplinary action taken against you due to your failure to undergo a fitness for duty examination, and your internal (e.g. EEO complaint) and external claims (Massachusetts Commission Against Discrimination and U.S. District Court for the District of Massachusetts) against Amtrak relating to these matters [attorney-client privilege];
4. All notes by Delvine Okereke and all communications of Ms. Okereke with any Amtrak employees associated with her investigation of your internal and external claims against Amtrak [documents prepared in anticipation of litigation; work product];
5. All communications between Amtrak's outside counsel and current Amtrak personnel concerning any and all matters related to you [attorney-client privilege];

6. All communications between Amtrak's outside counsel and former Amtrak personnel who have agreed to be represented by Amtrak's outside counsel on this matter and which arose out of or concerned in any way your claims against Amtrak [attorney-client privilege];
7. All notes of Amtrak's counsel concerning you or this matter [work product].

Thank you for your attention to this matter.

Sincerely,

Stephen E. Hughes