UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 03 12488 PBS<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF COUNSEL FOR DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION IN SUPPORT OF ITS MOTION TO EXTEND TIME FOR THE FILING OF DISPOSITIVE MOTIONS**

I, Stephen E. Hughes, state under oath that I have personal knowledge of the matters addressed below and that said statements are true to my best knowledge.

1. I am an attorney with the law firm of Bonner Kiernan Trebach & Crociata, LLP which represents the defendant, National Railroad Passenger Corporation ("Amtrak"), in this matter.

2. I have been closely involved in Amtrak's defense in this matter, including discovery matters, and will be preparing Amtrak's motion for summary judgment.

3. In mid-August, 2005, as Amtrak's outside counsel, I understood that the following discovery matters had yet to be resolved, but were to be argued before the Court on August 31, 2005:

   - Conclusion of Plaintiff's deposition;
   - Rulings on Plaintiff's motions to compel certain documents from MBCR and Amtrak; and

- Ruling on Amtrak's motion to compel Plaintiff's union correspondence.

4. At the hearing Plaintiff's motion to compel documents was essentially resolved and Amtrak complied with the court's order the following day by my sending Plaintiff a copy of the "red book" index and a letter delineating the general nature of the documents withheld from production on privilege grounds.

5. However, at the hearing, Plaintiff presented an opposition to Amtrak's motion to compel his union correspondence with new arguments of which Amtrak was previously unaware. The court therefore graciously permitted Amtrak to reply to Plaintiff's Opposition.

6. At the hearing, Plaintiff also presented a motion to compel a detailed privilege log from Amtrak.

7. Surprisingly, Plaintiff stated that he objected to the Court's ruling of August 18, 2005 granting leave to Amtrak to take an additional four hours of Plaintiff's deposition testimony. In addition, he stated that he wanted to require Amtrak to recall Mr. O'Bryan so that his deposition could continue.

8. Finally, Plaintiff noted that he had just received lengthy answers from Amtrak to his interrogatories and he might have objections.

9. On September 7, 2005, I concluded Plaintiff's deposition on behalf of Amtrak. Also, on September 9, 2005, I filed Amtrak's reply on the union correspondence issue.

10. On September 9, 2005, Amtrak received Plaintiff's new pleadings seeking to overturn the Court's granting of four extra hours for his deposition, and to require Amtrak to recall Mr. O'Bryan for further deposition testimony.

11. I spent much of the following week responding to these new motions, and filed Amtrak's Oppositions on September 16, 2005.

12. On September 14 and 15, 2005, Plaintiff and I had two lengthy telephone conferences about the alleged inadequacy of Amtrak's answers to his interrogatories.

13. During the following week, I evaluated Plaintiff's concerns and supplemented a number of Amtrak's answers to his interrogatories, sending these to him on September 23, 2005.

14. On September 19, 2005 and September 21, 2005, I received a motion and supporting memorandum, respectively, from Plaintiff seeking to compel Amtrak to provide further answers to interrogatories, produce additional documents in response to Plaintiff's written discovery requests, and produce the privileged communications between its Law Department and other Amtrak departments.

15. I have spent substantial time since receiving Plaintiff's latest motion in preparation of Amtrak's 29 page opposition, and filed said document on September 27, 2005.

16. Also on September 27, 2005, I filed the motion to which this affidavit is attached and a motion seeking authorization to exceed the 20 page limit set by LR 7.1.

17. From Wednesday, September 28th, to Friday, September 30th, I will be in Mexico City taking the deposition of a Mexican national in a matter docketed with Providence Superior Court.

18. From Wednesday, October 5th through Tuesday October 11th, I will be defending another client in a trial at the Massachusetts Commission Against Discrimination.

19. Amtrak's motion for summary judgment will address all 8 Counts and 6 sub-Counts of Plaintiff's 62 page Second Amended Complaint which contains 402 paragraphs. This will be a very large undertaking.

20. In light of the unexpected intensive motion activity since the hearing held before this Court on August 31st, I lack sufficient time to adequately prepare Amtrak's motion for

summary judgment in this matter by the currently scheduled date of October 17, 2005. Since I have been the primary attorney representing Amtrak in this matter, no one else can prepare the dispositive pleading.

21. An extension of three more weeks should be sufficient time to prepare an adequate motion with supporting documents on behalf of Amtrak.

Signed this date, September 27, 2005, under the penalties of perjury.

Stephen E. Hughes