UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 DEC 23 P 4: 52
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Joseph T. Carmack ) | Civil Action No. 03-12488-PBS |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | |
| v. ) | |
| ) | |
| The National Railroad Passenger ) | |
| Corporation ) | |
| ) | |
| Defendant ) | |

### PLAINTIFF JOSEPH T. CARMACK'S OPPOSITION TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND COUNTER MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF

Defendant National Railroad Passenger Corporation ("Defendant" or "Amtrak") has denied all allegations set forth in Plaintiff Joseph T. Carmack's ("Plaintiff") Second Amended Complaint associated with the medical disqualification and termination of employment of Plaintiff by the Defendant. Defendant has denied that Plaintiff has produced competent evidence in support of Plaintiff's Second Amended Complaint and Defendant has moved this Honorable Court for summary judgment and dismissal of Plaintiff's Second Amended Complaint on all counts. Plaintiff hereby opposes Defendant's motion by asserting that there are substantial and genuine issues of material fact in dispute. Plaintiff further asserts that there is sufficient evidence in the summary judgment record to allow a reasonable trier of fact to find in Plaintiff's favor. Therefore, Plaintiff opposes Defendant's summary judgment motion and hereby counter moves for judgment for the Plaintiff pursuant to *Fed.R.Civ.P. 56*.

1

Specifically, Amtrak has falsely accused Plaintiff of violent behavior as a pretext to circumvent Plaintiff's union grievances. Defendant has falsely labeled Plaintiff's ideas, beliefs and writings in independent union discussion as wanton violent rantings and cravings and indices of a severe psychiatric disorder that justify Defendant's medical disqualification of Plaintiff. Once Plaintiff was disqualified, Defendant ordered a dangerous medical intervention that would effectively disable the Plaintiff. When the Plaintiff asked for special accommodation to protect against harmful medical intervention, Defendant retaliated against Plaintiff and terminated Plaintiff from his position as Locomotive Engineer. Defendant's contractual justification for their behavior is sufficiently insubstantial to raise contractual issue to the level of a "major dispute" as defined by *the Railway Labor Act ("the Act" or "RLA"). 45 U.S.C. s. 151 et. seq.* In contract with the Commonwealth of Massachusetts agency, Massachusetts Bay Transportation Authority, Defendant has acted under color of *Massachusetts General Laws chapter 161A section 1, et seq.* to deny Plaintiff's rights to free speech, press, religion and assembly, *U.S. Constitution Amendment 1*; right against unreasonable search and seizure, *U.S. Constitution Amendment 4*; right to due process, *U.S. Constitution Amendment 5* and *6*; right to public access and freedom of association, *U.S. Constitution Amendment 14*; right to participate in and bargain collectively through the organization representative of his choice, *45 U.S.C. s. 151 et. seq.* Defendant has violated *the Massachusetts Civil Rights Act*. Where Defendant has portrayed Plaintiff's ideas and beliefs as symptoms of mental illness as pretext for a medical disqualification, Defendant has libeled Plaintiff and discriminated against Plaintiff in his employment and violated Plaintiff's privacy on the basis of religion and disability in violation of *the Massachusetts Privacy Act, the Civil Rights Act of 1964, the Americans with Disabilities Act* and *M.G.L. c. 151B*. Defendant has acted under color of state law to violate Plaintiff's rights protected by Constitution and laws of the United States. *42 U.S.C. s. 1983.*

2

Defendant has wantanly sabotaged Plaintiff's Medical Treatment and inflicted emotional distress on Plaintiff for which injury Defendant is liable pursuant to the *Federal Employers Liability Act*. Defendant has retaliated against Defendant for encouraging compliance with Federal Safety Regulations and terminated Plaintiff in violation of public policy. Defendant is liable pursuant to *the Railway Safet Act*.

There are numerous substantive and genuine disputed issues of material fact, the balance of which allow a reasonable trier of fact to decide for the Plaintiff. Therefore, summary judgment must be granted for the Plaintiff on all counts.

In support of this motion, Plaintiff hereby submits memorandum in support of opposition to summary judgment and counter motion for summary judgment in favor of the Plaintiff. Statement of disputed material facts and exhibits for summary judgment record are hereby filed with this motion.

## REQUEST FOR ORAL ARGUMENT

Wherefore, Plaintiff requests that this opposition and countermotion for summary judgment be granted on all counts.

**Respectfully submitted,**

December 23, 2005

Joseph T. Carmack, Plaintiff Pro Se
398 Columbus Ave. PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Page w/Voice Mail 617/798-6466

3

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on December 23, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th Floor, Boston, MA 02109.

DATED: December 23, 2005

*Joseph T. Carmack* (signature)

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466