\\UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH T. CARMACK )<br><br>Plaintiff, )<br><br>v. )<br><br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION )<br><br>Defendant. ) | Civil Action No. 03 12488 PBS |

### DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.1(B)(3), Defendant National Railroad Passenger Corporation. ("Amtrak") moves for leave to file a Reply to *Plaintiff Joseph Carmack's Opposition to Amtrak's Motion for Summary Judgment and Counter Motion for Summary Judgment for Plaintiff.*

As grounds there for, Amtrak states that there are three fundamental reasons why a Reply is necessary: (1) *Plaintiff's Statement of Material Facts* contains numerous errors and misstatements many of which are unsupported by competent evidence; (2) *Plaintiff's Memorandum in Opposition* contains new factual and legal theories not previously made by Plaintiff; and (3) Plaintiff's pleadings purport to serve as a Cross Motion for Summary Judgment to which Amtrak is entitled to file an opposition. The following provides a more detailed explanation of the grounds which warrant allowing Amtrak to file a Reply.

I.  **AMTRAK MUST HAVE AN OPPORTUNITY TO REFUTE THE ALLEGATIONS IN PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

*Plaintiff's Statement of Material Facts in Support of Opposition to Defendant's Motion for Summary Judgment* is replete with factual errors and unsupported allegations. Plaintiff, although not explicitly saying so, appears to suggest that these are "material facts" which are genuinely disputed, and must therefore prevent a ruling for summary judgment. Amtrak wholeheartedly disagrees and seeks the opportunity to refute these allegations. It would not be in the interests of justice to prevent a party from being able to do so. If Amtrak is not permitted to respond to the allegations in said document, then the Court would itself have to undertake a comprehensive review of each and every allegation, compare them to Amtrak's Statement of Material Facts, and check all the pertinent documents in the record of exhibits from both parties, in order to make an informed decision. Needless to say, that would be a daunting and extraordinarily time-consuming task. Amtrak's proposed Reply would simplify this task immensely by showing where there are disputes and by addressing them with specificity.

Additionally, although Plaintiff's Statement of Material Facts does not state that it supports Plaintiff's cross motion for summary judgment, the Court may consider referring to it to help with its decision on the cross motion. To the extent the Court uses Plaintiff's Statement of Material Facts in this manner, Amtrak has a right, pursuant to LR 56.1, to present its own statement of material facts of record as to which it contends there is a genuine issue to be tried. Moreover, for the reasons mentioned in the paragraph immediately above, the process of reviewing Plaintiff's allegations will be greatly facilitated by permitting Amtrak to respond to those statements to which it objects.

In summary, from the standpoints of both equity and the efficient use of judicial resources, Amtrak should be permitted to demonstrate why Plaintiff's allegations in said

pleading are inaccurate, misleading, or unsupported by competent evidence such that they cannot serve to defeat Amtrak's Motion for Summary Judgment, and cannot be used to support Plaintiff's Cross Motion for Summary Judgment.

**II.     AMTRAK MUST HAVE THE OPPORTUNITY TO REPLY TO *PLAINTIFF'S MEMORANDUM IN OPPOSITION* BECAUSE IT CONTAINS NEW FACTUAL AND LEGAL THEORIES NOT PREVIOUSLY MADE BY PLAINTIFF**

Plaintiff's Memorandum in Opposition includes factual allegations and legal theories that were not previously raised. In addition Plaintiff has attempted to add new causes of action long after the opportunity for doing so has expired. Consequently, Amtrak should be given the chance to defend itself against these new arguments.

The following allegations exemplify the numerous misstatements of fact and new factual allegations that appear in the "Overview of Facts" in Plaintiff's Memorandum. For instance, Plaintiff has tried to describe as facts unsupported allegations that have never been made before: on page 4, Plaintiff alleges that the night supervisor put the copy of "Letters from Hell" on Mr. DeModena's desk, and that Mr. O'Malley saw the "Letters from Hell" several days earlier. Both of these statements are simply false and have no basis in evidence as will be shown by Amtrak's Reply, if this Motion is granted by the Court. Other pronouncements cite to certain exhibits which oddly provide no support for the allegation, e.g., the last sentence of the first complete paragraph on page 7 concerning Mr. O'Malley's alleged warnings to Plaintiff. Likewise, on pages 9 and 10, Plaintiff presents new allegations that are not mentioned in his Second Amended Complaint when he complains about delays in the final decision on his appeal to the Public Law Board and his being prevented in 2003 by MBCR, not Amtrak, from handing out leaflets on MBTA station property.

In his arguments regarding his defamation claim, Plaintiff claims that he was defamed

when some of Amtrak's managers contacted the Amtrak police when they heard he was asking about how to gain access to their offices. This was never raised in his Second Amended Complaint or in his answers to Amtrak's interrogatories.

