

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack ) | Civil Action No. 03-12488-PBS |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | |
| v. ) | |
| ) | |
| The National Railroad Passenger ) | |
| Corporation ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF JOSEPH T. CARMACK'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DECLARATION

Defendant National Railroad Passenger Corporation ("Defendant" or "Amtrak") has filed a motion with this Honorable Court to strike Plaintiff Joseph T. Carmack's ("Plaintiff") Declaration (Exhibit P). Plaintiff's Declaration was filed in conjunction with Plaintiff's opposition and cross motion for summary judgment as part of the summary judgment record with this Honorable Court, pursuant to Federal Rules of Civil Procedure 56 (c). Plaintiff states that his declaration is an affidavit which was filed prior to hearing set for oral arguments on the motions in accordance with Rule. Plaintiff protests that Defendant has filed their motion in application of a double standard that it expects this Honorable Court to apply against the Plaintiff wherein Defendant has filed deposition transcripts and corrections to their statement of material facts in the last week and days.

### FACTS OF MOTION

1.   On or about December 10, 2005, Plaintiff held conference with Defendant concerning a need to file a motion for continuance on opposition to Defendant's Motion for Summary judgment until Plaintiff could afford to purchase extensive and numerous

1

transcripts to depositions held in anticipation of motions for summary judgment and trial.

2. Defendant vehemently protested Plaintiff's intention to file for continuance which would have delayed action on motions for many months or perhaps a year owing to Plaintiff's severely limited resources.

3. Plaintiff relented to Defendant's objections, but protested that Defendant was unfairly attempting to intimidate Plaintiff with the power imbalance and Plaintiff's lack of resources in discovery and pretrial procedure which has severely impacted on Plaintiff's health. *Exhibit 1*.

4. Plaintiff filed Memorandum and supporting documents with this Honorable Court on January 17, 2006 in support of Opposition and Counter Motion for Summary Judgment which was filed with this Honorable Court on December 23, 2005.

5. Plaintiff withheld declaration which was incomplete opting for additional time pursuant to Fed.R.Civ.Proc. 56 (c).

6. Plaintiff held conference with Defendant on or about January 25, 2006 to discuss Exhibit 27 (which had apparently been misplaced and inadvertently omitted from the numerous exhibits) and Exhibit P (Plaintiff's Declaration).

7. Plaintiff agreed to supply Defendant with Exhibit 27 forthwith and submitted that Exhibit P was incomplete. Plaintiff offered to submit regular drafts of Exhibit P to Defendant as Plaintiff had done with Plaintiff's Memorandum prior to January 17. Plaintiff stated to Defendant that Plaintiff would have to pace himself in order to protect his health. *Exhibit 2*.

8. Defendant's representative stated that he would leave it up to Plaintiff whether or not Plaintiff would submit regular drafts. *Exhibit 3*.

9. On February 13, 2006, Plaintiff received statement corrections and deposition exhibits at the last minute pursuant to Rule 56 from Defendant. *Exhibit 4*.

10.     On February 17, 2006, motions, extensions and amendments were closed by this Honorable Court with the exception that Plaintiff was permitted to submit this opposition to Defendant's Motion to Strike.

12.     Plaintiff must work two jobs and up to 60 hours per week merely to sustain himself while preparing for this case as his own representative with no assistance whatsoever (see application to proceed Pro Pauperis). Plaintiff's sole resources consist of his own personal stamina and the Boston Public Library during evening hours that the library is open and the Plaintiff is not scheduled to work.

13.     By contrast, Defendant is a major corporation with unlimited resources, including a federally subsidized budget, a fully staffed legal department, federal libraries and resources in New York, Washington D.C. and Boston and an independent law firm and legal counsel in Boston with numerous staff and assistants.. (See Confidentiality Order). *Exhibit 5.*

## ACCEPTABLE LEGAL STANDARD

Federal Rule of Civil Procedure Rule 56 (c) governing Summary Judgment states in pertinent part: "The adverse party prior to the day of hearing may serve opposing affidavits". Federal Rule of Civil Procedure Rule 56 (f) states in pertinent part: "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just".

## ARGUMENT

Plaintiff has submitted documents in accordance with Rule. By contrast Defendant has maneuvered to file last minute documents to prejudice this Honorable Court against the Plaintiff and preclude Plaintiff's opportunity to protest or file for continuance and submit deposition exhibits and replies in order to defend Plaintiff's case. Defendant has misreporesented this Honorable Court's order dated January 3, 2006. Said order does not state that Plaintiff's affidavit was due on 1/17/2006. Plaintitff filed

Memorandum and Statement of Material Facts as required . *Exhibit 6.* Defendant intentionally filed their motion to strike and deposition transcripts out of context to obfuscate facts and deflect this Honorable Court's attention from incriminating evidence submitted by the parties and highlighted in Plaintiff's Memorandum and Statement of facts.

By relenting on any motions for continuance, Plaintiff has made great sacrifice of fairness in this case and submitted to the power imbalance in the interest of expedition and judicial economy. Plaintiff has agreed to rely on the weight of evidence as presented and prayed that this Honorable Court rule in his favor. Defendant's motion is a frivolous one designed to further sabotage Plaintiff's health while they sabotage Plaintiff's case. Defendant's motion serves only to harass, intimidate and sabotage Plaintiff's health and personal resources in anticipation of potential judgment, appeals and trial.

Wherefore Plaintiff prays that this Honorable Court deny Defendant's motion to strike and allow Plaintiff's declaration to stand in accordance with Rule 56.

March 1, 2006

**Respectfully submitted,**

_____
Joseph T. Carmack, Plaintiff Pro Se
398 Columbus Ave. PMB 130
Boston, MA  02116-6008
Work:  617/727-2310 ext. 7045
Home:  617/536-0772
Page w/Voice Mail 617/798-6466

**Certificate of Service**

I, Joseph T. Carmack, hereby certify that I have on March 1, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th Floor, Boston, MA  02109.

DATED: March 1, 2006

_____
Joseph T. Carmack

4

        Plaintiff, Pro Se
        398 Columbus Ave, PMB 130
        Boston, MA 02116-6008
        Work: 617/727-2310 ext. 7045
        Home: 617/536-0772
        Pager w/voice mail: 617/798-6466

I, Joseph T. Carmack, hereby certify that I have on March 1, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113

I, Joseph T. Carmack, hereby certify that I have on March 1, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

DATED: March 1, 2006        */s/ Joseph T. Carmack*
                                      Joseph T. Carmack
                                      Plaintiff, Pro Se
                                      398 Columbus Ave, PMB 130
                                      Boston, MA 02116-6008