UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH T. CARMACK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03 12488 PBS |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
REPLY TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATIONS
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Defendant, National Railroad Passenger Corporation ("Amtrak"), submits this Reply to Plaintiff's Memorandum in Support of His Objections to Report and Recommendations on Cross Motions for Summary Judgment, and herewith moves this Court to deny Plaintiff's efforts to have the Court reject the Magistrate Judge's thorough and well-considered recommendation that summary judgment be granted to Amtrak on all Counts in Plaintiff's Second Amended Complaint (henceforth the "Complaint").

As grounds there for, the record shows that Plaintiff has neither raised new arguments nor uncovered any genuine issues of disputed material fact that would warrant rejecting the Magistrate Judge's recommendations with respect to Count III (disability discrimination and retaliation). As a result, this Court should affirm the Magistrate Judge's Report and Recommendations (henceforth "Report") and grant summary judgment to Amtrak with respect to Count III.

Furthermore, Plaintiff's arguments only address Count III of his Complaint. Consequently, he has set forth no basis for rejecting the Magistrate Judge's recommendations on any and all of the other seven Counts, and numerous sub-Counts of his Complaint. Summary judgment should therefore be granted on said Counts and sub-Counts. Furthermore, said Counts and sub-Counts should not be subject to appeal to the First Circuit Court of Appeals or any other judicial entity.

Due to the extensive briefing which has already taken place on Plaintiff's claims of disability discrimination and retaliation issues, and in order to avoid unnecessary redundancy, this Reply will be succinct and address only the most germane issues which may need emphasis. See Amtrak's Memorandum in Support of Its Motion for Summary Judgment at 34-47; Amtrak's Statement of Material Facts; Amtrak's Reply to Plaintiff's Opposition to Amtrak's Motion for Summary Judgment at 11-15; Defendant's Objections to Plaintiff's Statement of Material Facts; and the Magistrate Judge's Report and Recommendation on Cross-Motions for Summary Judgment at 41-51.

I. **PLAINTIFF'S MEMORANDUM OFFERS NO NEW LEGAL THEORIES AND IDENTIFIES NO GENUINE ISSUES OF MATERIAL FACTS CONCERNING COUNT III OF HIS COMPLAINT TO WARRANT OVERRULING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

A. **Plaintiff's Recitation of Alleged Facts Has No Basis in Competent Evidence**

Plaintiff continues to recite his opinions about the facts in page 2 through 9 of his Memorandum. These opinions were previously presented in numerous documents and text in the pleadings in this civil action. Their reappearance again suggests that Plaintiff believes that the cumulative effect of his repeated arguments will somehow reveal genuine issues of material disputed fact when there are none, as this Court has already found.

2

On pages 2 and 3 of his Memorandum, Plaintiff again argues that, despite having drafted the "Letters from Hell" from the perspective of the devil, he did not intend anyone to believe he was equating himself with the devil. While that is a highly dubious proposition, he continues to fail to disprove the uncontroverted evidence that Mr. DeModena and the members of Amtrak's Threat Assessment Response Team, including Dr. Pinsky, believed that Plaintiff was equating himself with the devil, thereby reasonably viewing his writings as possibly constituting a threat. Plaintiff also misrepresents as facts his groundless opinion that Mr. DePhillips instructed the TART to concoct a scheme to discharge Plaintiff.

In the remaining pages of the alleged "fact" portion of his Memorandum, Plaintiff merely expresses his opinion of events which are not buttressed by competent evidence in the record and thereby cannot refute the substance of the affidavits and other documents upon which the Court relied in granting Amtrak's motion for summary judgment. Plaintiff's arguments merely reflect his distorted view of events. However, they do not undermine the simple truths revealed in the record that his "Letters from Hell" were perceived by Mr. DeModena and Amtrak management and its medical director as potentially threatening, and that Amtrak perceived Plaintiff's failure to undergo his return to duty psychiatric examination during a four month period between May and September 2001, despite numerous warnings from Amtrak to comply, as insubordinate conduct.

**B.     Plaintiff's Arguments that He Was Disabled Are Legally Erroneous**

On pages 10-13 of his brief, Plaintiff attempts to reargue his allegation that he had various health impairments from 1985 through 2001 that prove he was disabled under the ADA. Oddly, he relies heavily upon accounts of his illness in 1985, sixteen years before the relevant time period in this case. Yet he points to no evidence overlooked by the Court and offers no legal theories that contradict the Magistrate Judge's conclusions on this point. See Report at 44-

47. Therein, the Magistrate Judge correctly observes that the record shows that Plaintiff's impairments do not qualify as a disability under the ADA because they are not permanent and not sufficiently severe to substantially limit his ability to work or perform other major life activities. In particular, the Court notes that Plaintiff and his doctor have repeatedly *admitted* that he was fully able to work his job as a locomotive engineer at relevant time frames.