In Plaintiff's writings concerning his claim that his rights were violated under the Americans with Disabilities Act, he is now setting forth the remarkable argument that he was not disabled in May 2001 when he was medically disqualified, but that, rather mysteriously, he was disabled 1.5 months later in June 2001 when he visited Dr. Vasile to undergo a psychiatric fitness for duty exam. This outlandish and self-serving theory was never presented before and must be addressed by Amtrak.

In the latter part of the Memorandum, Plaintiff makes several new legal claims: (1) on page 43 Plaintiff claims for the first time that his rights under the Fourth Amendment were violated; (2) on page 55, Plaintiff makes a new claim of disparate treatment concerning the publication of violent or threatening writings; (3) on page 48 he makes a new claim under the Railway Safety Act; and (4) on pages 54 and 55, Plaintiff endeavors to make a claim under the First Amendment. Amtrak should be allowed to explain why these legal claims should not even be considered by the Court. Furthermore, to the extent that the Court considers any of these claims, despite their late presentation, Amtrak must have an opportunity to rebut them.

Significantly, on the issue of federal preemption, Plaintiff presents the argument that he was never permitted to bring most of his claims to be arbitrated under the Railway Labor Act. Likewise, on page 51 Plaintiff tries to make the unusual argument that his visit to Dr. Vasile in June 1997 falls within the FELA requirement that the only emotional distress claims that can be brought consist of immediate fear for one's physical safety. Amtrak must be allowed to respond to these novel factual and legal arguments.

Finally, Plaintiff makes a variety of erroneous and misleading factual and legal arguments in opposition to those set forth by Amtrak in its Motion for Summary Judgment. Amtrak should be allowed to respond and correct these misstatements of fact and law.

### III. PLAINTIFF'S PLEADINGS PURPORT TO ALSO SERVE AS A CROSS MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF TO WHICH AMTRAK IS ENTITLED TO FILE AN OPPOSITION

The title of Plaintiff's Memorandum in Opposition and several subtitles of sections of his brief indicate that Plaintiff sees the document as also serving as a cross motion for summary judgment. Nonetheless, Plaintiff makes no specific arguments in support of a cross motion, and does not indicate whether he is seeking summary judgment on certain counts, e.g. disability discrimination, violation of privacy rights, unfair labor practices, etc. Furthermore, he never tries to show that there are no genuine issues of disputed material facts on the counts where he does mention he is seeking summary judgment, e.g. defamation. There should be no doubt that, pursuant to LR 7.1(B)(2), Amtrak has the right to oppose any and all portions of Plaintiff's Memorandum which can be construed as part of, or supporting, his cross motion for summary judgment. In light of the fact that Plaintiff's cross motion for summary judgment (described as "counter motion" in his pleadings) consists of only a small portion of his much larger opposition to Amtrak's motion for summary judgment and is inextricably subsumed therein, it seems best that Amtrak's Opposition to Plaintiff's Cross Motion be addressed within Amtrak's Reply to Plaintiff's Opposition to Amtrak's Motion for Summary Judgment.

### IV. PROPOSED REPLY

Amtrak proposes that its reply consist of the following two documents:

(1)     A paragraph by paragraph refutation of Plaintiff's Statement of Material Facts, with cites to existing and possibly additional exhibits (affidavits); and

5

(2)    A memorandum that serves predominantly as a Reply to Plaintiff's Opposition, but which also opposes Plaintiff's Cross Motion for Summary Judgment.

Amtrak further proposes that it be permitted to file the above-mentioned documents and any new exhibits *three weeks after* the date of Court approval, if any, of this Motion. This request for enlargement of time for a response is justified due to the complexity and length of Plaintiff's Opposition Memorandum (55 pages) and Plaintiff's Statement of Material Facts (25 pages), and because Amtrak may need to obtain additional affidavits to show that certain of Plaintiff's allegations consist merely of self-serving conjecture that is refuted by competent evidence.

*******************************************

**Certification:**
Counsel for Amtrak and Plaintiff conferred on January 24, 2005
in a good faith effort to achieve agreement over the merits of this
Motion. Plaintiff has not agreed not to oppose the Motion. The
provisions of LR 7.1 have been complied with.

*******************************************

WHEREFORE, Amtrak moves this honorable Court to permit Amtrak to file a Reply to Plaintiff's Opposition to Amtrak's Motion for Summary Judgment.

Respectfully Submitted
**DEFENDANT,**
National Railroad Passenger Corporation,
By its attorneys,

DATED:    January 26, 2006

s/Stephen E. Hughes
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

## Certificate of Service

    I, Stephen E. Hughes, hereby certify that I have, on January 26, 2006, served a true copy of the foregoing document by first class mail, postage prepaid, to Plaintiff Joseph Carmack at 398 Columbus Ave., PMB 130, Boston, MA 02116-6008.

                                                 s/Stephen E. Hughes  
                                                 Stephen E. Hughes