Plaintiff also erroneously argues that the Magistrate Judge should have recognized he was disabled when she noted that he was ordered to undergo a psychiatric examination as the result of a perceived threat. Plaintiff argues that Amtrak perceived a threat because it believed him to be psychiatrically disabled. Again Plaintiff ignores, and offers nothing to refute, the Magistrate Judge's observations that the facts and the law do not indicate that Amtrak considered him disabled because it ordered his psychiatric evaluation. Report at 48-49. In fact, if Plaintiff's misunderstanding of this legal doctrine were correct, no employer would be able to take precautionary action to protect its employees or customers from harm without exposing itself to liability for disability discrimination. Such a doctrine would be a public policy nightmare and have catastrophic ramifications for the safety of workers and the public.

### C.   Plaintiff's Argument Concerning His Claim of Retaliation Is Unavailing

Plaintiff argues that Amtrak retaliated against him due to his alleged request for special accommodation from Amtrak concerning his psychiatric fitness for duty exam. There are several compelling reasons why this argument is unavailing to Plaintiff.

First, and foremost, Plaintiff failed to argue in his memorandum in opposition to Amtrak's motion for summary judgment brief that he was terminated in retaliation for requesting special accommodation. As noted by the Court, this failure constitutes a waiver of this argument. Report at 51, n.18. Raising the matter for the first time in a reply or other such brief subsequent

to the original opposition, as Plaintiff has done here, results in the same outcome.  See Cambridge Mutual Ins. Co. v. Patriot Mutual Ins. Co., 323 F.Supp. 2d 95, 106 (D.Me. 2004); In re The One Bancorp Securities Litigation, 134 F.R.D. 4, 10 n.5 (D.Me. 1991); Glenwood Farms, Inc. v. Ivey, 2005 WL 2716497 at *13 n.29 (D.Me.).  Otherwise, the court would be required to scrutinize every complaint for all potential arguments that had not been raised in the party's briefing.  Furthermore, if the court found such arguments, it would then be compelled to evaluate them on its own without the benefit of seeing the evidence uncovered by discovery, and without the benefit of reviewing the opposing parties' perspectives on the subject – key elements of the adversary system of law practiced in this jurisdiction.  Additionally, the court would be undertaking such an impractical and daunting task without knowing if the plaintiff had intentionally abandoned the claim(s) for unknown and perhaps compelling reasons.  Any requirement for the courts to follow such an arduous process would run directly counter to the goal of achieving any sort of judicial economy.  Consequently, Plaintiff is prevented from presenting this argument in his objections to the Magistrate's Report.

Second, in order to prove retaliation, Plaintiff must prove that he engaged in protected activity.  Plaintiff claims this activity was his request for reasonable accommodation.  However, as the Magistrate Judge noted, "a reasonable accommodation is something that 'enables a qualified individual with a disability to perform the essential functions of [his] position.'" Report at 51 n.18, *citing* Ward v. Mass. Health Research Institute, Inc., 209 F.3d 29, 36 (1st Cir. 2000).  Hence, there is a prerequisite that such a claimant be disabled pursuant to the ADA.  Since the Court has correctly concluded that Plaintiff was not disabled, he cannot claim he was seeking accommodation for a disability that, as a matter of law, he does not have.

From a public policy standpoint, allowing someone to bring such a retaliation claim

5

would have devastating results. In that event, anyone who was required to take a fitness for duty test, whether disabled or not, could establish a number of specious conditions for proceeding. If the employer refused to comply, then the employer could be subject to a retaliation claim. In such circumstances, the company would frequently have no recourse but to forego ordering physical and mental examinations of employees whose condition might present a hazard to themselves, fellow employees, customers, or the general public.

**II.     CONCLUSION**

WHEREFORE, Amtrak moves this Court to issue an Order affirming the Magistrate Judge's Report and Recommendation on Cross-Motions for Summary Judgment, denying the objections raised by Plaintiff, and forbidding the appeal of Counts I, II, IV, V, VI, VII, and VIII to the First Circuit Court of Appeals or any other judicial entity.

Respectfully submitted,
**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER CORPORATION,**
By Its Attorneys,

DATED:     March 19, 2007          /s/ Stephen E. Hughes
John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on March 19, 2007 served a true copy of the foregoing document by first class mail, postage prepaid, to:

<u>Plaintiff (Pro Se):</u>
Joseph T. Carmack
398 Columbus Ave., PMB 130
Boston, MA 02116-6008

s/Stephen E. Hughes
Stephen E. Hughes